Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Geoffrey T. Holtz, Bar No. 191370
geoffrey.holtz@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:   (415) 442-1001

Ian Simmons, pro hac vice
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700

*Attorneys for Defendants*
*Google LLC, Google Ireland Ltd., Google*
*Commerce Ltd., Google Asia Pacific Pte. Ltd., and*
*Google Payment Corp.*

John C. Hueston, Bar No. 164921
jhueston@hueston.com
Douglas J. Dixon, Bar No. 275389
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

Joseph A. Reiter, Bar No. 294976
jreiter@hueston.com
Michael K. Acquah, Bar No. 313955
macquah@hueston.com
William M. Larsen, Bar No. 314091
wlarsen@hueston.com
Julia L. Haines, Bar No. 321607
jhaines@hueston.com
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

*Attorneys for Plaintiffs*
*Match Group, LLC; Humor Rainbow, Inc.;*
*PlentyofFish Media ULC; and People*
*Media, Inc.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:22-cv-02746-JD

STIPULATION AND [PROPOSED] ORDER ON MATCH'S
MOTION FOR TEMPORARY RESTRAINING ORDER

1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

SAN FRANCISCO DIVISION

9

| | |
|---|---|
| MATCH GROUP, LLC, a Delaware corporation; HUMOR RAINBOW, INC., a New York corporation; PLENTYOFFISH MEDIA ULC, a Canadian corporation; and PEOPLE MEDIA, INC., a Delaware corporation, | Case No. 3:22-cv-02746-JD |

10

11

12

13                                  *Plaintiffs*,

14                        v.

15

GOOGLE LLC; GOOGLE IRELAND
LIMITED; GOOGLE COMMERCE
LIMITED; GOOGLE ASIA PACIFIC PTE.
LIMITED; and GOOGLE PAYMENT CORP.,

16

17

18                                  *Defendants*.

**STIPULATION AND [PROPOSED]
ORDER ON MATCH'S MOTION FOR
TEMPORARY RESTRAINING
ORDER**

 Judge:  Hon. James Donato

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Plaintiffs Match Group, LLC; Humor Rainbow, Inc.; Plentyoffish Media ULC; and People

2    Media, Inc. ("Match") and Defendants Google LLC; Google Ireland Limited; Google Commerce

3    Limited; Google Asia Pacific Pte. Ltd.; and Google Payment Corp. ("Google," and together with

4    Match, the "Stipulating Parties"), through their respective attorneys of record and without waiving

5    any arguments, rights, claims, or defenses except as expressly provided below, hereby stipulate to

6    the following:

7        On May 9, 2022, Match filed a Complaint against Google (ECF No. 1), and on May 10,

8    2022, Match filed a Motion For Temporary Restraining Order (ECF No. 12).

9        Consistent with the Court's guidance at the May 12, 2022, status conference, the Stipulating

10   Parties have met and conferred on the issues presented by the Motion For Temporary Restraining

11   Order (ECF No. 19).

12       NOW, THEREFORE, in order to avoid proceeding with the Motion For Temporary

13   Restraining Order, the Stipulating Parties agree as follows (the "Agreement"):

14       1.      Google agrees that, so long as this Agreement remains in effect and effective

15   immediately, it will not remove, de-list, refuse to list, or otherwise make unavailable Match apps

16   that were available in Google Play as of May 9, 2022 (*see* Exhibit A),[1] including, but not limited

17   to, rejecting, unreasonably delaying, or refusing to distribute updates of such apps, from the Google

18   Play Store on the basis that (i) the Match apps or updates offer in-app purchases of digital good or

19   services through means other than Google Play's billing system or (ii) Match is not paying fees to

20   Google on in-app purchases made through means other than Google Play's billing system. For the

21   avoidance of doubt, Google reserves the right to enforce all other provisions of the Google Play

22   Developer Distribution Agreement (DDA) and Google Play Developer Program Policies, and

23   Match reserves all rights and defenses against such provisions and enforcement of the same.

24       2.      Match shall:

25           a)      pay into a mutually acceptable escrow account up to forty million US dollars

26               ($40,000,000.00) according to a funding schedule and agreement to be

27

---

28   [1] If Match seeks to modify Exhibit A, it shall provide reasonable notice to Google, and the Stipulating Parties agree to meet and confer in good faith to address the request.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. 3:22-cv-02746-JD
STIPULATION AND [PROPOSED] ORDER ON MATCH'S
MOTION FOR TEMPORARY RESTRAINING ORDER

1     negotiated between Match and Google over the next 14 days;

2     b)     beginning July 1, 2022, and on a monthly basis thereafter until this
3 Agreement is terminated, provide Google with a monthly accounting of all
4 in-app digital goods and services[2] purchased in the prior month using
5 Match's alternative billing system on Match apps installed through Google
6 Play sufficient to permit Google to verify the fees Google claims it would
7 have charged on transactions through Google Play's billing system in a
8 format to be mutually agreed to by the Stipulating Parties for purchases
9 starting April 1, 2022; and

10     c)     maintain Google Play's billing system as an option on all Match apps on
11 which it was available as of May 9, 2022, subject to the same service fees
12 applicable as of that date unless Google reduces those fees.

