Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

Jonathan I. Kravis, *pro hac vice*
Jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
Telephone: (202) 220-1130

*Attorneys for Defendants*

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000

DEFS' MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case Nos. 3:22-cv-02746-JD; 3:21-md-02981-JD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Match Group, LLC. et al. v. Google LLC et al.,*
Case No. 3:22-cv-02746-JD

Case No. 3:21-md-02981-JD

**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RELATING TO DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO MATCH GROUP'S COMPLAINT**

Judge James Donato

Pursuant to Civil Local Rules 7-11 and 79-5(c-f), Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Ltd., and Google Payment Corp. (collectively, "Google") respectfully submit this Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Google's Answer, Defenses, and Counterclaims to Match Group's ("Match") Complaint ("Motion to Seal"). The excerpts at issue in this Motion to Seal are sourced from documents that are designated as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to the Protective Order entered by the Court, ECF No. 248. A redacted version of Google's Answer, Defenses, and Counterclaims to Match's Complaint ("Answer and Counterclaims") has been filed in accordance with the Local Rules.

Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by another party. Under subsection (e), the "motion must identify each document or portions thereof for which sealing is sought" and "serve the motion on the Designating Party the same day the motion is filed." Pursuant to subsection (f)(1), the Designating Party has seven days to "file a statement and/or declaration" to establish

1
DEFS' MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case Nos. 3:22-cv-02746-JD; 3:21-md-02981-JD

1  why such designated material should be kept under seal pursuant to subsection (c)(1) of Civil
2  Local Rule 79-5.

3  Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a
4  party establishes that the documents are privileged, protectable as a trade secret, or otherwise
5  entitled to protection under the law. A "strong presumption" of access to judicial records applies
6  to dispositive pleadings, and a party seeking to seal those records must show "compelling
7  reasons." *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal.
8  2019) (citations omitted). Compelling reasons justifying the sealing of court records generally
9  exist "when such court files might have become a vehicle for improper purposes, such as the use
10 of records to gratify private spite, promote public scandal, circulate libelous statements, or release
11 trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)
12 (internal quotation marks omitted). However, "[t]he mere fact that the production of records may
13 lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
14 without more, compel the court to seal its records." Id.

15 Google identifies the following portions of its Answer and Counterclaims to the Match
16 Complaint as containing information designated as confidential by another party:

| **Portion Containing Designated Information** | **Designating Party** |
|---|---|
| Introduction to Answer | Match |
| Counterclaim ¶ 31 | Match |
| Counterclaim ¶ 33 | Match |
| Counterclaim ¶ 34 | Match |
| Counterclaim ¶ 38 | Match |

Google takes no position on whether the materials identified in this table are privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

1 | Respectfully submitted,

2

3 | Dated: July 11, 2022      By:    */s/ Brian Rocca*
                                                                          Brian C. Rocca

4

5 |                                 Brian C. Rocca, S.B #221576
                                brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001


                                                                   By:    */s/ Ian Simmons*
                                                                        Ian Simmons

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414


Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com

Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

By: */s/ Glenn Pomerantz*
     Glenn D. Pomerantz

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
Jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
Telephone: (202) 220-1130

*Attorneys for Defendants Google LLC, et al.*

MORGAN, LEWIS &
BOCKIUS LLP

4
DEFS' MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case Nos. 3:22-cv-02746-JD; 3:21-md-02981-JD

**ECF ATTESTATION**

I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: July 11, 2022                                By:   */s/ Brian Rocca*
                                                                    Brian C. Rocca