HUESTON HENNIGAN LLP
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:   (949) 229-8640

HUESTON HENNIGAN LLP
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Christine Woodin, State Bar No. 295023
cwoodin@hueston.com
Michael K. Acquah, State Bar No. 313955
macquah@hueston.com
William M. Larsen, State Bar No. 314091
wlarsen@hueston.com
Julia L. Haines, State Bar No. 321607
jhaines@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340

Attorneys for Plaintiffs Match Group, LLC;
Humor Rainbow, Inc.; PlentyofFish Media ULC;
and People Media, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Match Group, LLC, et al. v. Google LLC, et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**MATCH PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        September 8, 2022<br>Time:        10:00 a.m.<br>Judge:       Hon. James Donato<br>Courtroom:   11, 19th Floor, 450 Golden Gate Ave, San Francisco, CA 94104 |

MATCH PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

6230755

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Plaintiffs and Counterclaim-Defendants Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc. (collectively, Match Plaintiffs) by and through their counsel of record, respectfully request that this Court take judicial notice of each of the following documents attached as exhibits to the Declaration of William Larsen in Support of Match Plaintiffs' Motion to Dismiss.

1. An archived version of the Google Payments Policy dated July 29, 2016, and downloaded from the Internet Archive on July 27, 2022. A true and correct copy of that document is attached as **Exhibit 1** to the Larsen Declaration.

2. The Google Payments Policy as of July 27, 2022, downloaded from https://support.google.com/googleplay/android-developer/answer/9858738. A true and correct copy of that document is attached as **Exhibit 4** to the Larsen Declaration.

3. A Google website titled Understanding Google Play's Payments Policy, available online and downloaded August 1, 2022, from https://support.google.com/googleplay/android-developer/answer/10281818. A true and correct copy of that document is attached as **Exhibit 5** to the Larsen Declaration.

**I.   LEGAL STANDARD**

A court may take judicial notice of adjudicative facts that are not subject to reasonable dispute when those facts are (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b). If a party requests it, the Court "must take judicial notice" if it is "supplied with the necessary information." *Id*. 201(c)(2).

**II.   ARGUMENT**

Although the Court need not take judicial notice of the documents incorporated by reference into Google's counterclaims to consider them—*see, e.g.*, *United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003)—three of the exhibits incorporated in Google's counterclaims (including Google's Payments Policy, which is published online) also meet the test for judicial notice set forth in Rule 201.

In seeking judicial notice of Exhibits 1, 4, and 5, Match Plaintiffs seek judicial notice of adjudicative facts that are not subject to reasonable dispute. "Adjudicative facts" are "facts about the parties or the issues to which the law is applied," *Savage Logistics, LLC v. Savage Servs. Corp.*, No. CV-15-5015-EFS, 2015 WL 6141323, at *1 (E.D. Wash. Oct. 19, 2015) (citing Fed. R. Evid. 201(a), Adv. Comm. Note to 1972 amendment). Here, Match Plaintiffs seek only to introduce Exhibits 1, 4, and 5 to show that Google's publicly available written policy documents contained certain terms, and thus appropriately seeks judicial notice only for adjudicative facts not reasonably subject to dispute. *See, e.g.*, *In re Restoration Robotics, Inc. Sec. Litig.*, 417 F. Supp. 3d 1242, 1253 (N.D. Cal. 2019) ("publicly available documents" are "properly the subject of judicial notice" and are "routinely considered in deciding a motion to dismiss"; *see also Scott v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 743, 754 (2013) (appropriate under California law to take judicial notice of "legally operative" documents like contracts); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (documents that were "publicly available online" and "relied on" in party's complaint were proper subject of judicial notice). Indeed, Ninth Circuit district courts have taken judicial notice of "Google blog post[s]" similar to the Google Payments Policy posts referenced here. *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020).

Match Plaintiffs therefore request that the Court take judicial notice of the exhibits for the fact that the documents exist, that they say what they say, and that the accurately reflect the contents of Google's Payments Policy and relevant web pages at the relevant times.

Dated: August 1, 2022                             HUESTON HENNIGAN LLP

                                                  By: */s/ Douglas J. Dixon*
                                                      Douglas J. Dixon

                                                  *Attorneys for Plaintiffs Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media, ULC; and People Media, Inc.*