**JOSEPH A. REITER**

jreiter@hueston.com
D: 213 788 4356
T: 213 788 4340
F: 888 775 0898

523 W. Sixth Street
Suite 400
Los Angeles, CA 90014

# HUESTON HENNIGAN LLP

August 3, 2022

**VIA ECF**

Hon. Judge James Donato
United States District Judge

Re:   *In Re Google Play Store Antitrust Litigation* (N.D. Cal. No. 21-md-02981-JD); *Match Group, LLC v. Google LLC* (N.D. Cal. No. 22-cv-02746-JD)

Your Honor:

Plaintiffs and Counterclaim-Defendants Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc. (collectively, "Match Plaintiffs") are aware that Plaintiff States and Consumers have requested a one-month extension of the case schedule, including the trial date. Match Plaintiffs agree that the current schedule is not feasible and must be changed. But the proposal by Plaintiff States and Consumers—who have had at least 10 months longer to conduct discovery than Match Plaintiffs—does not provide the parties enough time to complete fact discovery, expert discovery, or other pretrial proceedings for the Match Plaintiffs' case. Match Plaintiffs filed their complaint less than three months ago and Google filed counterclaims against Match Plaintiffs less than a month ago. Indeed, Plaintiff States' and Consumer's request for additional time—even though they had more time to begin with—demonstrates why Match Plaintiffs need relief from the severely compressed schedule.

Accordingly, Match Plaintiffs respectfully request that *Match Group, LLC v. Google LLC*, 22-cv-02746-JD (the "Match Case") be moved to a separate track, as laid out in Exhibit A. In the alternative, Match Plaintiffs request a three-month extension of the MDL case schedule, as laid out in Exhibit B.

I.   Good Cause Exists for Modification of the Case Schedule

Although Match Plaintiffs have made every effort to comply with the current schedule, it has become clear that doing so is not possible and Match Plaintiffs will be severely prejudiced absent a modification. Match Plaintiffs filed their Complaint on May 9, 2022. On May 25, the Match Case was consolidated with the MDL, *see* Dkt. 245[1], and subjected to the pre-existing case schedule, including an August 8 cut-off for fact discovery and an August 15 deadline for opening expert reports, *see* Dkts. 191, 199 (setting MDL case schedule). As a result, the timeline for the Match Case was severely compressed from the outset, with approximately three months allotted for fact discovery and expert reports in a complex antitrust case. In addition, Google recently asserted five counterclaims against Match Plaintiffs on July 11 (for which there is a pending motion to dismiss).

---

[1] Unless otherwise noted, all references to the docket are to case number 21-md-02981-JD.

**HUESTON HENNIGAN LLP**

The Match Plaintiffs have made extraordinary efforts to comply with the current schedule, including expediting and limiting discovery. To begin with, Google served the Match Plaintiffs with 175 requests for production, and Match Plaintiffs responded within 19 days (rather than the 30 days permitted by the Federal Rules of Civil Procedure). Then, Match Plaintiffs accelerated their production of documents. Match Plaintiffs ran approximately 1800 search terms and engaged dozens of attorneys to review the resulting hits. Match Plaintiffs substantially completed their production of custodial documents and data on July 20, less than two months after commencing discovery. Match Plaintiffs also responded to Google's interrogatories on July 1. Google has since served additional requests for production, interrogatories, and requests for admission, to which Match Plaintiffs intend to respond by August 8.

Meanwhile, Match Plaintiffs have worked diligently to review and analyze the discovery produced by the other parties and dozens of third parties. Match Plaintiffs have also actively participated in the ongoing deposition discovery—participating in more than a dozen depositions noticed by other parties to date. Match Plaintiffs and Google have also been negotiating limits on the number of depositions (rather than the allowances permitted by the Federal Rules of Civil Procedure) to complete depositions on an expedited basis.

Despite these efforts, a huge volume of discovery remains and cannot reasonably be completed by the current deadlines. As an initial matter, Match Plaintiffs have not had sufficient time to review the existing record, which is enormous. Google itself has produced over three million documents and separately produced data encompassing billions of Play Store transactions. Other Plaintiffs and third parties have also collectively produced millions of documents. In addition, approximately 30 depositions occurred before Match Plaintiffs filed their Complaint. Match Plaintiffs have so far only been able to review a small fraction of this existing record.

