Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

[Additional Counsel Appear on Signature Page]

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC, et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**EPIC'S AND MATCH'S NOTICE OF MOTION AND MOTION TO AMEND COMPLAINTS**<br><br>Date:  November 17, 2022 at 10:00 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:  Hon. James Donato |

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 17, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, before the Honorable James Donato, Plaintiff Epic Games, Inc. ("Epic") and Plaintiffs Match Group LLC, Humor Rainbow, Inc., PlentyofFish Media ULC, and People Media, Inc., ("Match") will and hereby do move for an order granting Epic and Match leave to file their proposed amended complaints ("Proposed Amended Complaints," which are submitted with this motion as Exhibits A and K) and ordering that the Proposed Amended Complaints be deemed filed.  This motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 15 on the grounds that granting this motion will not result in prejudice, the motion is neither futile nor legally insufficient, Epic and Match bring this motion without undue delay, and Epic and Match are not seeking leave to amend in bad faith.  In addition, this motion is made pursuant to FRCP 16 on the ground that there is good cause to modify the Second Amended MDL Scheduling Order for the limited purpose of permitting Epic and Match to file their Proposed Amended Complaints.  This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Proposed Amended Complaints, Declaration of Michael J. Zaken (the "Zaken Decl.") and [Proposed] Order, as well as all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as properly may be presented to the Court.

## STATEMENT OF RELIEF SOUGHT

Epic and Match seek an Order granting their request to allow Epic and Match to file their Proposed Amended Complaints pursuant to FRCP Rule 15 and amend the Second Amended MDL Scheduling Order for the limited purpose of allowing Epic and Match to do so.

# Table of Contents

**Page**

Table of Authorities ...................................................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES................................................1

**I.**   INTRODUCTION .................................................................................................1

**II.**   BACKGROUND .....................................................................................................3

**III.**   LEGAL STANDARD .............................................................................................6

**IV.**   ARGUMENT..........................................................................................................7

    **A.**   The Proposed Amendments Should Be Allowed Under Rule 15..............7

        i.   The Amendments Will Not Prejudice Google. ...............................8

        ii.   Epic and Match Have Not Unduly Delayed. ................................10

        iii.   Epic and Match Seek To Amend in Good Faith. ..........................10

        iv.   The Proposed Amendments Are Not Futile...................................11

    **B.**   There Is Good Cause To Amend the Scheduling Order..........................11

**V.**   CONCLUSION .....................................................................................................12

# Table of Authorities

**Page(s)**

**Cases**

*Allen v. Bayshore Mall*, No. 12-CV-02368-JST, 2013 WL 6441504 (N.D. Cal.
Dec. 9, 2013) ................................................................................................11

*Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 5:10-CV-
02863-EJD, 2012 WL 3835107 (N.D. Cal. Sept. 4, 2012).........................................9

*Clarke v. Upton*, 703 F. Supp. 2d 1037 (E.D. Cal. 2010) .............................................11

*Cont'l Cas. Co. v. United States*, No. 02-5292 VRW, 2005 WL 8162326 (N.D.
Cal. June 22, 2005) ........................................................................................7

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................6, 11

*Griggs v. Pace Am. Grp.*, 170 F.3d 877 (9th Cir. 1999) .................................................6

*Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).........................................6, 7, 10

*Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S.
California*, 648 F2d 1252 (9th Cir. 1981)....................................................................7

*In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2017 WL 363269
(N.D. Cal. Jan. 25, 2017) ..............................................................................10

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) ............................7

*Lockheed Martin Corp. v. Network Sols.*, 194 F.3d 980 (9th Cir. 1999).........................9

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017
WL 3149297 (N.D. Cal. July 25, 2017) ...............................................8, 9, 11

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) ......................6

*Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109 (9th
Cir. 2013)........................................................................................6, 8, 9

*Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128 (N.D. Cal. 2010) ............9

*Trans Bay Cable LLC v. M/V Ocean Life*, No. 14-cv-04854-JD, 2015 WL
   7075618 (N.D. Cal. Nov. 13, 2015) ...............................................................7
*Vigil v. Coloplast Corp.*, No. 319-CV-01851-GPC-BGS, 2020 WL 94378
   (S.D. Cal. Jan. 8, 2020) .........................................................................8, 9, 10
*Waldrip v. Hall*, 548 F.3d 729 (9th Cir. 2008) .............................................6

