| | |
|---|---|
| Brian C. Rocca, S.B #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 422-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>Attorneys for Defendants Google LLC, et al.<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, Bar No. 313656<br>dane.shikman@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**,<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. James Donato |

I, Christian Cramer, declare as follows

A.  I am currently a Finance Director for Non-Party Google LLC (along with Google-affiliated entities, "Google").  I have been employed by Google since September 2007 and have held my current position since March 2017.  Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

B.  I submit this declaration in support of the Administrative Motion to File Under Seal filed on October 21, 2022 in *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD, *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD, and *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD.

C.  The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google.  If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

D.  As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, *inter alia*, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv) internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly disclosed, could potentially enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, violate Google's confidentiality obligations to third parties, or otherwise prejudice Google's business interests.  In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information of this nature outside of the company, except to authorized third parties when

so required or permitted by law or contract.  To that end and in order to prevent inadvertent revelation of this information to the public, Google has several policies in place like prohibiting employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain internal systems, permitting access to document databases on a need-to-know basis, and requiring the use of an encrypted email system.  I am also aware that, generally, Google employees are required to sign a confidentiality agreement requiring each employee to keep information confidential, and shared only within the company.

E. Third parties—including Google's customers, suppliers, business partners, and others who interact or transact with Google in an array of contexts—entrust highly sensitive, non-public, and confidential information to Google every day.  These third parties have an expectation that Google can and will protect the confidentiality of that information.  In many cases, Google is contractually bound to keep that information confidential.  In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information reflecting third parties' confidential information outside of the company, unless and only to the extent it has been authorized (or is lawfully permitted or required) to do so.  Rather, as noted above, Google policies and protocols are designed to ensure the confidentiality of third-party material is strictly maintained.

F. I understand that the Administrative Motion to File Under Seal requests that the Court maintain the specific information identified below under seal.  For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

**Specific Information to Be Sealed**

**Defendants' Opposition to Epic's and Match' Motions to Amend Complaints**

**[Dkt. No. 355]**

1. **Page 3, lines 25 (between "developer" and "as 'illustrative'")**.  This text contains confidential, non-public information regarding a non-party developer and implicates the

non-party's confidentiality interests by revealing the identity of that developer, specific deal terms and financial considerations between Google and that developer, when the developer has a reasonable expectation that Google will maintain the confidentiality of contractual agreements and negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

2. **Page 5, lines 4-7 (between "They allege that, through 'Project Hug,' Google" and end of sentence)**. This text contains confidential, non-public information regarding Google's contractual agreements with non-party developers. Public disclosure of this information is likely to result in competitive harm to Google, as it reveals Google's strategic decision-making , which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

3. **Page 5, lines 13-14 (between "reached with" and "*Id.*")**. This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

4. **Page 6, line 27 (between "developers identified in the motions—" and " —were produced")**. This text contains confidential, non-public information regarding a non-party

developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners

5. **Page 7, lines 4-5 (between "focused questioning," and ", at his deposition nine months ago.")**.  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

6. **Page 7, line 8 (between "developers,' including" and "'to stop them from'")**. This text contains confidential, non-public information regarding a non-party app developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and its statements made during negotiations, when that developer has a reasonable expectation that Google will maintain the confidentiality of those negotiations and related contractual agreements. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals the company's internal strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Additionally, Google's competitors could use this non-party information to unfairly target Google's developer partners.

7. **Page 7, lines 20-22 (between start of sentence and "and Google employee"; between "testified that Google and" and "never entered"; between "an agreement that" and "would not open"; and between "Ex. D" and "Dep.")**. This text contains confidential, non-public information regarding a non-party app developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, when that developer has a reasonable expectation that Google will maintain the confidentiality of those negotiations and related contractual agreements. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals the company's internal strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Additionally, Google's competitors could use this non-party information to unfairly target Google's developer partners.

8. **Page 10, line 24 (between "amendments mention," and ", but they also")**. This text contains confidential, non-public information regarding Google's contractual agreements with non-party developers. Public disclosure of this information is likely to result in competitive harm to Google, as it reveals Google's strategic decision-making , which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

**Pomerantz Declaration iso Opposition to Epic's and Match' Motions to Amend Complaints [Dkt. No. 355]**

9. **Ex. C to Pomerantz Declaration (M. Marchak Dep. Tr.), page 382:24 (between "recollection" and end of line)**. This text contains confidential, non-public information regarding non-party developers and implicates the non-parties' confidentiality interests by revealing the identity of those developers, when the non-party developers have a reasonable expectation of confidentiality. This text further reflects the substance of commercially sensitive discussions relating to those developers' business strategies, and discussion of confidential commercial agreements with those developers. Public disclosure of this information could cause

competitive harm to both non-parties and to Google.  For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms.  With respect to the non-parties, disclosure of their non-public, confidential discussions with Google could negatively affect their relationship with Google and future business dealings.

10. **Ex. C to Pomerantz Declaration (M. Marchak Dep. Tr.), page 383:1-6 (between start of page and "I don't"; and between "more details" and "We'll get")**.  This text contains confidential, non-public information regarding non-party developers and implicates the non-parties' confidentiality interests by revealing the identity of those developers, when the non-party developers have a reasonable expectation of confidentiality.  This text further reflects the substance of commercially sensitive discussions relating to those developers' business strategies, and discussion of confidential commercial agreements with those developers.  Public disclosure of this information could cause competitive harm to both non-parties and to Google.  For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms.  With respect to the non-parties, disclosure of their non-public, confidential discussions with Google could negatively affect their relationship with Google and future business dealings.

11. **Ex. C to Pomerantz Declaration (M. Marchak Dep. Tr.), page 384:12-14 (between "not only" and "considered their own")**.  This text contains confidential, non-public information regarding non-party developers and implicates the non-parties' confidentiality interests by revealing the identity of those developers, when the non-party developers have a reasonable expectation of confidentiality.  This text further reflects the substance of commercially sensitive discussions relating to those developers' business strategies, and discussion of confidential commercial agreements with those developers.  Public disclosure of this information could cause competitive harm to both non-parties and to Google.  For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms.  With respect to the non-parties,

disclosure of their non-public, confidential discussions with Google could negatively affect their relationship with Google and future business dealings.

12.   Because the public disclosure of the confidential material described above would harm Google's competitive position in the marketplace, there is good cause and there are compelling reasons to seal this material.

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed on this
2  20th day of October 2022 in Wailea, Maui County, Hawaii.

—DocuSigned by:<br>
*Christian Cramer*<br>
Christian Cramer —B4481B12EA7742A...