1    Jeffrey L. Kessler (*pro hac vice*)
     JKessler@winston.com
2    Sofia Arguello (*pro hac vice*)
     SArguello@winston.com
3    WINSTON & STRAWN LLP
     200 Park Avenue
4    New York, NY 10166-4193
     Telephone: (212) 294-6700
5    Facsimile: (212) 294-4700

6    Jeanifer E. Parsigian (SBN: 289001)
     JParsigian@winston.com
7    WINSTON & STRAWN LLP
     101 California Street, 34th Floor
8    San Francisco, CA 94111
     Telephone: (415) 591-1000
9    Facsimile: (415) 591-1400

10   *Attorneys for Non-Party*
     ACTIVISION BLIZZARD, INC.

11

12

13                      **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15                        **SAN FRANCISCO DIVISION**

16

17   **IN RE GOOGLE PLAY STORE**            Case No. 3:21-md-02981-JD
     **ANTITRUST LITIGATION**
18                                          **DECLARATION OF OMER SALIK IN**
                                            **SUPPORT OF GOOGLE'S**
19   THIS DOCUMENT RELATES TO:             **ADMINISTRATIVE MOTION TO**
                                            **CONSIDER WHETHER ANOTHER**
20   *Epic Games, Inc. v. Google LLC et al.,*  **PARTY'S MATERIAL SHOULD BE**
     Case No. 3:20-cv-05671-JD              **SEALED**
21
     *Match Group, LLC et al. v. Google LLC et al.,*   The Honorable James Donato
22   Case No. 3:22-cv-02746-JD

23

24

25   I, Omer Salik, declare as follows:

26          1.      I am Vice President of Litigation and Intellectual Property for Activision Blizzard, Inc.

27   ("Activision Blizzard").  I joined Activision Blizzard in 2011.  I make this Declaration on my own

28   personal knowledge and, if called as a witness, I could and would testify competently to the matters

1    set forth herein.

2        2.      In my current role at Activision Blizzard, I am responsible for, in part, Activision

3    Blizzard's litigation and intellectual property matters, including matters regarding document

4    collection, IP licensing and strategic decisions related thereto.   Activision Blizzard keeps such

5    information confidential to protect itself and its partners from potential harm.

6        3.      I understand that, in the above-captioned actions, Plaintiff Epic Games, Inc. ("Epic")

7    and Plaintiffs Match Group, LLC, Humor Rainbow, Inc., Plenty of Fish Media ULC, and People

8    Media, Inc. (collectively, "Match," and together with Epic, "Plaintiffs") filed a Notice of Motion and

9    Motion to Amend Complaints ("Motion to Amend").   ECF No. 343.[1]   Plaintiffs misrepresent the

10   deposition testimony of an Activision Blizzard executive provided in the above-captioned action.   I

11   briefly addressed this point in my Declaration in Support of Epic's and Match's Administrative Motion

12   to Consider Whether Another Party's Material Should be Sealed ("Declaration").   ECF No. 350.   I

13   understand that after the filing of my Declaration, Epic filed a Response thereto ("Response") (ECF

14   No. 353), which parroted the false mischaracterizations in Plaintiffs' Motion to Amend.

15       4.      I know Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd.,

16   Google Asia Pacific Pte. Ltd., and Google Payment Corp. (collectively, "Google") filed an Opposition

17   to Epic's and Match's Motion to Amend ("Opposition"), the Declaration of Glenn D. Pomerantz

18   ("Pomerantz Declaration"), and accompanying exhibits (collectively, "Opposition Briefing").   ECF

19   No. 355.   I further understand from Google counsel that the Opposition Briefing includes Activision

20   Blizzard information that is designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE

21   COUNSEL EYES ONLY" in accordance with the Protective Orders in this case.   *See* ECF Nos. 117,

22   124, 154, 170, 237, 248.   Google counsel specifically indicated that Activision Blizzard's "NON-

23   PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information appears in

24   the Opposition and an exhibit to the Pomerantz Declaration ("Exhibit").[2]

25   ────────────────────

[1] The referenced ECF numbers correspond to Case No. 3:21-md-02981-JD.

26
[2] In submitting this Declaration, Activision Blizzard—a non-party to this case and which therefore is
27   not privy to discovery in the matter—is reliant on Google counsel to identify references to Activision
     Blizzard "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"
28   information that warrants sealing.   In submitting this Declaration, Activision Blizzard relied on

1    5.    Accordingly, I am aware that Google has filed an Administrative Motion to Consider

2    Whether Another Party's Material Should Be Sealed ("Sealing Motion").  ECF No. 357.  I write this

3    Declaration in support of the Sealing Motion insofar as it relates to the Activision Blizzard information

4    incorporated into the Opposition Briefing and described in greater detail below.

5    6.    I understand that, where documents are "more than tangentially related to the merits of

6    a case," this Court requires a party to establish "compelling reasons" for sealing.  *See Connor v. Quora,*

7    *Inc.*, No. 18-cv-07597, 2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020) (citations and internal

8    quotation marks omitted).  By contrast, this Court requires a "lesser showing of 'good cause'" for

9    "[f]ilings that are only tangentially related to the merits."  *See id.* (citation omitted).  I also understand

10   that these standards apply where a non-party seeks to preserve the confidentiality of its information

11   by filing a declaration in support of a party's sealing motion.  *See* Civil L.R. 79-5(f)(3) (incorporating

12   requirements of 79-5(c)(1)).

