Jeffrey L. Kessler (*pro hac vice*)
JKessler@winston.com
Sofia Arguello (*pro hac vice*)
SArguello@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Jeanifer E. Parsigian (SBN: 289001)
JParsigian@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Non-Party*
ACTIVISION BLIZZARD, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF OMER SALIK IN SUPPORT OF EPIC'S AND MATCH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>The Honorable James Donato |

I, Omer Salik, declare as follows:

1. I am Vice President of Litigation and Intellectual Property for Activision Blizzard, Inc. ("Activision Blizzard"). I joined Activision Blizzard in 2011. I make this Declaration on my own personal knowledge and, if called as a witness, I could and would testify competently to the matters

1. set forth herein.

2. In my current role at Activision Blizzard, I am responsible for, in part, Activision Blizzard's litigation and intellectual property matters, including matters regarding document collection, IP licensing and strategic decisions related thereto. Activision Blizzard keeps such information confidential to protect itself and its partners from potential harm.

3. I understand that, in the above-captioned actions, Plaintiff Epic Games, Inc. ("Epic") and Plaintiffs Match Group, LLC, Humor Rainbow, Inc., Plenty of Fish Media ULC, and People Media, Inc. (collectively, "Match," and together with Epic, "Plaintiffs") filed a Notice of Motion and Motion to Amend Complaints ("Motion to Amend"). ECF No. 343.[1] In the Motion to Amend, Plaintiffs misrepresent the deposition testimony of an Activision Blizzard executive provided in the above-captioned action. I briefly addressed this point in my previously-filed Declaration in Support of Epic's and Match's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Plaintiffs' Sealing Declaration") (ECF No. 350) and in my Declaration in Support of Google's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Google's Sealing Declaration," together with Plaintiffs' Sealing Declaration, "Sealing Declarations") (ECF No. 361).

4. I understand that after the filing of the Sealing Declarations, Plaintiffs filed a Reply in Support of Motion to Amend Complaints ("Reply"), the Declaration of Tate Harshbarger, the Declaration of Michael J. Zaken ("Zaken Declaration"), and accompanying exhibits (collectively, "Reply Briefing"). *See* ECF Nos. 362–64. I further understand from Epic counsel that the Reply Briefing includes Activision Blizzard information that is designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in accordance with the Protective Orders in this case. *See* ECF Nos. 117, 124, 154, 170, 237, 248. Epic counsel specifically indicated that Activision Blizzard's "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information appears in the Reply, the Zaken Declaration, and an exhibit to the Zaken

---

[1] The referenced ECF numbers correspond to Case No. 3:21-md-02981-JD.

Declaration ("Exhibit").[2]

5. Accordingly, I am aware that Plaintiffs have filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Sealing Motion"). ECF No. 365. I write this Declaration in support of the Sealing Motion insofar as it relates to the Activision Blizzard information incorporated into the Reply Briefing and described in greater detail below.

6. I understand that, where documents are "more than tangentially related to the merits of a case," this Court requires a party to establish "compelling reasons" for sealing. *See Connor v. Quora, Inc.*, No. 18-cv-07597, 2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020) (citations and internal quotation marks omitted). By contrast, this Court requires a "lesser showing of 'good cause'" for "[f]ilings that are only tangentially related to the merits." *See id.* (citation omitted). I also understand that these standards apply where a non-party seeks to preserve the confidentiality of its information by filing a declaration in support of a party's sealing motion. *See* Civil L.R. 79-5(f)(3) (incorporating requirements of 79-5(c)(1)).

7. I understand that this Court has held that the "compelling reasons" standard applies to motions to amend complaints. *See Reyna v. Arris Int'l PLC*, No. 17-CV-01834-LHK, 2018 WL 1400513, at *2 (N.D. Cal. Mar. 20, 2018) (applying "compelling reasons" standard to amended complaint and motion for leave to file an amended complaint). The "compelling reasons" standard is met where the subject of the sealing request is a "source[] of business information" the disclosure of which "might harm a [non-party's] competitive standing." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The "compelling reasons" standard is also met where disclosure "could result in improper use of the material for scandalous or libelous purposes." *See*

---

[2] In submitting this Declaration, Activision Blizzard—a non-party to this case and which therefore is not privy to discovery in the matter—is reliant on Epic and Match counsel to identify references to Activision Blizzard "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information in the Reply Briefing that warrants sealing. In submitting this Declaration, Activision Blizzard relied on correspondence from Epic counsel. Activision Blizzard reserves the right to supplement this Declaration or submit a new declaration if it learns that other Activision Blizzard "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information was included in the Reply Briefing but omitted from Epic counsel's correspondence.

1  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679, 679 n.6 (9th Cir. 2010) (citation and internal
2  quotation marks omitted).  And, in assessing "compelling reasons," the Court "balance[s] [] the
3  public's right to access" with a "non-party's privacy interests."  *See O'Connor v. Uber Techs., Inc.*,
4  No. C-13-3826-EMC, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015).

5         8.     Activision Blizzard is a leading global developer and publisher, whose objective is to
6  develop, publish, and distribute high-quality interactive entertainment content and services and deliver
7  engaging entertainment experiences to users worldwide.  Maintaining the confidentiality of its
8  business plans, strategies, and decision-making was, and continues to be, integral to Activision
9  Blizzard achieving its status as a leader in the entertainment industry.  Thus, Activision Blizzard has
10 a legitimate interest in preserving the confidentiality of its information.

