# CRAVATH

Lauren A. Moskowitz
LMoskowitz@cravath.com
T+1-212-474-1648
New York

December 21, 2022

Re:   *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD (N.D. Cal.);
      *Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal.);
      *In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-05761-JD (N.D. Cal.);
      *State of Utah v. Google LLC*, No. 3:21-cv-05227-JD (N.D. Cal.);
      *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal).

Your Honor:

   Plaintiffs in the above-captioned actions submit this letter because a discovery dispute has arisen in connection with the upcoming January 12, 2023 evidentiary hearing regarding "the use and operation of the electronic chat system, including storage and deletion policies, guidelines for chat content, and examples of typical chat communications." (MDL Dkt. No. 375.)  The parties have met and conferred by telephone numerous times regarding procedures for the evidentiary hearing.  While the parties have reached agreement on a number of issues, the parties have been unable to agree on the issue presented herein.

   The parties exchanged initial witness lists on December 13, 2022, in which Google disclosed that it plans to have Andrew Rope, a Discovery Operations employee who has not previously been deposed but who had submitted two declarations in connection with this case (MDL Dkt. Nos. 74-1 and 367-3), testify at the hearing.  At the time, Google stated that it may add other, yet-to-be named (and potentially yet-to-be-deposed) individuals to their list, and that it would not make any of its witnesses available for deposition.  Plaintiffs disagreed with Google, noting that pre-hearing depositions of witnesses not previously deposed in this case would streamline the presentation to the Court, limit the issues in dispute and prevent trial by ambush.  In an effort to compromise, however, Plaintiffs stated that they were willing to forego the deposition of Mr. Rope if Google agreed, among other things, that any additional witnesses identified by Google must already have been deposed in this litigation.

   On December 19, the parties met and conferred regarding Plaintiffs' proposal, during which Google indicated that it planned to have another not-yet-deposed witness, Genaro Lopez, testify at the hearing.  This is the first Plaintiffs have heard of Mr. Lopez; he is entirely new to this litigation.  Of the more than 3 million documents Google has produced in this litigation, not a single one mentions Mr. Lopez.

   According to Mr. Lopez's LinkedIn profile, he is an attorney and has been Information Governance Lead at Google since 2019.  Aside from other publicly available information about his prior employment and education history, Plaintiffs have no other information about Mr. Lopez.  Nor do plaintiffs know what he will say at the hearing or the basis

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

for any such testimony. Unlike Mr. Rope, Mr. Lopez has not submitted any declaration or produced any documents in connection with this proceeding or this litigation.

In one final attempt to avoid burdening the Court with a dispute, Plaintiffs proposed that they would forgo Mr. Rope's deposition if Google would make Mr. Lopez available for a short 3-hour deposition in advance of the hearing. Google refused, instead offering to provide a summary of Mr. Lopez's anticipated testimony at some point before the hearing. While a summary would be better than having no information about the testimony of Mr. Lopez, an attorney who has not to date been involved in this case, Plaintiffs think Google's proposal is insufficient.

One of the principal goals of the federal rules governing discovery is "preventing trial by ambush and surprise." *Brandon v. Mare-Bear, Inc.*, 225 F.3d 661 (9th Cir. 2000). The same principles govern evidentiary hearings, which courts recognize as essentially mini-trials. *See Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1322 (9th Cir. 1988). Because pre-hearing disclosures are essential to avoid trial by ambush, courts in this Circuit and beyond have commonly granted requests for targeted depositions in advance of evidentiary hearings. *See, e.g.*, *Johnson v. Davis*, No. 98-cv-04043-SI, 2017 WL 2617965, at *3 (N.D. Cal. June 16, 2017) (ordering depositions of fact and expert witnesses before evidentiary hearing); *Coleman v. Brown*, No. Civ S-90-0520 LKK JFM P, 2011 WL 13362492 (E.D. Cal. Aug. 1, 2011) (granting request for limited discovery before evidentiary hearing); *Weeks v. Oswald*, No. 1:12-cv-000082-CWD, 2012 WL 3012640, at *3 (D. Idaho July 23, 2012) (same); *see also, e.g.*, *Tassy v. Lindsay Ent. Enters., Inc.*, No. 3:16-CV-00077-TBR, 2018 WL 1702335, at *4) (W.D. Ky. Apr. 6, 2018) ("Allowing parties to conduct limited discovery prior to holding an evidentiary hearing . . . . is an accepted practice." (collecting cases)). Google's refusal to make two not-yet-deposed witnesses available for short remote depositions risks a hearing that is unorganized and inefficient, and ambushes Plaintiffs, but Plaintiffs are willing to narrow their request to the Court to depose only Mr. Lopez.

A short pre-hearing deposition of Mr. Lopez will promote an efficient and orderly hearing and avoid ambush. With three hours allocated to the Hearing, both sides need to be efficient. A short pre-hearing deposition will increase efficiency because if Plaintiffs do not view the answer to a question asked at deposition as helpful, they will not ask it at the hearing. Unnecessary foundational and background questions can be minimized. This will also allow Plaintiffs to prepare a more informed cross-examination, and prevent the Court from being left to rely on untested "say so" by Mr. Lopez. Plaintiffs are entitled to inquire in advance of the Hearing about what Mr. Lopez is going to testify about at the hearing.

Plaintiffs thus respectfully request that the Court order Google to make Mr. Lopez available for a short (3 hour) remote deposition by January 6, 2023.

            Respectfully submitted,

            By:  */s/ Lauren A. Moskowitz*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700


BARTLIT BECK LLP
  Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
  Hae Sung Nam

Respectfully submitted,

By: */s/ Karma M. Giulianelli*
  Karma M. Giulianelli

  *Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

3

PRITZKER LEVINE LLP
   Elizabeth C. Pritzker

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
   Elizabeth C. Pritzker

*Liaison Counsel for the Class in In re Google Play Consumer Antitrust Litigation*


OFFICE OF THE UTAH ATTORNEY GENERAL
   Brendan P. Glackin
   Lauren M. Weinstein

Respectfully submitted,

By: */s/ Brendan P. Glackin*
   Brendan P. Glackin

*Counsel for the Plaintiff States*

HUESTON HENNIGAN LLP
   Douglas J. Dixon
   Christine Woodin
   Joseph A. Reiter

Respectfully submitted,

By: */s/ Douglas J. Dixon*
   Douglas J. Dixon

*Counsel for Plaintiffs Match Group LLC et al.*

The Honorable James Donato
   United States District Judge
      San Francisco Courthouse, Courtroom 11, 19th Floor
         450 Golden Gate Avenue
            San Francisco, CA 94102

VIA ECF

**E-FILING ATTESTATION**

I, Douglas J. Dixon, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Douglas J. Dixon*
_____
Douglas J. Dixon