MUNGER, TOLLES & OLSON LLP
560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

December 22, 2022

Writer's Direct Contact
(213) 683-9132
(213) 683-5132 FAX
Glenn.Pomerantz@mto.com

The Honorable James Donato
District Judge, N.D. Cal.
San Francisco Courthouse, Courtroom 11
450 Golden Gate Ave.
San Francisco, CA 94102

   Re: *In In re Google Play Store Antitrust Litig., No. 3:21-md-02981-JD (N.D. Cal.); Epic Games, Inc. v. Google LLC, No. 3:20-cv-05671-JD (N.D. Cal.); In re Google Play Consumer Antitrust Litig., No. 3:20-cv-05761-JD (N.D. Cal.); State of Utah v. Google LLC, No. 3:21-cv-05227-JD (N.D. Cal.); Match Group, LLC et al. v. Google LLC et al., No. 3:22-cv-02746-JD (N.D. Cal).*

Dear Judge Donato:

  Defendants ("Google") respectfully request permission to file this response to Plaintiffs' unilateral submission regarding the January 12, 2023 evidentiary hearing on the preservation of chat messages.[1] MDL Dkt. No. 395. Google opposes Plaintiffs' request for a three-hour pre-hearing deposition of one of Google's witnesses, Genaro Lopez. That deposition is both unnecessary and inconsistent with the targeted evidentiary hearing contemplated by this Court's order. Google has already agreed to provide Plaintiffs with a written summary of Mr. Lopez's testimony, the same arrangement that Plaintiffs offered (and Google accepted) in lieu of a deposition for the expert that Plaintiffs intend to present at the hearing.

  On November 16, 2022, this Court issued a straightforward order setting a targeted evidentiary hearing not to exceed three hours on the "chat data dispute." MDL Dkt. 375, 384. The Court ordered testimony on three discrete topics: "the use and operation of [Google's] electronic chat system, including storage and deletion policies, guidelines for chat content, and examples of typical chat communications." *Id.* The Court's order did not reference the parties conducting additional depositions or any other pre-hearing discovery.

  Plaintiffs' contention that a pre-hearing deposition of Mr. Lopez is necessary to avoid "trial by ambush" is without merit. <u>First</u>, the time to present facts for an evidentiary hearing is ordinarily at the hearing itself. *See Merial LLC v. Fidopharm, Inc.*, No. 1:13-CV-1207-SCJ, 2014 WL 12042532, at *5 (N.D. Ga. July 23, 2014) (denying Defendants' request for additional discovery because evidentiary hearing "is precisely the time to present these facts"). After all,

---

[1] Plaintiffs refer to this as a "discovery dispute" because it involves their request for a deposition, MDL Dkt. No. 395 at 1, even though fact discovery closed months ago, and this Court never mentioned discovery in connection with the January 12, 2023 hearing on chat preservation. Plaintiffs also filed their letter late last night, with essentially no notice to Google, after Plaintiffs had previously agreed that any dispute would be raised with the Court through a joint submission.

MUNGER, TOLLES & OLSON LLP

December 22, 2022
Page 2

this is not a trial; it is an evidentiary hearing on a discrete issue.  Plaintiffs have not demonstrated good cause to depart from that ordinary course and reopen fact discovery—which has been closed for months—particularly after having taken extensive discovery in this case, including about chat preservation issues.[2]  *See, e.g., Ellis-Hall Consultants, LLC v. Hoffman*, No. 2:12-CV-771, 2017 WL 3635187, at *1 (D. Utah Aug. 23, 2017) (denying request for additional discovery and finding that "the facts material to this motion have already been extensively discovered" because there was an opportunity to cross-examine witnesses at evidentiary hearing).  None of Plaintiffs' cited cases permitted additional discovery on a fully briefed discovery motion.[3]  <u>Second</u>, Google has offered to provide Plaintiffs with a written summary of Mr. Lopez's expected testimony so that they can prepare questions that are efficient and useful for the Court.  Because this is not a trial, there is no need for Plaintiffs to have a preliminary cross-examination of Mr. Lopez through deposition before he comes to Court for yet another cross-examination at the hearing.  In any event, Plaintiffs do not, and cannot, explain why a written summary for Mr. Lopez's testimony would be any less informative than a written summary of their expert witness's testimony, which Google agreed to accept in lieu of a pre-hearing deposition.

Plaintiffs' letter is the latest in a series of efforts to expand the scope of the targeted evidentiary hearing into a full-blown "mini-trial[]." MDL Dkt. No. 395 at 2.  Google agreed not to oppose Plaintiffs' request to present expert testimony at the hearing, reserving rights to object on relevance or other grounds, and agreed to Plaintiffs' demand that Google custodians be made available to testify live at the hearing, even though these employees have already been deposed on their use of chats.  Plaintiffs' final demand to reopen deposition discovery to depose Mr. Genaro rather than accept a pre-hearing summary of testimony—even though that is all they are planning to provide to Google for their expert—is a bridge too far.

---

[2] Since May 2021, when Plaintiffs first raised the issue of chat preservation, Plaintiffs deposed 43 Google witnesses, most of which lasted up to ten hours on the record.  They chose to question fewer than half of these Google witnesses about chat preservation, and Plaintiffs entirely omitted chat preservation issues from their Rule 30(b)(6) notices, which identified 43 other topics.

[3] Indeed, all were in very different stages of litigation; and all dealt with central and often dispositive issues.  *See Johnson v. Davis*, No. 98-cv-04043-SI, 2017 WL 2617965, at *1 (N.D. Cal. June 16, 2017) (death penalty habeas appeal where the Court in granting the evidentiary hearing "specifically requested the parties to address how much further factual development of the evidentiary claims was appropriate or necessary"); *Coleman v. Brown*, No. Civ S-90-0520 LKK JFM P, 2011 WL 13362492 (E.D. Cal. Aug. 1, 2011) (allowing discovery in the post-judgment remedial phase of the litigation to determine whether Defendants were in compliance with court orders); *Weeks v. Oswald*, No. 1:12-cv-000082-CWD, 2012 WL 3012640, at *3 (D. Idaho July 23, 2012) (concurrently granting an evidentiary hearing and discovery in an early stage of litigation to resolve an issue regarding the proper parties in the litigation); *Tassy v. Lindsay Ent. Enters., Inc.*, No. 3:16-CV-00077-TBR, 2018 WL 1702335, at *4 (W.D. Ky. Apr. 6, 2018) (allowing limited discovery and depositions on the threshold issue of whether there was an agreement to arbitrate before ruling on a motion to compel arbitration).

MUNGER, TOLLES & OLSON LLP

December 22, 2022
Page 3

    Google and its witnesses are ready to proceed with this evidentiary hearing as scheduled, to answer the Court's questions and demonstrate why Plaintiffs' sanctions motion is baseless. Google respectfully requests that the Court deny Plaintiffs' request for a pre-hearing deposition of Mr. Lopez.

    Respectfully submitted,

s/ *Glenn D. Pomerantz*
    Glenn D. Pomerantz
    Kyle W. Mach
    Kuruvilla Olasa
    Justin P. Raphael
    Emily C. Curran-Huberty
    Jonathan I. Kravis
    Dane P. Shikman
    Nicholas R. Sidney

MUNGER, TOLLES & OLSON LLP

s/ *Brian C. Rocca*
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

MORGAN, LEWIS & BOCKIUS LLP

*Counsel for Defendants Google LLC et al.*

MUNGER, TOLLES & OLSON LLP

December 22, 2022
Page 4

## E-Filing Attestation

      I, Dane P. Shikman, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                                    s/ *Dane P. Shikman*
                                                    Dane P. Shikman