| | |
|---|---|
| Brian C. Rocca, S.B #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 422-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, Bar No. 313656<br>dane.shikman@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>MDL No. 2891<br><br>**DECLARATION OF GLENN D. POMERANTZ IN SUPPORT OF DEFENDANTS' OPPOSITION TO EPIC'S AND MATCH'S MOTION FOR LEAVE TO AMEND**<br><br>Judge: Hon. James Donato<br>Date: November 17, 2022<br>Time: 10:00 a.m. Pacific Time |

**DECLARATION OF GLENN D. POMERANTZ**

I, Glenn D. Pomerantz, hereby declare:

1. I am admitted to practice before this Court. I am a partner at the law firm of Munger, Tolles & Olson LLP and counsel of record for Google in the above-captioned matters. I have personal knowledge of the facts set forth in this declaration, except where stated that the facts are based on my understanding or belief. If called as a witness, I could and would testify competently to the matters set forth herein.

2. On September 30, 2022, counsel for Epic Games, Inc. ("Epic") contacted me and informed me that Epic was preparing to file an amended complaint to add new causes of action under Section 1 of the Sherman Act based on agreements that Google reached with certain app developers. On October 2, 2022, Epic's counsel shared with me a draft of the proposed amended complaint, and asked if Google would consent to it. On October 7, 2022, I informed Epic's counsel that Google would not consent. In response, Epic's counsel informed me on the same date that Match Group, Inc. ("Match") would also seek leave to amend its own complaint, and Match's counsel confirmed that it would amend "with allegations and claims that are the same as or similar to those in Epic's proposed amendment."

3. Discovery has unearthed evidence that Match's counsel participated in substantive discussions with officials from the States' Offices of the Attorneys General, since before this litigation began in August 2020. *See, e.g.*, Exhibit A (referenced below). After Match joined the litigation in May 2022, Google re-produced all of the documents to Match that Google had previously produced to the other parties in this litigation.

4. My team has analyzed the timing of when Google produced certain documents to the parties, including Epic, in this litigation. It is my understanding that Google produced the internal "email" that Epic and Match reference in their respective amended complaints (paragraphs 199 and 274, respectively), on December 3, 2021, ten months ago. I also understand that Google produced before that date nearly 30,000 documents referring to Project Hug (or Games Velocity Program or GVP), and approximately 37,000 documents referencing the developers identified in the proposed amendments (Activision, Riot Games, and Supercell). Plaintiffs took the deposition

1  of Google employees Lawrence Koh and Michael Marchak in December 2021 and January 2022,
2  respectively.
3        5.    Attached to this declaration are the following exhibits:
4        a.    **Exhibit A** is a true and accurate copy of an email (STATEAGS_0057437)
5  and an excerpt form an attached presentation (STATEAGS_0057439), produced by the State
6  Plaintiffs.
7        b.    **Exhibit B** is a true and accurate copy of a printout of a Tweet from Tim
8  Sweeney on August 19, 2021.  It is also available at Tim Sweeney (@timsweeneyepic), Twitter
9  (Aug. 19, 2021, 12:22 PM), https://tinyurl.com/87pnjx5s.
10       c.    **Exhibit C** is a true and accurate copy of an excerpt of the deposition of
11 Michael Marchak taken in this litigation.
12       d.    **Exhibit D** is a true and accurate copy of an excerpt of the deposition of an
13 executive of Activision Blizzard, Inc., a third party, taken in this litigation.
14    I declare under penalty of perjury under the laws of the United States of America that the
15 foregoing is true and correct.
16    Executed on this 21st day of October, 2022, at Los Angeles, California.

                                    */s/ Glenn D. Pomerantz*
                                    Glenn D. Pomerantz