# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Civil Minutes

Date: January 12, 2023                                      Judge: Hon. James Donato

Time: 2 Hours & 30 Minutes

Case No.    **3:21-md-02981-JD In re Google Play Store Antitrust Litigation**
            **3:20-cv-05671-JD Epic Games, Inc. v. Google LLC et al**
            **3:20-cv-05761-JD In re Google Play Consumer Antitrust Litigation**
            **3:20-cv-05792-JD In re Google Play Developer Antitrust Litigation**
            **3:21-cv-05227-JD State of Utah et al v. Google LLC et al**
            **3:22-cv-02746-JD Match Group, LLC et al v. Google LLC et al**

Attorney(s) for Plaintiff(s):    Karma Giulianelli/John Byars/Gary Bornstein/
                                 Hae Sung Nam/Lauren Moskowitz/Elizabeth C Pritzker/
                                 Nancy Nishimura/Aaron Schwartz/Lauren Weinstein/
                                 Paul Riehle/Brendan Glackin/Doug Dixon/Glen Summers

Attorney(s) for Defendant(s):    Glen Pomerantz/Brian Rocca/Michelle Park Chiu/
                                 Jonathan Kravis

Court Reporter: Ana Dub

Deputy Clerk: Lisa Clark

## PROCEEDINGS

Evidentiary Hearing & Status Conference -- Held

## NOTES AND ORDERS

The Court holds an evidentiary hearing on plaintiffs' motion for sanctions, MDL Dkt. No. 349, in Case Nos. 20-5671, 20-5761, 21-5227, and 22-2746. *See* attached Exhibit and Witness List.

The parties will jointly propose by January 17, 2023, a date and time for closing arguments. The parties will also propose a plan for responding to these questions, whether by further witness examination or written submissions under oath:

- How many recipients of the litigation hold notice in this case personally elected to turn the history to "on" for any of their Google Chats?
    - On what dates did the hold notice recipients do so?
    - If they later turned the chat history back to "off," when did they do that?

- In any case filed in the United States in the past five years, did Google preserve all Google Chats for relevant individuals (with Google turning the history to "on" for all of those individuals' Google Chats, rather than leaving the preservation decision to the discretion of each individual employee)?
- When did this issue first come up in this case and how?
- Did Google take "appropriate steps to preserve all evidence relevant to the issues reasonably evident in this action" as it represented to the Court in a case management statement on October 1, 2020? *See* Case No. 20-5761, Dkt. No. 45 at 11.
- Did Google plainly advise plaintiffs' counsel or the Court that it was choosing an approach to the preservation of Google Chats that could lead to the loss of potentially relevant evidence if an individual employee decided not to preserve a relevant chat?
- If the Court concludes that Google did not meet its preservation obligations, what is the appropriate remedy? The parties are advised that proposed remedies must be specific and proportionate. Terminating sanctions will not be considered and may not be proposed.

The Court expects that all proceedings relating to the chat preservation issue will be completed by the end of January 2023.

For the case schedule, the Court will extend all remaining dates and is contemplating a trial in September or October 2023. The parties' joint submission on January 17, 2023, should also include the parties' joint proposals on this issue.