Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

*Counsel for Defendants Google LLC et al*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, S.B. #308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA,

## SAN FRANCISCO DIVISION

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

This Document Relates To:

*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD

*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD

*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD

Case No. 3:21-md-02981-JD

**DECLARATION OF GREGORY JOHNSON IN SUPPORT OF DEFENDANTS' BRIEF IN RESPONSE TO THE COURT'S QUESTIONS REGARDING PRESERVATION OF CHAT MESSAGES**

Judge:      Hon. James Donato

## <u>DECLARATION OF GREGORY JOHNSON</u>

I, Gregory Johnson, declare as follows:

1.      I am a Legal Specialists Manager at Google, and have been a Legal Specialist at Google since 2012.  My responsibilities as a Legal Specialist include working with in-house counsel, outside counsel, members of the Google Discovery team, and business and product teams across various litigation matters to conduct fact-finding investigations, gather information, identify documents and data to preserve and/or collect in response to litigation discovery.  I make this declaration based on personal knowledge.  If called as a witness, I could testify competently to the facts stated herein.

### <u>Legal Hold Notices & Instructions About Google Chat Preservation</u>

2.      I am familiar with the process for creating and circulating legal hold notices at Google, and I am personally responsible for implementing the legal hold notices and reminders to Google employees in this case.  I am familiar with Google's practices with regard to preservation obligations and document collection.

3.      As a matter of process, Google has a template legal hold notice that it uses for some of its litigation matters.  Typically, when a case is filed, Google litigation counsel, usually working with outside counsel, revises the template to include background information about the case, as well as the topics that are covered by the legal hold notice.  After that, a Legal Specialist, such as myself, will incorporate the case background information and covered topics drafted by counsel into an internal discovery operations tracking system and utilize this system to apply the legal hold and send the legal hold notice, resulting in an email to the list of individuals that counsel has identified to receive the legal hold notice.

4.      That is what happened in this case.  A silent "back end" hold was implemented in the system for an initial set of employees on September 3, 2020, automatically preserving their documents including history-on chats.  Then, after the content of the initial hold notice was finalized by litigation counsel, I entered counsel's case background information and covered topics into the discovery operations tracking system which disseminated it to recipients identified for legal hold at the time on September 11, 2020.  As the case progressed, and counsel identified

new individuals that may have information relevant to the claims, I would apply the legal hold and send the legal hold notice through the discovery operations tracking system to those new individuals.  Subsequently, I also received updated legal hold notice language from counsel that reflected additional parties and legal theories and was responsible for sending those updated legal hold notices to all legal hold custodians.  As of now, Google has placed 383 employees on legal hold for this matter.

5.      In addition to sending numerous amended legal hold notices over time, I also sent repeated emails to a list of Google employees in this matter, at the instruction of counsel, reminding them that they are on legal hold.  In almost every such reminder, we emphasized that Google has an obligation to preserve chat messages for this case, or specifically reminded employees that to the extent they use chats, they should take steps, such as turning "history on," to preserve them.

6.      On at least one occasion in July 2021, consistent with the testimony of our Information Governance Lead (Genaro Lopez) at the evidentiary hearing—an excerpt of which was provided to me by counsel for review—I reminded legal hold notice recipients by email that they should avoid Chat for any topic covered by the legal hold.  I also told them, consistent with Mr. Lopez's testimony, that if they needed to use Google Chat to talk about topics covered by the litigation hold, then they needed to turn history on to make sure their communications would be preserved.

**Preservation Approach for Past Five Years**

7.      I understand that the Court has asked the following question:

*"In any case filed in the United States in the past five years, did Google preserve all Google Chats for relevant individuals (with Google turning the history to "on" for all of those individuals' Google Chats, rather than leaving the preservation decision to the discretion of each individual employee)?"*

8.      I have been a Litigation Paralegal at Google for over 10 years and have participated in hundreds of litigation matters while in this position, and my understanding is that Google has, at least for the past five years, maintained the same approach to preserving Google Chats for legal hold recipients in all of its cases.  That general approach is that Google preserves (a) automatically

(no user action required) the threads in which a legal hold recipient participates in threaded rooms/spaces, and (b) any unthreaded chats (either one-on-one or among a group) in which a participant turned history on.

9.      I have taken a number of steps to confirm this.  First, over the course of my more than 10 years as a Litigation Paralegal at Google, I have never been involved in a case in which Google automatically preserved all chats, without individual user action, beyond those in threaded room/spaces.  Second, I have surveyed the team of Google paralegals that handle all U.S. litigation matters at Google, and to the best of my understanding, none is aware of any case in which Google automatically preserved all chats automatically beyond threaded rooms/spaces.   I spoke with almost all members of that group, and they confirmed that Google's practice in all their cases is to instruct legal hold recipients to not use Google Chat for topics covered by the legal hold, and if necessary to turn history on for any such chat (which would not be necessary if all their Google Chats were being automatically preserved).  Finally, I have confirmed with our Information Governance Lead, Genaro Lopez, who confirmed he is not aware of any instance in which the legal team has asked his team to force "history on" for all Google Chats for legal hold recipients.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 24th day of January, 2023, in San Francisco, California.

DocuSigned by:

*Gregory Johnson*

Gregory Johnson

-3-