# EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

-----------------------------------------------------x

IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION

Case No. 3:21-md-02981-JD

THIS DOCUMENT RELATES TO:

Epic Games Inc. v. Google LLC, et al.,
Case No. 3:20-cv-05671-JD

-----------------------------------------------------x

*HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*

REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF
DOUGLAS BERNHEIM
Thursday, April 6, 2023

Reported By: Lynne Ledanois, CSR 6811

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

-----------------------------------------------------x

IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION — Case No. 3:21-md-02981-JD

THIS DOCUMENT RELATES TO:

Epic Games Inc. v. Google LLC, et al.,
Case No. 3:20-cv-05671-JD

-----------------------------------------------------x

Remote videotaped deposition of DOUGLAS BERNHEIM, taken in Los Altos, California commencing at 9:05 a.m. on Thursday, April 6, 2023 before Lynne Ledanois, Certified Shorthand Reporter No. 6811.

REMOTE APPEARANCES

Counsel for Plaintiff Epic Games, Inc. in:
Epic Games, Inc. v. Google LLC, et al:
CRAVATH, SWAINE & MOORE LLP
BY: GARY A. BORNSTEIN
ASHLEY ULRICH
Attorneys at Law
825 Eighth Avenue
New York, New York 10019
gbornstein@cravath.com
aulrich@cravath.com

Counsel for Google LLC, et al:
MUNGER TOLLES & OLSON LLP
BY: KYLE W. MACH
JAMIE LUGURI (Los Angeles)
Attorneys at Law
560 Mission Street
27th Floor
San Francisco, California 94105
kyle.mach@mto.com
jamie.luguri@mto.com

///

REMOTE APPEARANCES

Counsel for Plaintiff States:

OFFICE OF THE ATTORNEY GENERAL
STATE OF UTAH
BY: MICHAEL ALTEBRANDO
Attorney at Law
111 S. Main Street
Suite 1800
Salt Lake City, Utah 84111
maltebrando@agutah.gov

-and-

OFFICE OF THE ATTORNEY GENERAL
STATE OF NEW YORK
BY: BRYAN BLOOM
Attorney at Law
28 Liberty Street
New York, New York 10005
Bbloom@ag.ny.gov

///

REMOTE APPEARANCES

Counsel for the Proposed Class In re: Google Play Consumer Antitrust Litigation:

BARTLIT BECK
BY: KARMA GIULIANELLI
Attorney at Law
1801 Wewetta Street
Suite 1200
Denver, Colorado 80202
k.giulianelli.@bartlitbeck.com

Counsel for Plaintiffs Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media:

HUESTON HENNIGAN
BY: TATE HARSHBARGER
Attorney at Law
523 West 6th Street
Suite 400
Los Angeles, California 90014
tharshbarger@hueston.com

///

REMOTE APPEARANCES

ALSO PRESENT:

Stephen Myers, Match Group

Jeanette Teckman, Match Group

Ben Scher, Bates White

Eric Scher, Bates White

Mathis Wagner, Bates White

Jeffree Anderson, Videographer

Chinyere Woods, Veritext Tech

I N D E X  O F  E X A M I N A T I O N


| Examination by: | Page |
|---|---|
| Mr. Mach | 12 |


///

Thursday, April 6, 2023

9:05 a.m.

-------------------------------------------------------

THE VIDEOGRAPHER: Good morning. We're going on the record at 9:05 a.m. And audio and video recording will continue to take place unless all parties agree to go off the record.

This is Media Unit 1 of the video-recorded deposition of Douglas Bernheim taken by counsel for the defendant in the matter of In Re Google Play Store Antitrust Litigation filed in the United States District Court for the Northern District of California, San Francisco Division. Case number is 3:21-md-02981-JD.

My name is Jeffree Anderson representing Veritext and I'm the videographer. The court reporter is Lynne Ledanois from the firm Veritext.

All parties are recorded on the record and you may swear in the witness. Thank you.

DOUGLAS BERNHEIM, Ph.D.,

having been duly sworn, testified as follows:

EXAMINATION

BY MR. MACH:

Q Good morning, Dr. Bernheim.

A It is, yes.

Q And on one side we have smartphone users; correct?

A Yes.

Q And on the other side we have Android app developers; correct, sir?

A Yes.

Q And just to use Google Play as an example of a product in this market, Google Play is selling its services -- Google is selling Google Play's app distribution services to both smartphone users and Android app developers; correct?

A Simultaneously, yes.

Q Focusing for a moment on smartphone users, those smartphone users are the customer -- strike that.

Smartphone users are one of Google's customers for app distribution through Google Play; correct?

A Yes. You can call them "customers," you can call them "buyers." I often use the words "buyers" and "sellers" when I'm identifying markets. But sure, "customers" will do.

Q Android app developers are also customers for -- strike that. Because I have a technical beep

over here.

Android app developers are also one of Google's customers for Google Play app distribution services; correct?

A Yes.

Q These are your terms, so we're on the same page, the developers are buyers of Android app distribution services from Google; correct?

A Yes, they are buyers. Google is the seller of the app distribution services.

Q And so, for example, a paid dictionary -- strike that.

The developer of a paid dictionary app would purchase distribution services from Google to distribute that app; correct?

A When we're defining markets, we don't think about monetization. Monetization is not part of the product.

So you just think about what need is being met, who's providing it and whose need it is.

So here we have app developers who would need to get their apps into users' phones. We have users with a need to get those apps into their phones. So they are the buyers, they are the customers.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



We have a party, Google Play in your example, who's providing service to both of them at the same time to make that happen.

So all of that is described without saying who pays for what because who pays for what is a question about monetization.

Monetization is not part of the product. The product is addressing the need.

Q So we used the term "buyers" a moment ago. Do you recall that?

A Mm-hmm.

Q So if I use the term "buyer," you're saying that a firm can be a buyer regardless of whether it pays a positive price or a negative price in effect; is that correct?

A That's correct. The way I'm using the terms is a transaction involves delivering something of value to parties in exchange for consideration. That consideration does not have to take the form of cash.

That's just the monetization issue.

So the question is what is being -- what value is being delivered in this transaction.

It is the app distribution service.

Q So that we don't kind of end up in an eddy, I'm going to try to use your terminology here