| | |
|---|---|
| Brendan Glackin (SBN 199643)<br>bglackin@agutah.gov<br>Lauren M. Weinstein (*pro hac vice*)<br>lweinstein@agutah.gov<br>**UTAH OFFICE OF THE**<br>**ATTORNEY GENERAL**<br>160 East 300 South, Fifth Floor<br>P.O. Box 140874<br>Salt Lake City, UT 84114<br>Telephone: (801) 366-0375<br><br>S. Ethan Bowers (*pro hac vice*)<br>Ethan.Bowers@ag.tn.gov<br>**TENNESSEE OFFICE OF THE**<br>**ATTORNEY GENERAL**<br>P.O. Box 20207<br>Nashville, TN 37202<br>Telephone: (615) 741-8722<br><br>*Attorneys for the Plaintiff States* | Sarah G. Boyce (*pro hac vice*)<br>sboyce@ncdoj.gov<br>Jonathan Marx (*pro hac vice*)<br>jmarx@ncdoj.gov<br>Jessica V. Sutton (*pro hac vice*)<br>jsutton2@ncdoj.gov<br>**NORTH CAROLINA DEPARTMENT**<br>**OF JUSTICE**<br>P.O. Box 628<br>Raleigh, NC 27602<br>Telephone: (919) 716-6000<br><br>Elinor Hoffmann (*pro hac vice*)<br>elinor.hoffmann@ag.ny.gov<br>Bryan L. Bloom (*pro hac vice*)<br>bryan.bloom@ag.ny.gov<br>Benjamin Julian Cole (*pro hac vice*)<br>benjamin.cole@ag.ny.gov<br>**NEW YORK STATE OFFICE OF THE**<br>**ATTORNEY GENERAL**<br>28 Liberty Street<br>New York, NY 10005<br>Telephone: (212) 416-8262 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>DECLARATION OF LAUREN M. WEINSTEIN IN SUPPORT OF PLAINTIFFS' STATEMENT OF PROPOSED ATTORNEYS' FEES AND COSTS |

DECLARATION OF LAUREN M. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' STATEMENT OF
PROPOSED ATTORNEYS' FEES AND COSTS

Case No. 3:21-cv-05227-JD

I, LAUREN M. WEINSTEIN, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice before this Court in the above-captioned litigation. I am a partner with the law firm of MoloLamken LLP and have been appointed as a Special Assistant Attorney General with the Utah Office of the Attorney General to represent the States as trial counsel in this litigation. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. By order dated March 28, 2023, this Court found that "Google did not take reasonable steps to preserve electronically stored information that should have been preserved in the anticipation or conduct of litigation," that "relevant, substantive business communications were made on Chat that plaintiffs will never see, to the potential detriment of their case," and that "it is entirely appropriate for Google to cover plaintiffs' reasonable attorneys' fees and costs in bringing the Rule 37 motion, including the joint statement that preceded the motion and the evidentiary hearing and related events." (Dkt. No 469.) This Court further directed Plaintiffs to file a statement of proposed attorneys' fees and costs.

3. As set forth in greater detail below, the States are seeking $331,674.60.00 in fees and costs. I have reviewed the time entries substantiating the fees and cost sought and determined that they are reasonable. Moreover, the work underlying those fees and costs was performed at my direction, under my supervision, or in coordination with me.

4. The States are seeking fees for four categories of attorney time and work:

| | | |
|---|---|---|
| Category 1 | | Emails and phone calls regarding Chat preservation, production of Chats, and related issues |
| Category 2 | | Drafting and reviewing the joint statement, Rule 37 briefs, and other court submissions concerning Chat preservation |
| Category 3 | | Preparation for and participation in the evidentiary hearing |

DECLARATION OF LAUREN M. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' STATEMENT OF                       1                    Case No. 3:21-cv-05227-JD
PROPOSED ATTORNEYS' FEES AND COSTS

