HUESTON HENNIGAN LLP
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:    (949) 229-8640

HUESTON HENNIGAN LLP
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Christine Woodin, State Bar No. 295023
cwoodin@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340

Attorneys for Plaintiffs Match Group, LLC;
Humor Rainbow, Inc.; PlentyofFish Media ULC;
and People Media, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITLIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et al., v. Google LLC, et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**MATCH PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. James Donato |

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Plaintiffs Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc. (collectively, the "Match Plaintiffs") respectfully move the Court to seal portions of the Declaration of Douglas J. Dixon in Support of the Joint Statement by Consumer Plaintiffs, States and the Match Plaintiffs of Attorneys' Fees and Costs Awarded Pursuant to Chat Sanction Order ("Dixon Declaration") and accompanying Exhibit 1. This Motion is supported by the Declaration of Douglas J. Dixon ("Dixon Declaration ISO Sealing") and the Proposed Order submitted herewith.

## ARGUMENT

For attorneys' fees submissions, sealing is warranted for good cause. Although there is a "presumption of access" to the judicial record that typically justifies a "compelling reason" standard for a sealing motion, the Ninth Circuit recognizes an exception for "motions that are 'not related, or only tangentially related, to the merits of a case.'" *Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, *1 (N.D. Cal. Aug. 22, 2019) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016)). "Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure." *Grace*, 2019 WL 12288173 at *1. A statement of attorneys' fees in response to an award pursuant to an opposing party's discovery sanctions is without doubt "unrelated, or only tangentially related, to the underlying cause of action" in this litigation. *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) ("As the issues in the attorneys' fees motion are 'only tangentially related' to the merits of the case, this Court applies the good cause standard."). "The 'good cause' standard requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Grace*, 2019 WL 12288173 at *1 (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). That harm could include "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Courts in this district have recognized that non-public fee arrangements between a party and its counsel are highly sensitive and that "disclosing these privately negotiated financial arrangements could impair the attorneys' bargaining power." *In re Anthem, Inc.*, 2018 WL 3067783 at *2; *see also TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 5116721, at *2 (N.D. Cal. Aug. 28, 2015) (granting motion to seal information "concerning special fee arrangements between" the moving party and its law firm). Across the Ninth Circuit, courts routinely find good cause to grant motions to seal negotiated billing rates that are "competitively sensitive and not publicly known." *Mine O'Mine, Inc. v. Calmese*, No. 2:10-CV-00043-KJD, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012); *see also E & J. Gallo Winery v. Proximo Spirits, Inc.*, No. 1:10-CV-00411 LJO, 2012 WL 1635190, at *1 (E.D. Cal. May 8, 2012) (sealing disclosure of billing rates); *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, No. 217CV00516GMNGWF, 2020 WL 137382, at *3 (D. Nev. Jan. 13, 2020) (sealing disclosure of "confidential negotiated billing rates which are generally not available to the public or competitors").

Here, the portions of the documents the Match Plaintiffs seek to redact are references to the Match Plaintiffs' non-public, negotiated rates with Hueston Hennigan. (Dixon Decl. ISO Sealing ¶¶ 2-6.) The arrangement is specific to Hueston Hennigan's work for Match Plaintiffs and is not otherwise disclosed. (*Id.*) Disclosure could harm Hueston Hennigan by providing its competitors, as well as clients (prospective or current), with sensitive information that could affect Hueston Hennigan's competition in the legal marketplace and negotiations for future work. (*Id.*) Because the unique hourly rates at issue could be deduced from disclosure of the hours worked and the amount paid, the Match Plaintiffs also seek to seal the hours expended by Hueston Hennigan's team in the Dixon Declaration and accompanying Exhibit 1. *See In re Anthem, Inc.*, 2018 WL 3067783, at *2 (granting motion to seal "information that could be used to derive an individual attorney's rate"); *E & J Gallo Winery*, 2012 WL 1635190, at *1 n.2 ("As to some of this information, the Court is faced with sealing the total hours worked or the rates charged or the total amount of the bill. Clearly, having two pieces of this information would reveal the third piece. Thus, as detailed below, the Court has ordered sealing of certain information such to preclude disclosure of the rate charged.").

Importantly, the Match Plaintiffs do not seek to seal the total fees, those "aggregated across" their attorneys, but instead have sufficiently "narrowly tailored their request" to just the pieces of information that together could reveal their specially negotiated billing rates with Hueston Hennigan. *In re Anthem, Inc.*, 2018 WL 3067783, at *2.

The Match Plaintiffs thus request that the Court grant this Motion and permit the sealing designated below:

| Document | Corresponding Phrases |
|---|---|
| Declaration of Douglas J. Dixon in Support of Joint Statement by Consumer Plaintiffs, States and Match Plaintiffs of Attorneys' Fees and Costs Awarded Pursuant to Chat Sanction Order | ¶ 8: (in total)<br><br>¶ 9: The clause between "The rates billed to the Match Plaintiffs are especially reasonable" and "and considering the complexity of this MDL." |
| Exhibit 1 to Dixon Decl. | "Hours" Column: (in total)<br><br>2022 Rate Column: (in total, including partial heading)<br><br>2022-2023 Rate Column: (in total, including partial heading) |

## **CONCLUSION**

For the foregoing reasons, the Match Plaintiffs respectfully request that the Court seal the material identified in the Dixon Declaration and Exhibit 1.

DATED:  April 21, 2023                    HUESTON HENNIGAN LLP


By:  /s/ *Douglas J. Dixon*
     Douglas J. Dixon
     Attorneys for Plaintiffs
     Match Group, LLC, Humor Rainbow, Inc.,
     PlentyofFish Media ULC, and People Media, Inc.