# EXHIBIT 14

HIGHLY CONFIDENTIAL

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2        FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                SAN FRANCISCO DIVISION
 4  _____
 5  IN RE GOOGLE PLAY STORE          CASE NO.
    ANTITRUST LITIGATION             3:21-md-02981-JD
 6
    THIS DOCUMENT RELATES TO:
 7
 8  Match Group, LLC et al., v. Google LLC et al.,
    Case No. 3:22-cv-02746-JD
 9
10  Epic Games Inc. v. Google LLC et al.,
    Case No. 3:20-cv-05761-JD
11
12  In re Google Play Consumer Antitrust
    Litigation, Case No. 3:20-cv-05761-JD
13
14  In re Google Play Developer Antitrust
    Litigation, Case No. 3:20-cv-05792-JD
15
    State of Utah et al. v. Google LLC et al.,
16  Case No. 3:21-cv-05227-JD
   _____
17
18     ***HIGHLY CONFIDENTIAL - UNDER PROTECTIVE ORDER***
19              REMOTE PROCEEDINGS OF THE
20         VIDEOTAPED DEPOSITION OF SAMEER SAMAT
21                TUESDAY, NOVEMBER 8, 2022
22
23
24  REPORTED BY KIMBERLY EDELEN,
    CSR. NO. 9042, CRR, RPR.
25
```

```
                                                              Page 2

 1   REMOTE PROCEEDINGS OF THE VIDEOTAPED DEPOSITION OF
 2   SAMEER SAMAT, TAKEN ON BEHALF OF THE PLAINTIFFS, AT
 3   1:04 P.M. PST, TUESDAY, NOVEMBER 8, 2022, BEFORE
 4   KIMBERLY A. EDELEN, CSR NO. 9042, CRR, RPR.
 5
 6   REMOTE APPEARANCES OF COUNSEL
 7
     FOR MATCH GROUP, LLC; HUMOR RAINBOW, INC.;
 8   PLENTYOFFISH MEDIA ULC; AND PEOPLE MEDIA:
                         HUESTON HENNIGAN LLP
 9                       BY:  DOUGLAS J. DIXON, ESQ.
                              JULIA L. HAINES, ESQ.
10                       620 NEWPORT CENTER DRIVE
                         SUITE 1300
11                       NEWPORT BEACH, CALIFORNIA 92660
                         949.229.8640
12                       DDIXON@HUESTON.COM
                         JHAINES@HUESTON.COM
13
14
     FOR EPIC GAMES, INC.
15   (IN EPIC GAMES, INC. V. GOOGLE LLC, ET AL.):
                         CRAVATH SWAINE & MOORE, LLP
16                       BY:  DANIEL L. OTTAUNICK, ESQ.
                         825 8TH AVENUE
17                       NEW YORK, NEW YORK 10019
                         212.474.1687
18                       DOTTAUNICK@CRAVATH.COM
19
20   FOR PROPOSED CLASS IN RE: GOOGLE PLAY CONSUMER
     ANTITRUST LITIGATION:
21                       KOREIN TILLERY LAW OFFICES
                         BY:  DAVID WALCHAK, ESQ.
22                       205 NORTH MICHIGAN AVENUE
                         SUITE 1950
23                       CHICAGO, ILLINOIS 60601
                         312.641.9750
24                       DWALCHAK@KOREINTILLERY.COM
25      (REMOTE APPEARANCES CONTINUED ON FOLLOWING PAGE)
```

HIGHLY CONFIDENTIAL

Page 3

