1   Karma M. Giulianelli (SBN 184175)
    karma.giulianelli@bartlitbeck.com
2   **BARTLIT BECK LLP**
3   1801 Wewetta St., Suite 1200
    Denver, Colorado 80202
4   Telephone: (303) 592-3100

5   Hae Sung Nam (*pro hac vice*)
    hnam@kaplanfox.com
6   **KAPLAN FOX & KILSHEIMER LLP**
    850 Third Avenue
7   New York, NY 10022
    Tel.: (212) 687-1980

8   *Co-Lead Counsel for the Proposed Class in In*
9   *re Google Play Consumer Antitrust Litigation*

    Steve W. Berman (*pro hac vice*)
10  steve@hbsslaw.com
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
11  1301 Second Ave., Suite 2000
    Seattle, WA 98101
12  Telephone: (206) 623-7292

13  Eamon P. Kelly (*pro hac vice*)
    ekelly@sperling-law.com
14  **SPERLING & SLATER P.C.**
15  55 W. Monroe, Suite 3200
    Chicago, IL 60603
16  Telephone: 312-641-3200

17  *Co-Lead Counsel for the Proposed Class in In*
    *re Google Play Developer Antitrust Litigation*
18  *and Attorneys for Pure Sweat Basketball, Inc.*

19  Bonny E. Sweeney (SBN 176174)
    bsweeney@hausfeld.com
20  **HAUSFELD LLP**
    600 Montgomery Street, Suite 3200
21  San Francisco, CA 94104
    Telephone: (415) 633-1908

22  *Co-Lead* Counsel *for the Proposed Class in In*
23  *re Google Play Developer Antitrust Litigation*
    *and Attorneys for Peekya App Services, Inc.*

24  Douglas J. Dixon (SBN 275389)
    ddixon@hueston.com
25  **HUESTON HENNIGAN LLP**
26  620 Newport Center Drive, Suite 1300
    Newport Beach, CA 92660
27  Telephone:    (949) 229-8640

28  *Counsel for Plaintiffs Match Group, LLC et al.*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic*
*Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY**
**GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone:  801-366-0260
*Counsel for Utah and the Plaintiff States*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Glenn D. Pomerantz (SBN 97802)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100

*Counsel for Defendants Google LLC et al. in In*
*re Google Play Consumer Antitrust Litig.; In re*
*Google Play Developer Antitrust Litig.; Epic*
*Games, Inc. v. Google LLC et al.; State of Utah et*
*al. v. Google LLC et al.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

**IN RE GOOGLE PLAY STORE
ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Match Group, LLC et al. v. Google LLC et al.*,
Case No. 3:22-cv-02746-JD

*Epic Games Inc. v. Google LLC et al.*, Case
No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust
Litigation*, Case No. 3:20-cv-05761-JD

*In re Google Play Developer Antitrust
Litigation*, Case No. 3:20-cv-05792-JD

*State of Utah et al. v. Google LLC et al.*, Case
No. 3:21-cv-05227-JD

Case No. 3:21-md-02981-JD

**STIPULATED [PROPOSED]
FOURTH AMENDED PROTECTIVE
ORDER**

Judge: Hon. James Donato

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] FOURTH AMENDED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

On May 25, 2022, the Court entered a Stipulated Third Amended Protective Order that governs materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in Case No. 3:21-md-02981-JD, Dkt. No. 249; Case No. 3:20-cv-05671-JD, Dkt. No. 262; Case No. 3:20-cv-05761-JD, Dkt. No. 278; Case No. 3:20-cv-05792- JD, Dkt. No. 211; Case No. 3:21-cv-05227-JD, Dkt. No. 267, Case No. 3:22-cv-02746-JD, Dkt. No. 36 (the "Third Amended Protective Order").

Since that time, the Parties have agreed to allow each Party to designate one additional House Counsel who may be provided access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Fourth Amended Protective Order ("Protective Order"), which amends Section 2.4 of the Third Amended Protective Order to allow up to three Designated House Counsel to access information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.4, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1    **2.      <u>DEFINITIONS</u>**

2         2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

3    information or items under this Order.

