# EXHIBIT 16

| | |
|---|---|
| **Subject:** | RE: Search Term - Agreement |

**From:** Rocca, Brian C. <brian.rocca@morganlewis.com>
**Sent:** Wednesday, April 28, 2021 9:33 PM
**To:** Zachary Jarrett <zjarrett@cravath.com>; Eric Zepp <ezepp@cravath.com>; Gregory Arenson <GArenson@kaplanfox.com>; Yonatan Even <YEven@cravath.com>; Andrew Wiktor <awiktor@cravath.com>; Daniel Ottaunick <dottaunick@cravath.com>; Bonny Sweeney <bsweeney@hausfeld.com>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Katie R. Beran <kberan@hausfeld.com>; Alberto Rodriguez <arodriguez@sperling-law.com>; steve@hbsslaw.com; Rob Lopez <robl@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Karma Giulianelli <karma.giulianelli@bartlitbeck.com>; Justin C. Clarke <jcclarke@cravath.com>; jboyer@koreintillery.com; Hae Sung Nam <HNam@kaplanfox.com>; Aaron Schwartz <ASchwartz@kaplanfox.com>; gzelcs@koreintillery.com; jboyer@koreintillery.com; steve@hbsslaw.com; pwedgworth@milberg.com; ecp@pritzkerlevine.com; jkl@pritzkerlevine.com; Google Discovery Partners <GoogleDiscoveryPartners@cravath.com>; Google Discovery Associates <google.discovery.associates@cravath.com>
**Cc:** Satia, Rishi P. <rishi.satia@morganlewis.com>; Chiu, Michelle Park <michelle.chiu@morganlewis.com>; Naranjo, Minna Lo <minna.naranjo@morganlewis.com>; Shah, Sujal J. <sujal.shah@morganlewis.com>; Holtz, Geoff <geoffrey.holtz@morganlewis.com>; Bradshaw, Ben <bbradshaw@omm.com>; Simmons, Ian <isimmons@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Brown, Kurt C. <kbrown@omm.com>
**Subject:** RE: Search Term - Agreement

> External (brian.rocca@morganlewis.com)

Report This Email  FAQ

Zack, thank you for the message.

Google has compromised at every turn in these actions, agreeing to produce a massive amount of information – custodian documents, centrally-stored documents, and transactional and finance data – in response to Plaintiffs' *204 requests for production* (over 400 including subparts). Your demand for highly confidential commercial contracts entirely unrelated to Google Play, and instead focused on internet search on iOS devices, is a step too far.

We have tried hard to understand your argument for why you need this information. Your explanation fails the test under Rule 26(b). It is premised on the fact that competition between Android and iOS exists, but posits that a commercial agreement between Google and Apple – regarding a service (Google Search) and an alleged market (relating to internet search) not challenged in this litigation. You say the agreements Epic seeks may reveal evidence that the "competitive dynamic" between Android and iOS is dampened. But your complaints do not allege this theory in the slightest. In fact, on prior occasions you have indicated that claims targeting search-related agreements bear "little resemblance" to the claims in this action targeting app store policies. Rather, Epic alleges that Google monopolized the market for "the distribution of Android Apps" to "Android users" and that it has foreclosed competition in that market (Epic Compl., para 14). Any arrangement with Apple concerning internet search on iOS devices has nothing to do with Epic's own alleged relevant market.

Filing a lawsuit does not authorize carte blanche access to an adversary's (and third parties') most sensitive business documents. Your requests have to be reasonable and sufficiently tied to the action. This request falls outside the bounds of reasonableness. We hope you will focus your resources on other more pressing topics, rather than troubling the Court. If you do intend to trouble the Court, we ask you to kindly advise the Court that Google requests an opportunity to be heard. We do not know whether non-party Apple will take steps to protect its interest in this

excursion into unrelated matters, but we request that you allow sufficient time for it to do so if that is the course it wishes to take.

Please confirm how you intend to proceed, procedurally. If you prefer to focus on the other substantial discovery workflows for the time being, we would agree to your reservation of rights to revisit this issue later during the discovery period; i.e., we would not argue waiver due to delay. We would, of course, reserve our other objections in that circumstance.

**Brian C. Rocca**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1432 | Mobile: +1.510.909.5807 | Fax: +1.415.442.1001
brian.rocca@morganlewis.com | www.morganlewis.com