13     3.     Match agrees to work in good faith on further enabling Google's Play's billing
14 system as an option for users of its apps so long as Google agrees to work in good faith to continue
15 to develop additional billing system features that are important to Match.

16     4.     Match reserves and does not waive any claims or requests for relief asserted in its
17 Complaint, including, but not limited to, its entitlement to the funds it places in escrow (as referred
18 to in 2(a) above) or any defenses it may have to any claims or remedies Google could or may assert,
19 including, but not limited to, those contemplated in Paragraph 5.

20     5.     Google reserves and does not waive any defenses, rights or claims for relief in
21 response to the Complaint. Google also reserves and does not waive any of the terms of the DDA
22 or any rights under or related to that agreement. Google expressly reserves the right to pursue any
23 claims and remedies available under law or equity, including, but not limited to, for breaches of the
24 DDA and to establish its entitlement to damages including, but not limited to, funds placed by
25 Match in escrow (as referenced in 2(a) above).

---

[2] As asserted in its Complaint (ECF No. 1), Match disputes that its in-app purchases are "digital goods and services" as defined in the DDA. Notwithstanding and without waiving that argument, Match agrees that the accounting required under 2(b) will reflect purchases consistent with Google's interpretation of that phrase.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3     Case No. 3:22-cv-02746-JD
STIPULATION AND [PROPOSED] ORDER ON MATCH'S
MOTION FOR TEMPORARY RESTRAINING ORDER

6.     If, in any final judgment, Google's recovery on its claims or remedies, if any, exceeds Match's recovery on its claims or remedies, if any, and such difference is equal to or greater than the amount placed in escrow by Match, then Match shall consent to the release of the funds in escrow to Google and, if applicable, pay Google the difference between the funds in escrow and the amount awarded to Google in the final judgment pursuant to the Federal Rules of Civil Procedure and any Court orders related thereto.  If, in any final judgment, Google's recovery on its claims or remedies, if any, exceeds Match's recovery on its claims or remedies, if any, and such difference is less than the amount placed in escrow, then Match shall consent to release to Google the amount awarded to Google in the final judgment pursuant to the Federal Rules of Civil Procedure and any Court orders related thereto, and the remaining funds in the escrow account shall be returned to Match. If, in any final judgment, Match prevails and Google has no recovery on its claims or remedies or Google's recovery on its claims or remedies, if any, is less than Match's recovery on its claims or remedies, then Google shall consent to the release of all funds in the escrow account to Match.

7.     This Agreement terminates on the earlier of:

a)     The date of a final judgment or other disposition of this action (Case No. 3:22-cv-02746) at the trial court level.

b)     Sixty days after Google or Match notifies the other party that it is terminating this Agreement.

8.     Pursuant to this stipulation, the Stipulating Parties agree that the Motion for Temporary Restraining Order shall be deemed provisionally denied as moot without prejudice in light of the Agreement set forth herein.  Match reserves and does not waive the right to pursue the relief sought in the Motion for Temporary Restraining Order in the event the Agreement is breached by Google or terminated for any reason, and Google reserves any defenses thereto.

9.     The Stipulating Parties reserve all other claims, rights and defenses.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                                    Case No. 3:22-cv-02746-JD
STIPULATION AND [PROPOSED] ORDER ON MATCH'S
MOTION FOR TEMPORARY RESTRAINING ORDER

1     Dated:  May 19, 2022           MORGAN, LEWIS & BOCKIUS LLP
2                                 Brian C. Rocca
                                Sujal J. Shah
3                                 Michelle Park Chiu
                                Minna L. Naranjo
4                                 Rishi P. Satia

5

6                                 Respectfully submitted,

7                                 By:  */s/ Brian Rocca*
                                      Brian C. Rocca
8

9                                 *Counsel for Defendants Google LLC et al.*

10    Dated:  May 19, 2022           HUESTON HENNIGAN LLP
11                                 John C. Hueston
                                Douglas J. Dixon
12                                 Joseph A. Reiter
                                Michael K. Acquah
13                                 William M. Larsen
14                                 Julia L. Haines

15                                 Respectfully submitted,

16

17                                 By:  */s/ Douglas J. Dixon*     .
18                                       Douglas J. Dixon

19                                 *Counsel for Plaintiffs Match Group, LLC;*
                                *Humor Rainbow, Inc.; PlentyofFish Media*
20                                 *ULC; and People Media, Inc.*

21 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
22

23

24   Dated:

                                      United States District Judge
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                       Case No. 3:22-cv-02746-JD
STIPULATION AND [PROPOSED] ORDER ON MATCH'S
MOTION FOR TEMPORARY RESTRAINING ORDER