Merely obtaining and processing the existing record has resulted in many unexpected delays. It took Google nearly four weeks to produce to Match Plaintiffs the documents Google had *already* produced to the other Plaintiffs. Then, because of the size of the production—over 21 million pages—it took more than two weeks for Match Plaintiffs' vendors just to load those documents to a review platform.

In addition, depositions have not yet begun on issues specific to Match Plaintiffs' claims or Google's counterclaims. There are likely to be more than 15 depositions specific to the Match Case—virtually none of which have been scheduled. Google and Match Plaintiffs also have not yet served Rule 30(b)(6) topics. And the other parties have been scheduling additional depositions after the current fact discovery cutoff.

For these reasons, expert discovery also cannot be completed by the current deadlines. Match Plaintiffs' experts do not have sufficient time to even review existing discovery—let alone prepare expert reports on the complex antitrust matters at issue here. And because much of the fact discovery has yet to be completed, Match Plaintiffs' experts are still missing key evidence and other information. That Plaintiff States' and Consumers' experts require additional time when they have had far more time than Match Plaintiffs' experts affirms the reasonableness of Match Plaintiffs' request.

Finally, Google filed five counterclaims against Match Plaintiffs just recently on July 11—less than a month before the close of fact discovery and only 35 days before opening expert reports are due. Match Plaintiffs cannot adequately prepare their defense in such a short amount of time. Indeed, the pleadings will not even close for the Match Case until *after* the cutoffs for fact discovery and opening expert reports. Match Plaintiffs' Motion to Dismiss Google's counterclaims is set for hearing on September 8 (the earliest

**HUESTON HENNIGAN LLP**

date Match Plaintiffs could notice). And if the Court grants Match Plaintiffs' motion but allows Google leave to amend, the pleadings may not close until even later when more pretrial deadlines have passed.

   II.   <u>Match Plaintiffs' Proposals</u>

Given the volume of discovery that remains despite Match Plaintiffs' diligent efforts, Match Plaintiffs propose that the Match Case be moved to a separate track from the rest of the MDL. A proposed case schedule for the Match Case as a separate track is detailed in the attached Exhibit A.

It is well-established that in an MDL, "the degree of consolidation or coordination is a matter soundly dedicated to the discretion of the transferee judge," and the judge may schedule cases on separate tracks. *In re Mirena IUD Prod. Liab. Litig.*, 938 F. Supp. 2d 1355, 1357 (U.S. Jud. Pan. Mult. Lit. 2013) ("It may be advisable to establish a separate track of proceedings if those actions are, as defendant contends, nearly ready for trial."); *see also IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION*, 07-md-01827, Dkt. at 2165 at 1, n. 1 (N.D. Cal. November 23, 2010) (establishing Track One schedule and noting that "[d]irect action and State AG cases filed after December 1, 2010, will be subject to a separate pretrial and trial schedule, or, if circumstances permit, will be folded into the schedule set forth in this order"). The use of separate case tracks is useful where "maintaining all cases on a single track actually would produce inefficiencies." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, Dkt. 42 at 2 (D. Kan. Sept. 14, 2017).

Here, the Match Case is differently positioned both substantively and procedurally. Substantively, though it shares some common issues, Match Plaintiffs' Complaint differs from those by Epic Games, Inc. ("Epic"), Consumers, and States in several ways, including that Match Plaintiffs assert a different alternative market definition (the Dating App Distribution market) and that Match Plaintiffs assert tort claims against Google. Further, Google's recently asserted counterclaims against Match Plaintiffs raise a number of unique issues unrelated to the other Plaintiffs' cases. Procedurally, the Match Case was filed more than a year later than other cases in the MDL, forcing Match Plaintiffs to play catch-up.

Because the parties cannot complete discovery on Match Plaintiffs' claims (or Google's counterclaims) on the current case schedule, the most efficient solution is to separate the Match Case into its own case track. This avoids any delay to the rest of the MDL cases. To avoid duplicative discovery, Match Plaintiffs will continue to participate in overlapping discovery in the MDL, including already scheduled depositions.