**Statutes & Rules**

Fed. R. Civ. P. 15(a)(2) ...................................................................................6
Fed. R. Civ. P. 16(b)(4) ..................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Epic and Match seek leave to amend their Complaints to add two counts against Defendants Google LLC, Google Ireland Limited, Google Commerce Limited and Google Asia Pacific Pte. Limited (collectively, "Google").  The new counts arise out of anticompetitive agreements between Google and app developers that were contemplating the launch of competing Android app stores or distributing their apps outside of Google Play.  Some of these agreements were intended to, and did, stop developers from launching competing app stores, which is a *per se* violation of the antitrust laws. ██████████████████████████████████████████████
█████████████████████████████████████████

Google has been on notice of Epic's and Match's claims regarding these agreements for months; they have been the subject of extensive discovery and the subject of filings in this Court.  The proposed amendments reflected in the attached Proposed Amended Complaints simply conform Epic's and Match's claims to evidence obtained through discovery.  The amendments will also facilitate a clear charge to the jury.

Epic and Match already allege that Google entered into anticompetitive agreements with developers and OEMs that unreasonably restrict competition in the Android App Distribution Market, in violation of Sections 1 and 2 of the Sherman Act. (*See, e.g.*, Epic's First Amended Complaint ("FAC") ¶¶ 6, 33, 98, 119, 128, 188-95, 233-43, MDL Dkt. No. 64.)  Epic and Match now merely seek to add two counts asserting that certain of Google's agreements with developers are standalone violations of Section 1 of the Sherman Act, including *per se* violations based on horizontal agreements that prevented developers from proceeding ████████████████ to launch competing app stores.  Specifically, the Proposed Amended Complaints allege that Google has paid off app developers with the means, capability and desire to enter the Android App Distribution Market (1) not to launch competing Android app stores, and (2) ██████████████████████████████████████████

██████████████████████████████████.  By breaking this conduct into separate counts, the Proposed Amended Complaints will facilitate a clear charge to the jury on these agreements.

Google will not be prejudiced by the Proposed Amended Complaints.  Because the new counts relate exclusively to Google's conduct and agreements, Google has the information it needs to mount a defense.  Further, Google has long been on notice of Epic's and Match's position regarding these agreements.  For example, on April 28, 2022, Epic filed a Motion for Preliminary Injunction in which it alleged, under the heading "Google Paid Top App Developers Not To Compete", that Google entered into deals with developers that "████████████████████████████████████ ██████", which "deprived developers of any incentive to launch their own store". (MDL Dkt. No. 213 at 10.)  A month later, on May 27, 2022, Plaintiffs Epic, Consumer Plaintiffs, and State Attorneys General Plaintiffs ("Plaintiff States") filed a joint discovery letter with Activision Blizzard, Inc. ("ABK") seeking to compel the testimony of ████████████████, and asserting that "[o]ne of Plaintiffs' central claims is that Google systematically executed agreements with potential competitors to stifle competition . . . ████████████████████████████████." (MDL Dkt. No. 259.)  Since then, deposition testimony taken as recently as September 22, 2022 has crystalized the nature and scope of these agreements, highlighting the importance in clearly enumerating the counts in Epic's and Match's Complaints.

The amendments will not prejudice Google where they conform the counts to allegations that have been litigated for months, rely on information that Google was fully aware of, and have been fully explored via extensive discovery by *all* Parties,[1] including Google.  Epic and Match therefore respectfully request that the Court allow Epic and Match to amend their Complaints to conform their claims against Google to the evidence developed during discovery.

---

[1] "Parties" refers to Epic, Consumer Plaintiffs, Plaintiff States, Match (collectively "Plaintiffs") and Google.

## II.   BACKGROUND

Epic filed its Complaint on August 13, 2020 and its FAC on July 21, 2021.  (Epic Dkt. 1, MDL Dkt. No. 64.)  Match filed its initial complaint (together with Epic's FAC, "Complaints") on May 9, 2022.  (Match Dkt. 1.)  On October 22, 2021, the Court entered the MDL Scheduling Order providing that the last date to add parties and amend the pleadings would be December 3, 2021.[2]  (MDL Dkt. No. 122.)  Since that date, however, Google and multiple third parties produced hundreds of thousands of documents; Plaintiffs have taken all but one of the 32 depositions of Google witnesses (with three more outstanding); and the Parties took 10 depositions of third-party witnesses.  (Zaken Decl. ¶ 16.)  In short, the current evidentiary record in this case is vastly more developed than it was in early December 2021.