13   7.    I understand that this Court has held that the "compelling reasons" standard applies to

14   motions to amend complaints.  *See Reyna v. Arris Int'l PLC*, No. 17-CV-01834-LHK, 2018 WL

15   1400513, at *2 (N.D. Cal. Mar. 20, 2018) (applying "compelling reasons" standard to amended

16   complaint and motion for leave to file an amended complaint).  The "compelling reasons" standard is

17   met where the subject of the sealing request is a "source[] of business information" the disclosure of

18   which "might harm a [non-party's] competitive standing."  *See Ctr. for Auto Safety v. Chrysler Grp.,*

19   *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks omitted) (quoting *Nixon v. Warner*

20   *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  The "compelling reasons" standard is also met where

21   disclosure "could result in improper use of the material for scandalous or libelous purposes."  *See*

22   *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679, 679 n.6 (9th Cir. 2010) (citation and internal

23   quotation marks omitted).  And, in assessing "compelling reasons," the Court "balance[s] [] the

24   public's right to access" with a "non-party's privacy interests."  *See O'Connor v. Uber Techs., Inc.*,

25

26   correspondence from Google counsel.  Activision Blizzard reserves the right to supplement this
     Declaration or submit a new declaration if it learns that other Activision Blizzard "NON-PARTY

27   HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information was included in the
     Opposition but omitted from Google counsel's correspondence.

28

No. C-13-3826-EMC, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015).

8.     Activision Blizzard is a leading global developer and publisher, whose objective is to develop, publish, and distribute high-quality interactive entertainment content and services and deliver engaging entertainment experiences to users worldwide.   Maintaining the confidentiality of its business plans and strategies was, and continues to be, integral to Activision Blizzard achieving its status as a leader in the entertainment industry.   Thus, Activision Blizzard has a legitimate interest in preserving the confidentiality of its information.

9.     The redactions in the Opposition Briefing, in effect, protect highly confidential, internal business information of Activision Blizzard relating to business strategy, which would result in serious competitive harm if disclosed.   *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "compelling reasons" for sealing "highly confidential information, including . . . business decision-making . . . belonging to [] a third-party non-party to th[e] action").   Indeed, disclosure of this information would give Activision Blizzard competitors access into Activision Blizzard's internal business decision-making processes, which the competitors could then use to inform their own business strategies.   *See Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law, . . . [] reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

10.    In addition, the redactions in the Opposition Briefing serve to protect Activision Blizzard employees from injury to their reputation and undue harassment.   *See, e.g.*, *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, No. 19-cv-1667-LAB-AHG, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021) (noting that "redaction of non-party personal identifiers [including names] is warranted" under the "compelling reasons" standard where it "runs a substantial risk of exposing [] individuals to harassment").   Plaintiffs' Motion to Amend and Epic's Response make false claims regarding activities in Activision Blizzard's negotiations with Google.   Google's Opposition correctly makes clear that the arrangement between Activision Blizzard and Google was, and remains, indisputably lawful.

11.    Simply put, the interests of Activision Blizzard and the Activision Blizzard employees

in keeping Plaintiffs' demonstrably false allegations sealed strongly outweigh the public's right to access additional information about Plaintiffs' false claims and Google's rightful refutation thereof. *See G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. C06-04898-MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (redacting non-party identifying information (including name) where it was of "little or no relevance to the [underlying filing]"); *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *7 (D. Nev. Apr. 29, 2011) (finding "compelling reasons" for sealing where the material "contain[ed] false allegations that might improperly be used for libelous purposes").

12.     Preventing these competitive harms requires sealing of the redacted information in the Opposition Briefing. There is no less restrictive alternative. Sealing is the only means of (i) preserving the sanctity of Activision Blizzard's highly confidential, non-public, and competitively sensitive information, and (ii) cabining and condemning Plaintiffs' misuse and mischaracterization of Activision Blizzard's information. Absent sealing, Activision Blizzard competitors and other third parties will undeservingly have access to this information, and could exploit it for other improper purposes. And absent sealing, Plaintiffs will feel emboldened to falsely misrepresent evidence before this Court, as they have in their Motion to Amend and Epic's Response and as Google seeks to remedy with its Opposition Briefing.

13.     The excerpts from the Opposition Briefing that Activision Blizzard hereby seeks to seal, with the reasons for each request, are set forth below:

| Location of Reference in Opposition Briefing | Reason for Sealing |
|---|---|
| Opposition, p. 7, lines 20–23 (between start of sentence and "and Google employee"; between "testified that Google and" and "never entered"; between "an agreement that" and "would not open"; between "Ex. D. (" and "Dep."). ECF No. 355. | Disclosure of this information would effectively result in the disclosure of Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, the disclosure of this information would irreversibly connect an Activision Blizzard executive to Plaintiffs' demonstrably false and libelous misrepresentations, thus subjecting the executive to injury to his reputation and undue harassment. |

| | |
|---|---|
| Exhibit D to Pomerantz Declaration.[3] ECF No. 355-5. | Disclosure of this information would effectively result in the disclosure of Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information.  In addition, the disclosure of this information would irreversibly connect an Activision Blizzard executive to Plaintiffs' demonstrably false and libelous misrepresentations, thus subjecting the executive to injury to his reputation and undue harassment. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct and that I executed this declaration on October 28, 2022 in _____.

By: _____

DocuSigned by:

Omer Salik

Omer Salik

Activision Blizzard, Inc.

---

[3] Activision Blizzard counsel pointed out that the table in the Sealing Motion states that Activision Blizzard information is included in "Exhibit E" to the Pomerantz Declaration.  Activision Blizzard understands this to be a typo, and that this reference was intended to correspond to Exhibit D to the Pomerantz Declaration.  Indeed, there is no Exhibit E to the Pomerantz Declaration, and the Pomerantz Declaration identifies Exhibit D as "a true and accurate copy of an excerpt of the deposition of an executive of Activision Blizzard, Inc., a third party, taken in this litigation."  *See* ECF No. 355-1. Google corrects this error in the proposed order appended to its Sealing Motion.