11        9.     The redactions in the Reply Briefing, in effect, protect highly confidential, internal
12 business information of Activision Blizzard relating to business strategy, which would result in serious
13 competitive harm if disclosed.  *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640, 2021 WL
14 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "compelling reasons" for sealing "highly
15 confidential information, including . . . business decision-making . . . belonging to [] a third-party non-
16 party to th[e] action").  Indeed, disclosure of this information would give Activision Blizzard
17 competitors access into Activision Blizzard's internal business decision-making processes, which the
18 competitors could then use to inform their own business strategies.  *See Lathrop v. Uber Techs., Inc.*,
19 No. 14-cv-05678, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law, . . .
20 . [] reports are appropriately sealable under the 'compelling reasons' standard where that information
21 could be used to the company's competitive disadvantage.").

22       10.    In addition, the redactions in the Reply Briefing serve to protect Activision Blizzard
23 employees from injury to their reputation and undue harassment.  *See, e.g.*, *Sentynl Therapeutics, Inc.*
24 *v. U.S. Specialty Ins. Co.*, No. 19-cv-1667-LAB-AHG, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1,
25 2021) (noting that "redaction of non-party personal identifiers [including names] is warranted" under
26 the "compelling reasons" standard where it "runs a substantial risk of exposing [] individuals to
27 harassment").  Plaintiffs' Motion to Amend makes false claims regarding activities in Activision
28 Blizzard's negotiations with Google.  A fundamental premise of the Reply Briefing is reaffirming the

false claims in the Motion to Amend.

11. Simply put, the interests of Activision Blizzard and the Activision Blizzard employees in keeping Plaintiffs' demonstrably false allegations sealed strongly outweigh the public's right to access additional information about Plaintiffs' false claims. *See G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. C06-04898-MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (redacting non-party identifying information (including name) where it was of "little or no relevance to the [underlying filing]"); *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *7 (D. Nev. Apr. 29, 2011) (finding "compelling reasons" for sealing where the material "contain[ed] false allegations that might improperly be used for libelous purposes").

12. Preventing these competitive harms requires sealing of the redacted information in the Reply Briefing. There is no less restrictive alternative. Sealing is the only means of (i) preserving the sanctity of Activision Blizzard's highly confidential, non-public, and competitively sensitive information, and (ii) cabining and condemning Plaintiffs' misuse and mischaracterization of Activision Blizzard's information. Absent sealing, Activision Blizzard competitors and other third parties will undeservingly have access to this information, and could exploit it for other improper purposes. And absent sealing, Plaintiffs will feel emboldened to falsely misrepresent evidence before this Court, as they have in their Motion to Amend.

13. The excerpts from the Reply Briefing that Activision Blizzard hereby seeks to seal, with the reasons for each request, are set forth below:

| Document | Portion Containing Designated Information | Reason for Sealing |
|---|---|---|
| Reply. ECF No. 362. | Page 4, line 21 to page 5, line 2 (between "Ex. D," and "*see also*") | Disclosure of this information would result in the disclosure of Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information and decision-making. In addition, the disclosure of this information would irreversibly connect an Activision Blizzard executive to Plaintiffs' demonstrably false and libelous misrepresentations in the Motion to Amend, which are reaffirmed in the Reply, thus subjecting the executive to injury to his reputation and |

| | | undue harassment. |
|---|---|---|
| Reply. ECF No. 362. | Page 5, lines 3–4 (between "that" and "and") | Disclosure of this information would result in the disclosure of Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information and decision-making.  In addition, the disclosure of this information—when combined with the representations in Plaintiffs' Motion to Amend and Reply—would irreversibly connect an Activision Blizzard executive to Plaintiffs' demonstrably false and libelous misrepresentations in the Motion to Amend, which are reaffirmed in the Reply, thus subjecting the executive to injury to his reputation and undue harassment. |
| Reply. ECF No. 362. | Page 5, lines 4–5 (between "and" and end of sentence) | Disclosure of this information would result in the disclosure of Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information and decision-making.  In addition, the disclosure of this information—when combined with the representations in Plaintiffs' Motion to Amend and Reply—would irreversibly connect an Activision Blizzard executive to Plaintiffs' demonstrably false and libelous misrepresentations in the Motion to Amend, which are reaffirmed in the Reply, thus subjecting the executive to injury to his reputation and undue harassment. |
| Zaken Declaration. ECF No. 363. | ¶ 6 | The disclosure of this information would irreversibly connect an Activision Blizzard executive to Plaintiffs' demonstrably false and libelous misrepresentations in the Motion to Amend, which are reaffirmed in the Reply, thus subjecting the executive to injury to his reputation and undue harassment. |
| Exhibit D to the Zaken Declaration. ECF No. 363-4. | Document in its entirety | Disclosure of this information would result in the disclosure of Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information and decision-making.  In addition, the disclosure of this information would irreversibly connect an Activision Blizzard executive to Plaintiffs' demonstrably false and libelous misrepresentations in the Motion to Amend, which are reaffirmed in the Reply, thus subjecting the executive to injury to his reputation and undue harassment. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on November 4, 2022 in _____.

By: *Omer Salik*
Omer Salik
Activision Blizzard, Inc.