        Category 4    Assistance with expert retention and preparation for the evidentiary hearing as well as follow-up issues regarding Chat technology

5.    The names, titles, and billing rates of the timekeepers whose fees the States are seeking to recover are set forth in the table below:

| Name | Title | Hourly Rate[1] |
|---|---|---|
| Brendan P. Glackin | Partner, Lieff Cabraser Heimann & Bernstein, LLP<br><br>Special Assistant Attorney General with the Utah Office of the Attorney General | $980 (2022)<br>$1,080 (2023) |
| Lauren M. Weinstein | Partner, MoloLamken LLP<br><br>Special Assistant Attorney General with the Utah Office of the Attorney General | $900 (2022)<br>$975 (2023) |
| Paula Blizzard | Senior Assistant Attorney General, California Department of Justice | $707 (2022)<br>$758 (2023) |
| Henry Cornillie | Deputy Attorney General, California Department of Justice | $521 (2022)<br>$568 (2023) |
| Brian Wang | Deputy Attorney General, California Department of Justice | $589 (2022)<br>$638 (2023) |
| Laura Namba | Paralegal, California Department of Justice | $207 (2022)<br>$220 (2023) |
| Sarah Boyce | Deputy Attorney General & General Counsel at the North Carolina Department of Justice | $589 (2022)<br>$638 (2023) |
| Jessica Sutton | Special Deputy Attorney General at the North Carolina Department of Justice | $664 |
| Brendan Benedict | Principal, Benedict Law Group PLLC<br><br>Special Assistant Attorney General with the Utah Office of the Attorney General | $650 |

---

[1] Consistent with the their offices' practices, the timekeepers employed primarily by Attorney Generals' Offices or Departments of Justice used the Fitzpatrick Matrix (available at https://www.justice.gov/usao-dc/page/file/1504361/download), which provides hourly rates for legal fees for complex federal litigation in the District of Columbia, to determine their appropriate hourly rates. Messrs. Glackin and Benedict and Ms. Weinstein used their standard hourly rates. Lieff Cabraser Hiemann & Bernstein's rate structure has routinely been approved as reasonable by courts in this district, including, in past years, as to Mr. Glackin's historical rates.

| S. Ethan Bowers | Assistant Attorney General at the Office of the Tennessee Attorney General | $717 |
|---|---|---|
| Benjamin Cole | Assistant Attorney General at the New York State Office of the Attorney General | $625 |

6. With respect to Category 1, which encompasses attorney work associated with emails and telephone conferences regarding Chat preservation, production of Chats, and related issues, the States are seeking a total of $84,924.00. I devoted 12.50 hours to work in Category 1 at my rate of $900/hour in 2022 and 32.80 hours at $975/hour in 2023, for a total of $43,230.00. Mr. Glackin devoted 0.4 hours to work in Category 1 at his 2023 rate of $1,080/hour, for a total of $1,404.00. Ms. Blizzard devoted 1.0 hours to work in Category 1 at her rate of $707/hour in 2022 and 6.75 hours at $758/hour in 2023, for a total of $5,823.50. Mr. Wang devoted 9.25 hours to work in Category 1 at his rate of $589/hour in 2022 and 10.45 hours at $638/hour in 2023, for a total of $12,115.35. Mr. Cornillie devoted 7.50 hours to work in Category 1 at his rate of $521/hour in 2022 and 9.50 hours at $568/hour in 2023, for a total of $9,303.50. Ms. Namba devoted 12.75 hours to work in Category 1 at her rate of $207/hour in 2022 and 32 hours at $220/hour in 2023, for a total of $9,679.25. Ms. Boyce devoted 0.50 hours to work in Category 1 at her rate of $589/hour in 2022 and 1.0 hours at $638/hour in 2023, for a total of $932.50. Mr. Bowers devoted 2.70 hours to work in Category 1 at his rate of $717/hour, for a total of $1,935.90. Mr. Cole devoted 0.8 hours to work in Category 1 at his rate of $625/hour, for a total of $500.00.