```
 1   REMOTE APPEARANCES OF COUNSEL (CONTINUED)
 2
 3   FOR GOOGLE LLC, ET AL.:
                      MORGAN LEWIS & BOCKIUS LLP
 4                    BY:  BRIAN C. ROCCA, ESQ.
                           LEIGHA BECKMAN, ESQ.
 5                    ONE MARKET, SPEAR STREET TOWER
                      28TH FLOOR
 6                    SAN FRANCISCO, CALIFORNIA 94105
                      415.442.1000
 7                    BRIAN.ROCCA@MORGANLEWIS.COM
                      LEIGHA.BECKMAN@MORGANLEWIS.COM
 8
 9
     INTERIM CO-LEAD CLASS COUNSEL FOR PLAINTIFFS AND
10   PROPOSED CLASS IN IN RE GOOGLE PLAY CONSUMER
     ANTITRUST LITIGATION:
11                    BARTLIT BECK, LLP
                      BY:  KARMA M. GIULIANELLI, ESQ.
12                    1801 WEWATTA STREET
                      SUITE 1200
13                    DENVER, COLORADO 80202
                      303.592.3165
14                    KARMA.GIULIANELLI@BARTLIT-BECK.COM
15
16   FOR THE STATE OF TENNESSEE:
                      TENNESSEE OFFICE OF THE
17                    ATTORNEY GENERAL
                      BY:  S. ETHAN BOWERS, ESQ.
18                    P.O. BOX 20207
                      NASHVILLE, TENNESSEE 37202
19                    ETHAN.BOWERS@AG.TN.GOV
20
21   ALSO PRESENT:  JEFREE ANDERSON, VIDEOGRAPHER
22                  KATHLYN QUERUBIN, GOOGLE
23                  STEPHEN MYERS, MATCH GROUP
24                  JEANETTE TECKMAN, MATCH GROUP
25
```

1                REMOTE PROCEEDINGS
2         TUESDAY, NOVEMBER 8, 2022; 1:04 P.M. PST
3
4
5         THE VIDEOGRAPHER:  Good afternoon.  We're
6  going on the record at 1:04 p.m. on November 8th,
7  2022.
8         Please note that this deposition is being
9  conducted virtually.  Audio and video recording will
10 continue to take place unless all parties agree to
11 go off the record.
12         This is Media Unit 1 of the video-recorded
13 deposition of Sameer Samat taken by counsel for
14 plaintiff in the matter of In Re Google Play Store
15 Antitrust Litigation versus Google Incorporated,
16 et al., filed in the United States District Court,
17 Northern District of California, Case
18 No. 3:22-cv-02746-JD.
19         This deposition is being conducted remotely
20 using virtual technology.  My name is
21 Jefree Anderson representing Veritext and I'm the
22 videographer.  The court reporter is Kimberly Edelen
23 from the firm Veritext.
24         All appearances are noted on the record,
25 and the witness can be sworn in.

Page 105

1  language is used.  Again, we did have to literally
2  change the words in order to clarify the policy, so
3  that may be why.
4      Q   And prior to the announcement in September
5  of 2020, fair to say that Google had been discussing
6  this clarification or change for several years?
7      A   We had been discussing the clarification as
8  developers had pointed to our existing language and
9  suggested that there might be loopholes.  We had
10 then tried to clarify with them privately that those
11 were not, in fact, the intention of the language.
12         But because of the continual insistence
13 that that's what the language really meant, we
14 decided to clarify.
15     Q   And those discussions started back at least
16 as early as 2017, right?
17     A   I don't remember precisely, but it wouldn't
18 surprise me.
19     Q   And one of the reasons that Google waited
20 to announce the policy for several years was because
21 Google was worried about blowback from developers
22 and regulators and the media over the announcement
23 of such a change or clarification, correct?
24     A   No, I --
25         MR. ROCCA:  Objection.  Form.

HIGHLY CONFIDENTIAL

Page 206

1  STATE OF CALIFORNIA        )
2  COUNTY OF LOS ANGELES      )    ss.
3
4       I, Kimberly A. Edelen, C.S.R. No. 9042, in and
5  for the State of California, do hereby certify:
6       That prior to being examined, the witness named
7  in the foregoing deposition was by me duly sworn to
8  testify the truth, the whole truth and nothing but
9  the truth;
10      That said deposition was taken down by me in
11 shorthand at the time and place therein named, and
12 thereafter reduced to typewriting under my
13 direction, and the same is a true, correct and
14 complete transcript of said proceedings;
15      That if the foregoing pertains to the original
16 transcript of a deposition in a Federal Case, before
17 completion of the proceedings, review of the
18 transcript { } was {X} was not requested.
19      I further certify that I am not interested in
20 the event of the action.
21      Witness my hand this 9th day of November,
22 2022.
23
24                              _____
                                KIMBERLY A. EDELEN, C.S.R. NO. 9042
25