4         2.2      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

5    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

6    of Civil Procedure 26(c).

7         2.3      <u>Counsel (without qualifier)</u>: State AGO Attorneys, Outside Counsel of Record,

8    and House Counsel (as well as their support staff).

9         2.4      <u>Designated House Counsel</u>: For each Party, up to three House Counsel who may

10   be provided access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

11   in this matter.

12        2.5      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

13   produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY

15   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" (as defined in the Amended Non-

16   Party Protective Order).

17        2.6      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

18   medium or manner in which it is generated, stored, or maintained (including, among other things,

19   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

20   responses to discovery in this matter.

21        2.7      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

22   the Litigation who:  (1) has been retained by a Party or its counsel to serve as an expert witness or

23   as a consultant in this action; (2) is not a current employee or current business consultant of a

24   Party or of a Party's competitor, or otherwise currently involved in competitive decision-making

25   for a Party or a Party's competitor; (3) has not, within the 12 months preceding the entry of this

26   Protective Order, been an employee or business consultant of a Party or a Party's competitor, or

27   otherwise been involved in competitive decision-making for a Party or a Party's competitor; and

28
Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
cv-05227-JD; 3:22-cv-02746-JD
STIPULATED [PROPOSED] FOURTH AMENDED PROTECTIVE ORDER

(4) at the time of retention, is not anticipated to become an employee or business consultant of a Party or a Party's competitor, or to be otherwise involved in competitive decision-making for a Party or a Party's competitor.  If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or business consultant of a Party or a Party's competitor, or otherwise involved in competitive decision-making for a Party or a Party's competitor, the Party learning such information shall promptly disclose the information to the other Parties.

2.8      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9      House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party, or a Party's affiliate, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record, any other outside counsel, or State AGO Attorneys.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, Outside Counsel of Record (and their support staffs), and State AGO Attorneys.

2.13     Plaintiff States or States: states, commonwealths, territories, or districts within the United States that are plaintiffs in the action styled *State of Utah, et al. v. Google LLC, et al.*, No. 3:21-cv-05227-JD.

2.14     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     <u>Professional Vendors</u>: persons or entities who are not employees of a Party but are retained to provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, reviewing or retrieving documents or data in any form or medium and their employees and subcontractors).

2.16     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or that is designated under the Amended Non-Party Protective Order as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

2.17     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

2.18     <u>State AGO Attorneys</u>: attorneys employed by the Plaintiff States' attorneys general offices (including retained attorneys and contract attorneys), as well as their support staff, where the attorneys and support staff have access to internal State attorneys general office information technology systems in the ordinary course of their employment responsibilities and have been informed of their obligations to comply with this agreement. The obligation to inform support staff is met once a state AGO attorney informs a supervising member of the support staff about the obligations of this agreement.

**3.     <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. In addition, nothing in this Protective Order alters the rights and obligations of the parties under the confidentiality agreements or other protective orders pursuant to which some Defendants produced documents in response to civil investigative demands by certain States, except as modified by the Stipulation and Order re: Documents Google Produced to the States in Response to Civil Investigative Demands (Case 3:21-md-02981, Dkt. #109).  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. At the reasonable request of any Party, the Designating Party must designate for protection, in a specific document or set of documents, only those parts that qualify for protection under this

Order, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof,

1  qualify for protection under this Order. Then, before producing the specified documents, the

2  Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

3  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY

4  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains Protected

5  Material.

6                  (b)     for testimony given in deposition or in other pretrial or trial proceedings,

7  that the Designating Party identify on the record, before the close of the deposition, hearing, or

8  other proceeding, all protected testimony and specify the level of protection being asserted. When

9  it is impractical to identify separately each portion of testimony that is entitled to protection and it

10  appears that substantial portions of the testimony may qualify for protection, the Designating

11  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

12  a right to have up to 21 days after the transcript of the proceedings becomes available to identify

13  the specific portions of the testimony as to which protection is sought and to specify the level of

14  protection being asserted. Only those portions of the testimony that are appropriately designated

15  for protection within the 21 days shall be covered by the provisions of this Third Amended

16  Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21

17  days afterwards if that period is properly invoked, that the entire transcript shall be treated as