**From:** Zachary Jarrett <zjarrett@cravath.com>
**Sent:** Tuesday, April 27, 2021 8:33 AM
**To:** Rocca, Brian C. <brian.rocca@morganlewis.com>; Eric Zepp <ezepp@cravath.com>; Gregory Arenson <GArenson@kaplanfox.com>; Yonatan Even <YEven@cravath.com>; Andrew Wiktor <awiktor@cravath.com>; Daniel Ottaunick <dottaunick@cravath.com>; Bonny Sweeney <bsweeney@hausfeld.com>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Katie R. Beran <kberan@hausfeld.com>; Alberto Rodriguez <arodriguez@sperling-law.com>; steve@hbsslaw.com; Rob Lopez <robl@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Karma Giulianelli <karma.giulianelli@bartlitbeck.com>; Justin C. Clarke <jcclarke@cravath.com>; jboyer@koreintillery.com; Hae Sung Nam <HNam@kaplanfox.com>; Aaron Schwartz <ASchwartz@kaplanfox.com>; gzelcs@koreintillery.com; jboyer@koreintillery.com; steve@hbsslaw.com; pwedgworth@milberg.com; ecp@pritzkerlevine.com; jkl@pritzkerlevine.com; Google Discovery Partners <GoogleDiscoveryPartners@cravath.com>; Google Discovery Associates <google.discovery.associates@cravath.com>
**Cc:** Satia, Rishi P. <rishi.satia@morganlewis.com>; Chiu, Michelle Park <michelle.chiu@morganlewis.com>; Naranjo, Minna Lo <minna.naranjo@morganlewis.com>; Shah, Sujal J. <sujal.shah@morganlewis.com>; Holtz, Geoff <geoffrey.holtz@morganlewis.com>; Bradshaw, Ben <bbradshaw@omm.com>; Simmons, Ian <isimmons@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Brown, Kurt C. <kbrown@omm.com>
**Subject:** RE: Search Term - Agreement

[EXTERNAL EMAIL]
Brian,

Plaintiffs have already explained why the contracts sought by RFP Nos. 156 and 157 are both relevant and properly discoverable in these proceedings, but we do so again below.

Plaintiffs allege that Google possesses monopoly power over app distribution and payment processing on the Android platform, either in a single-brand aftermarket for the distribution of Android apps or in a distinct Android submarket that is part of a broader market for distribution of apps on both Android and Apple's iOS—the only two smartphone ecosystems notionally competing for users of smartphone apps. (See, e.g., Epic Games, Inc. v. Google LLC, No. 3:20-cv-05671-JD (ECF No. 1, at ¶¶ 69-79, ¶¶ 122-124); In re Google Play Consumer Antitrust Litig., 3:20-CV-05761-JD (ECF No. 132, at ¶¶ 42-48, 87); In re Google Play Developer Antitrust Litig., 3:20-cv-05792-JD (ECF No. 56, at ¶¶ 73-81, ¶¶ 159, 166.)) Plaintiffs allege that Google exercises its monopoly power in an anticompetitive manner. (Epic Games, at ¶ 5; In re Google Play Consumer Antitrust Litig., at ¶ 4; In re Google Play Developer Antitrust Litig., at ¶¶ 3-4.) Plaintiffs further allege that Google's market power in Android app distribution is not constrained by competition between Android and iOS. (Epic Games, at ¶¶ 74-79; In re Google Play Consumer Antitrust Litig., at ¶¶ 45-47; In re Google Play Developer Antitrust Litig., at ¶¶ 2, 83-86.) Competition for smartphone users (and developers) between Apple and Google—or a

lack thereof, including resulting from agreements between Google and Apple—is therefore central to Plaintiffs' allegations.

Given those allegations, Plaintiffs are entitled to discovery into factors and arrangements affecting the competitive dynamic between Google and Apple.  Arrangements such as the one related to Google Search suggest that Google earns substantial revenue from iOS users in addition to its own Android users, ensuring that both Apple and Google are dis-incentivized to compete vigorously with each other to attract smartphone users from the competing ecosystem to their own.  The contracts sought by Plaintiffs' RFP Nos. 156 and 157 are relevant because they relate directly to those arrangements between Google and Apple, and speak to how both companies act and interact.  Plaintiffs have narrowly tailored their RFPs to seek only those agreements most likely to affect incentives for Google to compete for smartphone users.  Although, to date, Google has refused to disclose or identify anything about the specific contract(s) encompassed by RFP Nos. 156 and 157 (including even their number), we note that your email refers to a single "agreement".  Consequently, production of this information would not appear burdensome; indeed, Google has not even attempted to argue that it would be.

Google's refusal to produce these contracts is premised entirely on cursory and unsupported assertions that this discovery is not relevant – including the weak argument that Google Search is somehow irrelevant to Plaintiffs' allegations, which is wrong.  Google's weak relevance arguments – which, again, are made without reference to *any* of the contracts actually at issue – are insufficient to avoid discovery.  Those contract(s) should be produced.

Should Google continue to resist production, we intend to raise this issue with the Court.  In light of the explanation provided herein, we trust that will not be necessary.  But either way, please advise us of Google's position regarding RFP Nos. 156 and 157 by close of business tomorrow.