Alternatively, Match Plaintiffs seek a three-month extension of all case deadlines in the MDL, including the trial date. For the reasons described above, good cause exists for such an extension. *See Green v. City & Cnty. of San Francisco*, 2018 WL 6181572, at *2 (N.D. Cal. Nov. 27, 2018) ("'Good cause' exists when a deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'"). A proposed case schedule reflecting a three-month extension is detailed in the attached Exhibit B.

**HUESTON HENNIGAN LLP**

---

III.    The Parties' Positions

Match Plaintiffs have met and conferred with all parties regarding Match Plaintiffs' proposals.

States and Consumers do not oppose, and Epic takes no position regarding, Match Plaintiffs' proposal to proceed on a separate track. Their positions regarding an extension of the case schedule in the MDL are set forth in the States' and Consumers' separate letter. *See* Dkt. 307.

Google opposes Match Plaintiffs' proposals and intends to file a response.

Match Plaintiffs will be prepared to address this issue at this Thursday's class certification hearing, if convenient for the Court, or in any other format or forum the Court may prefer, including via a noticed motion.

Dated: August 3, 2022                  Respectfully submitted,

By:  /s/ Joseph A. Reiter

HUESTON HENNIGAN LLP
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:    (949) 229-8640

Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Christine Woodin, State Bar No. 295023
cwoodin@hueston.com
Michael K. Acquah, State Bar No. 313955
macquah@hueston.com
William M. Larsen, State Bar No. 314091
wlarsen@hueston.com
Julia L. Haines, State Bar No. 321607
jhaines@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340

Attorneys for Plaintiffs Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc.

cc:    Counsel of Record

## EXHIBIT A

## Option 1: Separate Track for *Match Group, LLC v. Google LLC*, 22-cv-02746-JD

| Event | Current Deadline in *In re Google Play Store Antitrust Litigation*, 21-md-02981-JD | New Deadline in *Match Group, LLC v. Google LLC*, 22-cv-02746-JD only |
|---|---|---|
| Fact discovery cut-off | August 8, 2022 | March 24, 2023 |
| Merits expert reports of party with the burden of proof | August 15, 2022 | May 19, 2023 |
| Responsive merits expert reports | September 19, 2022 | June 23, 2023 |
| Rebuttal expert reports | October 17, 2022 | July 21, 2023 |
| Merits expert discovery cut-off | November 7, 2022 | August 18, 2023 |
| Last day to file dispositive and *Daubert* motions | November 10, 2022 | September 8, 2023 |
| Dispositive and *Daubert* motion responses | December 8, 2022 | October 6, 2023 |
| Dispositive and *Daubert* motion replies | December 29, 2022 | October 27, 2023 |
| Joint submission for merits experts' concurrent expert proceeding | December 30, 2022 | October 31, 2023 |
| Concurrent expert proceeding for merits experts | January 5, 2023 | November 2, 2023 |
| Dispositive motion hearing | January 19, 2023 | November 16, 2023 |
| Final pretrial conference | March 16, 2023 | January 19, 2024 |
| Jury Trial | April 3, 2023 | February 6, 2024 |

**EXHIBIT B**

**Option 2: Three Month Extension in *In re Google Play Store Antitrust Litigation*, 21-md-02981-JD**

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Fact discovery cut-off | August 8, 2022 | November 7, 2022 |
| Merits expert reports of party with the burden of proof | August 15, 2022 | November 14, 2022 |
| Responsive merits expert reports | September 19, 2022 | December 19, 2022 |
| Rebuttal expert reports | October 17, 2022 | January 17, 2023 |
| Merits expert discovery cut-off | November 7, 2022 | February 6, 2023 |
| Last day to file dispositive and *Daubert* motions | November 10, 2022 | February 13, 2023 |
| Dispositive and *Daubert* motion responses | December 8, 2022 | March 10, 2023 |
| Dispositive and *Daubert* motion replies | December 29, 2022 | March 24, 2023 |
| Joint submission for merits experts' concurrent expert proceeding | December 30, 2022 | March 28, 2023 |
| Concurrent expert proceeding for merits experts | January 5, 2023 | April 6, 2023 |
| Dispositive motion hearing | January 19, 2023 | April 20, 2023 |
| Final pretrial conference | March 16, 2023 | June 15, 2023 |
| Jury Trial | April 3, 2023 | July 5, 2023 |