Google has been on notice of Epic's and Match's intent to challenge Google's agreements with top developers as anticompetitive since at least the filing of Epic's FAC last summer.  The general contours of "Project Hug"—Google's plan to eliminate game developers' agitation and competitive threat to distribute outside of Play—are addressed in Epic's FAC.  (*See, e.g.*, Epic's FAC ¶¶ 119, 128.)  Throughout discovery, Epic and Match sought documents and deposition testimony about these arrangements. For example, after the December 3, 2021 amendment deadline, Google produced documents showing that Google entered into its Project Hug deal ▮▮▮▮▮, with the understanding that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Zaken Decl. Ex. C, GOOG-PLAY-007280918.)  Likewise, after the December 3, 2021 amendment deadline, Google produced documents and provided testimony showing that Google paid ▮▮▮▮▮ ▮▮▮▮▮, another developer that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (*Id.* at Ex. H, ▮▮▮ Tr. 200:4-10), in

---

[2]On October 5, 2022, the Court entered the Second Amended MDL Scheduling Order (MDL Dkt. No. 338), the operative scheduling order, which states that the date to add parties and amend pleadings has closed.

order ███████████████████████████████████████████████

███████████████████████████████████. (*Id.* at Ex. D, GOOG-

PLAY-007424789 and Ex. E, GOOG-PLAY-000929031.)  Plaintiffs have also

questioned Google and third-party witnesses in Rule 30(b)(1) and 30(b)(6) capacities

about the company's deals with top developers, including specifically its Hug deals, in

the depositions of ████████████████████████████████████

████████████████████████████████████████

████████████. (*Id.* at ¶ 17.)

Crucial portions of the discovery into Google's deals with developers were

completed in late August and late September 2022, with the deposition of ███████████

█████████████████████████████,[3] and the compelled

September 22, 2022 deposition of ████████████████████

██████████████.[4]  (*Id.* at Ex. F, GOOG-PLAY-007847561 and Ex. G,

GOOG-PLAY-007273439.)  For example, ███████████ testified on August 31, 2022

that ██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████.

(*Id.* at Ex. I, ██████████ Tr. at 139:8-140:5.)  Similarly, ████████████ testified that

████████████████████████████████████████████

██████████████████████████████. (*Id.* at Ex. I, ██████████ Tr. at

---

[3] ████████████ deposition was rescheduled several times at Google's request due to
scheduling and other conflicts. ██████████████ was Google's 30(b)(6) representative
designated to testify about certain of Google's contracts with developers, including its
communications and negotiations with ████ and efforts to "maintain Android
Developer satisfaction", such as its Hug deals.  (Zaken Decl. Ex. I, ██████████ Tr. at 19:6-
20:23 (Day 1); Plaintiffs' Rule 30(b)(6) Notice of Deposition of Defendants.)

[4] Plaintiffs sought to depose ████████ earlier in the case, but ████ opposed that
effort, requiring that Plaintiffs seek relief from the Court before being able to do so.
(*See* MDL Dkt. Nos. 259 and 321.)

1   145:2-11.) ████████████ admitted ████████████████████████

2   ████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████

4   ████████████████████████████████. (*Id.* at Ex. I, ██████ Tr. at 148:1-150:23.)

5   And ██████ testified that ████████████████████████████

6   ████████████████████████████████████████████████████

7   ████████████████████████████████████ (*Id.* at Ex. J,

8   ████ Tr. at 105:24-112:12.)  However, ████████████████████████

9   ████████████████████████████████████████████████████

10  (*Id.*) ████████████████████████████████████████████

11  ████ (*Id.* at Ex. J, ████ Tr. at 71:25-72:7.)

12       Given the continuing development of the facts surrounding Google's conduct, it

13  did not make sense for Epic and Match to update their Complaints before ████

14  ████████ and ████████ depositions.  However, Epic and Match did make their view

15  of the Project Hug agreements and their implications for the case clear to Google,

16  including in several court filings and throughout discovery.  For example, in Epic's

17  Motion for a Preliminary Injunction, Epic asserted that Google "pa[id] off top app

18  developers to stop them from developing and launching competing Android app stores";

19  that "Google spent a billion dollars on secret deals with the top app developers that . . .

20  ████████████████████████████████████████████████████

21  ████████████████████████ . . . [and] systematically deprived developers of any

22  incentive to launch their own stores or to partner with other nascent stores on Android";

23  and that "████████████████████████████████████████████

24  ████ . . . [but] ████████████████████████████████

25  ████████████████████████████████████████████████

26  ████████████████████████████████████████████". (MDL Dkt.