7. With respect to Category 2, which encompasses attorney work associated with drafting and reviewing the various filings associated with the Plaintiffs' Rule 37 motion, the States are seeking a total of $113,542.75. I devoted 7.70 hours to work in Category 2 at my rate of $900/hour in 2022 and 40.30 hours at $975/hour in 2023, for a total of $46,222.50. Ms. Blizzard

devoted 1.0 hour to work in Category 2 at her rate of $707/hour in 2022 and 3.25 hours at $758/hour in 2023, for a total of $3,170.50.  Mr. Wang devoted 18.0 hours to work in Category 2 at his rate of $589/hour in 2022 and 36.26 hours at $638/hour in 2023, for a total of $33,729.50.  Mr. Cornillie devoted 5.75 hours to work in Category 2 at his rate of $521/hour in 2022 and 14.25 hours at $568/hour in 2023, for a total of $11,089.75.  Ms. Namba devoted 14.0 hours to work in Category 2 at her rate of $207/hour in 2022 and 13.5 hours at $220/hour in 2023, for a total of $5,868.00.  Ms. Boyce devoted 4.10 hours to work in Category 2 at her rate of $589/hour in 2022 and 2.9 hours at $638/hour in 2023, for a total of $4,265.10.  Ms. Sutton devoted 2.7 hours to work in Category 2 at her rate of $664/hour, for a total of $1,792.80.  Mr. Benedict devoted 0.5 hours to work in Category 2 at his rate of $650/hour, for a total of $325.00.  Mr. Bowers devoted 6.30 hours to work in Category 2 at his rate of $717/hour, for a total of $4,517.10.  Mr. Cole devoted 4.10 hours to work in Category 2 at his rate of $625/hour, for a total of $2,562.50.

8.  With respect to Category 3, which encompasses attorney work associated with preparation for and attendance at the evidentiary hearing, the States are seeking a total of $116,817.75.  I devoted 72.80 hours to work in Category 3 at my rate of $975/hour, for a total of $70,980.00.  Mr. Glackin devoted 18.6 hours to work in Category 3 at his rate of $1,080/hour, for a total of $20,088.00.  Ms. Blizzard devoted 0.25 hours to work in Category 3 at her rate of $707/hour in 2022 and 14.25 hours at $758/hour in 2023, for a total of $10,978.25.  Mr. Wang devoted 19.75 hours to work in Category 3 at his rate of $638/hour, for a total of $12,600.50.  Mr. Cornillie devoted 1 hour to work in Category 3 at his rate of $568/hour, for a total of $568.00.  Ms. Namba devoted 1.25 hours to work in Category 3 at her rate of $220/hour, for a total of $275.00.  Ms. Sutton devoted 2.0 hours to work in Category 3 at her rate of $664/hour, for a total of $1,328.00.

9. With respect to Category 4, which encompasses attorney work associated with expert retention and preparation, the States are seeking a total of $977.50. I devoted 0.5 hours to work in Category 4 at my rate of $975/hour, for a total of $487.50. Mr. Glackin devoted 0.5 hours to work in Category 4 at his rate of $980/hour, for a total of $490.00.

10. In addition to these attorneys' fees, the States are also seeking to recover $15,412.60 for costs associated with prosecuting the Rule 37 motion. These costs include the fees the States incurred in the co-retention of Plaintiffs' hot seat operator for the evidentiary hearing (both days), the co-retention of Plaintiffs' expert on Chat preservation who submitted a report in connection with litigation of this issue and was prepared to testify during the evidentiary hearing, the court reporter's preparation of the transcripts for the evidentiary hearing, and reporter and videographer fees associated with the deposition of Tian Lim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21 day of April, 2023, in Washington, D.C.

April 21, 2023                                           Respectfully submitted,

                                                            By:   */s/ Lauren M. Weinstein*
                                                                    LAUREN M. WEINSTEIN