18  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-

19  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

20       The use of a document as an exhibit at a deposition shall not in any way affect its

21  designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22  ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

23  ONLY."

24       Transcripts containing Protected Material shall have an obvious legend on the title page

25  that the transcript contains Protected Material, and the title page shall be followed by a list of all

26  pages (including line numbers as appropriate) that have been designated as Protected Material

27

28

and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

        (c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  If affixing the appropriate legend on a container is not feasible, the Designating Party shall find another means to identify the information, for example through a cover letter or other communication.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation, and such Protected Material shall not be used for any other business purpose, in connection with any other legal proceeding, or for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

The parties understand that some of the State AGO Attorneys prosecuting this matter are also prosecuting antitrust enforcement actions against some Defendants in other venues.  Nothing in this Order or the Stipulated Supplemental Protective Order Governing Production of Protected Non-Party Materials (Case No. 3:21-md-02981-JD (N.D. Cal.), ECF No. 44), including as amended, precludes State AGO Attorneys with access to information subject to this Protective Order from prosecuting such other actions, so long as they comply with their obligations under this Protective Order and any protective orders or confidentiality agreements governing such other actions.  To prevent inadvertent disclosure, Discovery Materials produced to States in this case will be housed in a separate database only accessed by State AGO Attorney.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     State AGO Attorneys who have appeared on behalf of Plaintiff States in this litigation, who are actively prosecuting the Litigation, or to whom it is reasonably necessary to disclose the information for purposes of this litigation; State AGO Attorneys who have appeared will maintain a list of Attorneys as well as supervisors of support staff subject to this section;

(c)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary because they either have responsibility for making decisions dealing directly with the litigation in this action or are assisting outside counsel in preparation for proceedings in this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in the action that are not otherwise authorized to receive CONFIDENTIAL Information pursuant to Section 7.2(a)-(f) or (h)-(i) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or

1   except as otherwise ordered by the Court. Receiving Parties shall give the Designating Party

2   reasonable notice if they expect to provide a witness, during a deposition, with Protected Material

3   pursuant to this Section 7.2(g).  Pages of transcribed deposition testimony or exhibits to

4   depositions that reveal Protected Material must be separately bound by the court reporter and may

5   not be disclosed to anyone except as permitted under this Order.

6          (h)      the author or recipient of a document containing the information or a

7   custodian or other person who otherwise possessed or knew the information; and

8          (i)      any current employee of the Designating Party.

9          7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

10  Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

11  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

13         (a)      the Receiving Party's Outside Counsel of Record in this action, as well as

14  employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the

15  information for this Litigation and who have signed the "Acknowledgment and Agreement to Be

16  Bound" (Exhibit A);

17         (b)      State AGO Attorneys who have appeared on behalf of Plaintiff States in

18  this Litigation, who are actively prosecuting the Litigation, or to whom it is reasonably necessary

19  to disclose the information for purposes of this Litigation; State AGO Attorneys who have

20  appeared will maintain a list of Attorneys as well as supervisors of support staff subject to this

21  section;

22         (c)      Designated House Counsel of the Receiving Party (i) who has no

23  involvement in competitive decision-making, (ii) to whom disclosure is reasonably necessary for

24  this litigation, (iii) who has signed the "Acknowledgment and Agreement to Be Bound" that is

25  attached hereto as Exhibit A, and (iv) as to whom, at least 14 days prior to the disclosure of any

26  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, the Party that seeks

27

28

to disclose to Designated House Counsel has disclosed to the Designating Party (1) the full name of the Designated House Counsel and the city and state of his or her primary place of work, and (2) the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.  If a Party objects to the Designated House Counsel, that Party must do so in writing within 14 days of the identification of the Designated House Counsel. The Parties shall meet and confer to try to resolve the matter by agreement within seven days of any such written objection. If no agreement is reached, the Designating Party may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) objecting to the disclosure. For the avoidance of doubt, if the Designating Party has moved the Court to object to the disclosure, no disclosure shall be made until the Court has ruled on such objection.  Documents designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY may only be transmitted to Designated House Counsel through a password-protected Secured File Transfer Protocol (SFTP), and the Designated House Counsel must download and store such documents in a secure location that cannot be accessed by others, and shall delete them within 14 days after receipt.  Additional acceptable forms of disclosure of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY documents include:  in-person meetings where the documents remain in the possession of Outside Counsel; screen-sharing technology; or through a document review platform with printing and downloading disabled. Notwithstanding the foregoing, summaries, memoranda, drafts, briefs, court filings, expert reports, outlines, and other attorney work product containing HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information may be transmitted to Designated House Counsel via corporate/firm e-mail accounts; provided, however, exhibits to the foregoing that are HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY documents may not be transmitted via e-mail.