Best,
Zack

---

**From:** Rocca, Brian C. <brian.rocca@morganlewis.com>
**Sent:** Monday, April 26, 2021 7:59 PM
**To:** Zachary Jarrett <zjarrett@cravath.com>; Eric Zepp <ezepp@cravath.com>; Gregory Arenson <GArenson@kaplanfox.com>; Yonatan Even <YEven@cravath.com>; Andrew Wiktor <awiktor@cravath.com>; Daniel Ottaunick <dottaunick@cravath.com>; Bonny Sweeney <bsweeney@hausfeld.com>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Katie R. Beran <kberan@hausfeld.com>; Alberto Rodriguez <arodriguez@sperling-law.com>; steve@hbsslaw.com; Rob Lopez <robl@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Karma Giulianelli <karma.giulianelli@bartlitbeck.com>; Justin C. Clarke <jcclarke@cravath.com>; jboyer@koreintillery.com; Hae Sung Nam <HNam@kaplanfox.com>; Aaron Schwartz <ASchwartz@kaplanfox.com>; gzelcs@koreintillery.com; jboyer@koreintillery.com; steve@hbsslaw.com; pwedgworth@milberg.com; ecp@pritzkerlevine.com; jkl@pritzkerlevine.com; Google Discovery Partners <GoogleDiscoveryPartners@cravath.com>; Google Discovery Associates <google.discovery.associates@cravath.com>
**Cc:** Satia, Rishi P. <rishi.satia@morganlewis.com>; Chiu, Michelle Park <michelle.chiu@morganlewis.com>; Naranjo, Minna Lo <minna.naranjo@morganlewis.com>; Shah, Sujal J. <sujal.shah@morganlewis.com>; Holtz, Geoff <geoffrey.holtz@morganlewis.com>; Bradshaw, Ben <bbradshaw@omm.com>; Simmons, Ian <isimmons@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Brown, Kurt C. <kbrown@omm.com>
**Subject:** RE: Search Term - Agreement

Zack, just following up on your last email.

We are trying to understand plaintiffs' theory of relevance for Google's agreement with Apple relating to Google Search on iOS, in order for us properly to evaluate plaintiffs' demand and for the parties to avoid unnecessarily burdening the Court.  Thus far, you have only pointed to mere speculation that Google and Apple are in a "cozy equilibrium"—but that

3

notion is not alleged in the Complaints.  Moreover, your Complaints focus on Google Play, not Google Search; and they allege that iOS is outside the relevant market.  Plaintiffs as you know allege that Google has monopolized the market for the distribution of Android apps—but the demanded agreement does not pertain to Play or to Android.  In order to fully evaluate your demand, we need to better understand your position.  So, as we noted last week, we welcome additional information.  Otherwise, if you're standing on this insufficient basis, and if it is the only grounds that you intend to present to the Court, please so advise.  We are willing to discuss an efficient process for raising the issue with the Court, should it come to that.

Thanks,

-Brian

**Brian C. Rocca**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1432 | Mobile: +1.510.909.5807 | Fax: +1.415.442.1001
brian.rocca@morganlewis.com | www.morganlewis.com



---

**From:** Zachary Jarrett <zjarrett@cravath.com>
**Sent:** Sunday, April 25, 2021 1:15 PM
**To:** Rocca, Brian C. <brian.rocca@morganlewis.com>; Eric Zepp <ezepp@cravath.com>; Gregory Arenson <GArenson@kaplanfox.com>; Yonatan Even <YEven@cravath.com>; Andrew Wiktor <awiktor@cravath.com>; Daniel Ottaunick <dottaunick@cravath.com>; Bonny Sweeney <bsweeney@hausfeld.com>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Katie R. Beran <kberan@hausfeld.com>; Alberto Rodriguez <arodriguez@sperling-law.com>; steve@hbsslaw.com; Rob Lopez <robl@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Karma Giulianelli <karma.giulianelli@bartlitbeck.com>; Justin C. Clarke <jcclarke@cravath.com>; jboyer@koreintillery.com; Hae Sung Nam <HNam@kaplanfox.com>; Aaron Schwartz <ASchwartz@kaplanfox.com>; gzelcs@koreintillery.com; jboyer@koreintillery.com; steve@hbsslaw.com; pwedgworth@milberg.com; ecp@pritzkerlevine.com; jkl@pritzkerlevine.com; Google Discovery Partners <GoogleDiscoveryPartners@cravath.com>; Google Discovery Associates <google.discovery.associates@cravath.com>
**Cc:** Satia, Rishi P. <rishi.satia@morganlewis.com>; Chiu, Michelle Park <michelle.chiu@morganlewis.com>; Naranjo, Minna Lo <minna.naranjo@morganlewis.com>; Shah, Sujal J. <sujal.shah@morganlewis.com>; Holtz, Geoff <geoffrey.holtz@morganlewis.com>; Bradshaw, Ben <bbradshaw@omm.com>; Simmons, Ian <isimmons@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Brown, Kurt C. <kbrown@omm.com>
**Subject:** RE: Search Term - Agreement

[EXTERNAL EMAIL]

Brian,

Thanks for your response.  Plaintiffs agree that Google should run the remainder of Plaintiffs' proposed search terms, as described in Appendix F to your April 19 letter.  Please note, however, that Plaintiffs also proposed two additional strings related to code names in Appendix E to our April 7 letter, which Google may have missed.  Google should run those strings as well.

In addition, for the sake of clarity, our agreement here in no way compromises Plaintiffs' right to request modifications to the search protocol in light of the documents in Google's productions.

Finally, consistent with our discussion during Thursday's meet-and-confer, Plaintiffs request an update by Monday on whether Google is willing to produce the requested contracts between Apple and Google. If Google is unwilling to produce those contracts, Plaintiffs will need to prepare to raise the issue with the Court.

Best,
Zack

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.