27  No. 213 at 9-10.)  In late May 2022, Epic, Consumer Plaintiffs, and Plaintiff States filed

28

1  a joint discovery letter brief regarding the deposition of ███████████ (MDL

2  Dkt. No. 259) in which they stated that:

3            "███████████████████████████████

4       Specifically, discovery in this case has revealed that

5  ████████████████████████████████████████

6  ████████████████████████████████████████

7  ████████████████████████████████

8            ." (*Id.* at 4).

9       Epic spoke with Google about its intention to amend its FAC on September 30,

10  2022 and shared a draft of its SAC with Google two days later, on October 2, 2022.

11  (Zaken Decl. at ¶ 19.)  Google informed Epic on October 7, 2022 that it did not consent

12  to allow Epic to amend its FAC.  (*Id.*)  The same day, Epic informed Google that Match

13  intended to join in this motion and file a similar amendment.  (*Id.*)

14  **III.   LEGAL STANDARD**

15       This motion to amend is governed by Federal Rule of Civil Procedure 15, which

16  directs that "[t]he court should freely give leave [to amend] when justice so requires".

17  Fed. R. Civ. P. 15(a)(2).  "[T]his mandate is to be heeded", *Foman v. Davis*, 371 U.S.

18  178, 182 (1962), and "[t]he policy of allowing amendments 'is to be applied with

19  extreme liberality'", *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (quoting

20  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  "A

21  district court determines the propriety of a motion to amend by ascertaining the presence

22  of any of four factors:  bad faith, undue delay, prejudice to the opposing party and/or

23  futility."  *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 881 (9th Cir. 1999).  The Ninth

24  Circuit has held that courts may decline to grant leave to amend for one or more of these

25  reasons "only if there is strong evidence."  *Sonoma County Ass'n of Retired*

26  *Employees v. Sonoma County*, 708 F3d 1109, 1117 (9th Cir. 2013).  "While all these

27  factors are relevant, the crucial factor is the resulting prejudice to the opposing party."

28  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  The Ninth Circuit and

California district courts have consistently held that "[w]here there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Cont'l Cas. Co. v. United States*, No. 02-5292 VRW, 2005 WL 8162326, at *4 (N.D. Cal. June 22, 2005) (citing *Howey*, 481 F2d at 1190-91). Further, "delay alone does not provide sufficient grounds for denying leave to amend." *Id.* (citing *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S. California*, 648 F2d 1252, 1254 (9th Cir. 1981)).

While Federal Rule of Civil Procedure 15(a) governs a motion to amend pleadings to add claims or parties, as a procedural matter Rule 16 also applies where, as here, the request to amend is filed after the scheduling order deadline for amendments has passed. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Federal Rule of Civil Procedure 16(b)(4) requires a showing of good cause and the Court's consent in order to amend a scheduling order. The good cause inquiry focuses primarily on "the diligence of the party seeking the amendment" and "the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. The Court has broad discretion to modify a scheduling order to allow an amendment to the pleadings. *Id*. at 607-08. This Court has found good cause to permit amendment where doing so would prevent a future "preclusion or waiver argument . . . on purely technical and formalistic grounds". *Trans Bay Cable LLC v. M/V Ocean Life*, No. 14-cv-04854-JD, 2015 WL 7075618, at *1-2 (N.D. Cal. Nov. 13, 2015).

## IV.   ARGUMENT

### A.   The Proposed Amendments Should Be Allowed Under Rule 15.

This Court should allow Epic and Match to file the Proposed Amended Complaints because each of the four factors courts assess under Rule 15 weigh in favor of allowing amendment. *First*, the amendments cause no prejudice to Google because the Proposed Amended Complaints serve only to conform Epic's and Match's counts to the record developed through discovery, Google has been on notice that Epic and Match

were challenging the Project Hug agreements with developers, Google was fully aware of Epic's and Match's theory of liability, and Google had ample opportunity to (and did) take discovery regarding these issues.  *Second*, Epic and Match did not unduly delay because they sought leave promptly after obtaining information in key depositions, and long before dispositive motion practice and trial.  *Third*, this proposal to amend is not made in bad faith.  *Finally*, adding these claims to Epic's and Match's Complaints will not be futile.