(d)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court and its personnel;

(f)    stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)    any current employee of the Designating Party.

7.4    ***Purposefully Left Blank.***

**8.    *Purposefully left blank*.**

**9.    <u>SOURCE CODE</u>**

(a)    To the extent the production of source code becomes necessary, the Parties reserve their rights to modify this order as necessary to protect such materials and information, and the Parties shall meet and confer in good faith regarding such modifications.  No Party will be required to produce source code until modifications to this order relating to the protection of source code have been entered by the Court.

**10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other Litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the person who caused the subpoena or order to issue in the other Litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely[3] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" before a determination by the court or other tribunal from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or other tribunal of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or tribunal with appropriate jurisdiction.

10.1    If, under any Freedom of Information Act, public records statute, or other relevant law, any Protected Material is subject to any form of compulsory process in a Plaintiff State or is demanded from a Plaintiff State, such State shall notify in writing the Designating Party whose Protected Material may be affected within 10 business days of receiving the process or demand.

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court or other tribunal from which the subpoena or order issued.

[3] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order, unless a shorter period applies under the rules of the Court or other tribunal from which the subpoena or order issued, in which case such rules shall apply.

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] FOURTH AMENDED PROTECTIVE ORDER

The State shall not produce the Protected Material in response to such compulsory process or public records request unless the State deems that it is required by law to do so and provides 10 business days' notice of its intent to do so to the Designating Party, unless a statute, court order, or another public adjudicatory body requires that the State produce the Protected Material in a shorter time frame, in which case the State will provide notice to the Designating Party as early as reasonably practicable before the expiration of that shorter time frame. However, if a State denies a public records or similar request and the denial is not challenged, the State does not need to provide notice pursuant to this paragraph. If Protected Material is requested for disclosure under a state's public records act or the equivalent, this Order prohibits disclosure to the extent the state's public records act or the equivalent provides an exception for disclosure of information that is (a) protected by court order or (b) gathered by the State in connection with investigating or prosecuting potential civil or criminal violations of federal or state law.  Nothing contained herein shall alter or limit the obligations of a State that may be imposed by statute or court order regarding the disclosure of documents and information supplied to the State.

**11.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[4] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Unauthorized or inadvertent disclosure shall not change the confidentiality designation status of any disclosed material or waive the right to maintain the disclosed material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  In addition, for the avoidance of doubt, if Protected Material is disclosed to any person or in any circumstance not authorized under this Order, the Designating Party reserves all rights to seek further appropriate relief from the Court.

**13.**     **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

**14.**     **MISCELLANEOUS**

14.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or

item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Upon notice that a Party seeks to remove certain Protected Material from the United States, the Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

14.5    Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of this Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

## 15.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motions and trial briefs (including all supporting and

opposing papers and exhibits thereto), written discovery requests and responses (and exhibits

thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or

introduced into evidence at any hearing or trial, and their attorney work product which refers or is

related to any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"

information for archival purposes only. Any such archival copies that contain or constitute

Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

Notwithstanding the foregoing in this Paragraph 15, the Plaintiff States agree to return, destroy, or

maintain all Protected Material in accordance with this Agreement subject to any restrictions

contained in any of the States' document retention laws or policies.