### i.      The Amendments Will Not Prejudice Google.

"To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings, a showing of prejudice must be substantial."  *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017) (citation omitted).  Substantial prejudice *will not* be shown where a plaintiff's "main claims and legal theories remain the same" or where a non-moving party is "fully prepared to litigate the substantive issue of the claim, given that both the theory and the operative facts of the claim remain the same." *Id.* at *4 (citing *Sonoma Cty.*, 708 F.3d at 1118).  This is especially the case where amendment comes many months prior to dispositive motion practice and the final pre-trial conference.  *See Vigil v. Coloplast Corp.*, No. 319-CV-01851-GPC-BGS, 2020 WL 94378, at *3 (S.D. Cal. Jan. 8, 2020).

The Proposed Amended Complaints cause no prejudice to Google because Google was aware that Epic and Match were challenging Google's anticompetitive agreements with developers and developing the record with respect to these agreements through discovery.  The only change introduced by the amendments is that, while the Complaints described these agreements as aggravating the effects of other agreements Google had with OEMs, the Proposed Amended Complaints break out Google's agreements with developers as sufficiently egregious to be violative of the antitrust laws *in and of themselves*—and, in certain instances, to be violative *per se*.  The evidence to support these claims was developed through discovery and, as noted above, raised in

1   Epic's Motion for a Preliminary Injunction (MDL Dkt. No. 213 at 9-10) and Plaintiffs'

2   joint discovery letter brief regarding the deposition of ███████████ (MDL Dkt.

3   No. 259 at 4-5).  Epic and Match now seek to conform their counts against Google to

4   the record evidence, based on discovery (which Google has always had in its

5   possession) that has crystalized the scope and nature of Google's anticompetitive

6   agreements with developers, and in particular, demonstrated that *per se* claims are

7   appropriate.  As such, the Proposed Amended Complaints should come as no surprise

8   to, let alone prejudice, Google.  *See Sonoma*, 708 F.3d at 1118 (finding no prejudice

9   where the defendant was already prepared to litigate the same facts and issues brought

10  under similar claims); *Oracle*, 2017 WL 3149297, at *3.

11          Further, the Proposed Amended Complaints will not prejudice Google's ability to

12  adequately prepare a defense or impact this case's forward progress.  Discovery and

13  motion practice have fully adduced the relevant facts underlying the proposed claims, so

14  that no additional discovery and no delay to the schedule is warranted.[5]  Google has

15  adequate time to address the limited amendments in its expert disclosures, dispositive

16  motion practice and at trial—in part because these issues have already been at play in

17  the case for many months.  The Proposed Amended Complaints will not prejudice

18  Google's ability to adequately prepare a defense or delay resolution of this matter.  *See*

19  *Vigil*, 2020 WL 94378, at *3.

20

21          [5]Even if additional discovery were necessary (it is not), the prospect of additional
    discovery alone would not constitute undue prejudice.  While "[a] need to reopen

22  discovery and therefore delay the proceedings supports a district court's finding of
    prejudice from a delayed motion to amend the complaint", *Lockheed Martin Corp. v.*

23  *Network Sols.*, 194 F.3d 980, 986 (9th Cir. 1999), "[n]either delay resulting from the

24  proposed amendment nor the prospect of additional discovery needed by the non-
    moving party in itself constitutes a sufficient showing of prejudice", *Stearns v. Select*

25  *Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010).  *See Avago Techs.*

26  *Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2012 WL
    3835107, at *3 (N.D. Cal. Sept. 4, 2012) (delay and the expenses incurred in responding

27  to new claims do not constitute undue prejudice without some credible showing of
    unfairness).

28

### ii.   Epic and Match Have Not Unduly Delayed.

Epic and Match are seeking to amend their Complaints in light of information made available through discovery.  It would not have been possible to do this on December 3, 2021, as discovery on this issue was just beginning, and Match had not yet filed suit.  As the discovery record developed, Epic and Match repeatedly made known that they believed certain of Google's agreements with developers were agreements not to compete in Android app distribution.  Epic and Match now seek to add specific counts on which to instruct the jury since obtaining additional confirming information at key depositions that did not occur until August and September 2022 due to the Google witness's schedule and ███ opposition to its witness being deposed.  There has been no undue delay by Epic or Match.