Dated: August 18, 2023

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Katherine B. Forrest *(pro hac vice)*
Darin P. McAtee *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Omid H. Nasab *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   */s/ Lauren A. Moskowitz*
     Lauren A. Moskowitz

*Counsel for Plaintiff Epic Games, Inc.*

Dated: August 18, 2023

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

Respectfully submitted,

By:   */s/ Karma Giulianelli*
     Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in
In re Google Play Consumer Antitrust
Litigation*

Dated:  August 18, 2023

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By:   */s/ Elizabeth Pritzker*
     Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in
In re Google Play Consumer Antitrust
Litigation*

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] FOURTH AMENDED PROTECTIVE ORDER

1  Dated: August 18, 2023

2

3

4

5

6

7

8

9

10

11

12  Dated: August 18, 2023

13

14

15

16

17

18

19

20

21  Dated: August 18, 2023

22

23

24

25

26

27

28

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman
Robert F. Lopez
Benjamin J. Siegel

SPERLING & SLATER PC
Joseph M. Vanek
Eamon P. Kelly
Alberto Rodriguez

Respectfully submitted,

By:   */s/ Steve Berman*
Steve W. Berman

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball*

HAUSFELD LLP
Bonny E. Sweeney
Melinda R. Coolidge
Katie R. Beran
Scott A. Martin
Irving Scher

Respectfully submitted,

By:   */s/ Bonny Sweeney*
Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin

Respectfully submitted,

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] FOURTH AMENDED PROTECTIVE ORDER

By:   */s/ Brendan P. Glackin*
Brendan P. Glackin
*Counsel for Utah and the Plaintiff States*

Dated: August 18, 2023

HUESTON HENNIGAN LLP
John C. Hueston
Douglas J. Dixon
Joseph A. Reiter
Michael K. Acquah
William M. Larsen
Julia L. Haines

Respectfully submitted,

By:   */s/ Douglas J. Dixon*
Douglas J. Dixon
*Counsel for Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc.*

Dated:  August 18, 2023

MORGAN, LEWIS & BOCKIUS LLP
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Minna L. Naranjo
Rishi P. Satia

Respectfully submitted,

By:   */s/ Brian Rocca*
Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

Dated: August 18, 2023

MUNGER, TOLLES & OLSON LLP
Glenn D. Pomerantz
Kuruvilla Olasa
Emily C. Curran-Huberty
Jonathan I. Kravis
Justin P. Raphael
Kyle W. Mach

Respectfully submitted,

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] FOURTH AMENDED PROTECTIVE ORDER

1
By:   _/s/ Glenn Pomerantz_____
Glenn D. Pomerantz

2

3
*Counsel for Defendants Google LLC et al. in In re Google Play Consumer Antitrust Litig.; In re Google Play Developer Antitrust Litig.; Epic Games, Inc. v. Google LLC et al.; State of Utah et al. v. Google LLC et al.*

4

5

6

7

8

9

10

11

12
### **ORDER**

13
    Pursuant to stipulation, it is so ordered.

14

15
DATED: _____        _____

16
HON. JAMES DONATO
United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

1

## **E-FILING ATTESTATION**

2          I, Minna L Naranjo, am the ECF User whose ID and password are being used to file

3  this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4  signatories identified above has concurred in this filing.

5

6                                          _____*/s/ Minna L. Naranjo*_____
                                                     Minna L. Naranjo

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                      Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
                                                        JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
                                                        cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] FOURTH AMENDED PROTECTIVE ORDER

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____ [print or

4

type full address], declare under penalty of perjury that I have read in its entirety and understand the

5

Stipulated Protective Order that was issued by the United States District Court for the Northern District of

6

California on [date] in the case of _____ **[insert formal name of the case and the number and**

7

**initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

8

Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me

9

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

10

manner any information or item that is subject to this Stipulated Protective Order to any person or entity

11

except in strict compliance with the provisions of this Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the Northern

13

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

14

such enforcement proceedings occur after termination of this action.

15

I hereby appoint _____ [print or type full name] of

16

_____ [print or type full address and telephone number] as my

17

California agent for service of process in connection with this action or any proceedings related to

18

enforcement of this Stipulated Protective Order.

19

20

Date: _____

21

City and State where sworn and signed: _____

22

Printed name: _____
      [printed name]

23

24

Signature: _____
      [signature]

25

26

27

28

STIPULATED [PROPOSED] FOURTH AMENDED PROTECTIVE ORDER