The fact that discovery has closed does not mean there has been undue delay.  *See Vigil*, 2020 WL 94378, at *3.  Leave to amend has been found appropriate even after trial has begun.  *See Howey*, 481 F.2d at 1191.  There is ample time for Google to respond to Epic's and Match's claims.  As explained above, discovery regarding these issues has already been taken and Google's expert reports and dispositive motions are not yet due.  (*See supra* Section IV.A.i.)  In any event, "the mere fact that [a party] could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend."  *See Howey*, 481 F.2d at 1191.

### iii.   Epic and Match Seek To Amend in Good Faith.

"Allowing parties to amend based on information learned through discovery is common and well established."  *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (omitting internal quotation).  Epic and Match seek to amend in order to conform their pleadings to evidence obtained and further illuminated during recent discovery and depositions, and in doing so, present a clear set of counts for the jury to consider.  The claims in the Proposed Amended Complaints have already been aired at length in discovery and in public filings; there was no sandbagging here.  This request is made in good faith.

### iv.    The Proposed Amendments Are Not Futile.

The claims Epic and Match seek to add are not futile.  "Under Rule 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'"  *Allen v. Bayshore Mall*, No. 12-CV-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (quoting *Foman*, 371 U.S. at 182).  Denial of leave to amend due to futility "is rare".  *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (omitting internal citation).  The Proposed Amended Complaints allege that Google entered into agreements with app developers to prevent them from launching competing Android app stores or distributing their apps outside of Google Play.  These are unlawful horizontal agreements not to compete, including *per se* violations of the Sherman Act; as such, Epic's and Match's claims are not futile.

### B.    There Is Good Cause To Amend the Scheduling Order.

Good cause exists to amend the Second Amended MDL Scheduling Order under Rule 16 for the limited purpose of allowing Epic and Match to amend their Complaints.  Epic and Match have been diligent in developing the facts and issues of this case, and now seek to conform the counts asserted in their Complaints to the facts uncovered during discovery.

Courts in this Circuit have found good cause where a party sought to amend a complaint to conform it to information developed in discovery.  *See Oracle.*, 2017 WL 3149297, at *1-2 (finding that party demonstrated good cause where it waited to see whether discovery would "reveal the need to amend the complaint further based on the discovery of new facts").  The Complaints contain factual allegations that Google entered into agreements with developers that unreasonably restrict competition in the Android App Distribution Market, and Epic and Match do not seek to amend those factual allegations.  Instead, the Proposed Amended Complaints seek to add counts that conform Epic's and Match's claims to evidence adduced in discovery after the deadline for amendments contemplated in the MDL Scheduling Order.  The proposed

amendments break out Epic's and Match's claims regarding the Project Hug agreements and other agreements and understandings with developers into standalone claims under Section 1.  There is good cause for these amendments because they will facilitate a clear charge to the jury on this issue.

Epic's and Match's request to amend their Complaints at this juncture is logical and timely.  Since the December 3, 2021 amendment deadline, Google alone has produced approximately 757,000 documents, nearly a quarter of its total production (Zaken Decl. ¶ 14).  Virtually all third-party document productions and depositions have likewise post-dated the December 3, 2021 deadline, with pertinent deposition testimony relating to Google's anticompetitive developer agreements being given as recently as September 22, 2022.  (*Id.* at ¶¶ 15-16, 18.)  Epic and Match could not have addressed this new evidence by December 3, 2021, and it would not have made sense for Epic and Match to attempt to amend their Complaints seriatim thereafter as discovery unfolded and new facts came to light.  Dispositive motions and trial remain many months away. Good cause therefore exists to amend the Complaints.

## V.    CONCLUSION

For the reasons discussed above, Epic and Match respectfully request that the Court grant this motion and enter the proposed Order granting Epic and Match leave to file the Proposed Amended Complaints and amending the Second Amended MDL Scheduling Order based on good cause shown for the limited purpose of allowing Epic and Match to file the Proposed Amended Complaints.

Dated:  October 7, 2022

Respectfully submitted,


By:    /s/ *Lauren A. Moskowitz*
           Lauren A. Moskowitz

**FAEGRE DRINKER BIDDLE &
REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700


*Counsel for Plaintiff Epic Games, Inc.*

HUESTON HENNIGAN LLP
Douglas J. Dixon
Christine Woodin
Joseph A. Reiter

Respectfully submitted,


*/s/ Douglas J. Dixon*
Douglas J. Dixon

*Counsel for Plaintiffs Match Group LLC et al.*

***REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED***

## **E-FILING ATTESTATION**

I, Douglas J. Dixon am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Douglas J. Dixon*
Douglas J. Dixon