```
PERKINS COIE LLP
Tiffany L. Lee (Bar No. 303007)
 tiffanylee@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-3304
Facsimile: (206) 359-4404
```

*Attorney for Non-Party*
*Nintendo of America Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case Nos.<br><br>3:22-cv-02746-JD<br>3:21-md-02981-JD<br>3:21-cv-05227-JD<br>3:20-cv-05761-JD<br>3:20-cv-05671-JD<br><br>DECLARATION OF KRISTOPHER KIEL PURSUANT TO N.D. CAL. LOCAL RULE 79-5(f)(3) IN SUPPORT OF MOTION TO SEAL |
|---|---|

I, Kristopher Kiel, declare as follows:

1. I am currently Senior Corporate Counsel in the Legal Department at Nintendo of America Inc. ("NOA"). I have worked at NOA since 2014. NOA is one of many subsidiaries of Nintendo Co., Ltd. ("NCL"), a corporation based in Japan. Although NCL and each of its subsidiaries (including NOA) are separate companies, for purposes of this declaration I will refer to NCL and its subsidiaries together as "Nintendo." The facts stated in this declaration are based on my own personal knowledge and, if called as a witness, I could testify to those facts.

2. In my current role at NOA, I am responsible for managing various legal matters including litigation matters. In my role I am aware of various agreements that Nintendo has with third parties and confidential financial and business information associated with those agreements and other business arrangements. Based on my work experience, I am familiar with Nintendo's business and strategies. Nintendo keeps business strategy information confidential to protect itself from competitive harm. A significant part of my role entails being aware of and protecting the confidentiality of that information.

3. I understand that Plaintiffs filed papers in support of "Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence" ("Plaintiffs' Brief") in the following cases:

- *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal), ECF 608
- *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal), ECF 459
- *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.), ECF 448
- *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.), ECF 195
- *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.), ECF 440

Certain exhibits to Plaintiffs' Brief contain references to Nintendo's confidential information that was designated "Non-Party Highly Confidential - Outside Counsel Eyes Only" pursuant to the operative protective orders (see, e.g., Case No. 3:21-md-02981-JD, ECF 248) ("Protective Order"), which allows Non-Parties "the opportunity to file a declaration establishing that all of the designated material is sealable pursuant to Civil Local Rule 79-5(e)."

4. I make this declaration on behalf of Nintendo pursuant to Northern District of California Civil Local Rule 79-5(f)(3), pursuant to the Protective Orders, and in support of Plaintiffs' motions to seal[1] to maintain the sealing of Nintendo confidential information that Plaintiffs filed in support of Plaintiffs' Brief. I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

5. I have reviewed certain portions of Exhibit 3 (Document beginning with bates

---

[1] Case Nos. 3:21-md-02981-JD at ECF 609; 3:20-cv-05761-JD at ECF 460; 3:21-cv-05227-JD at ECF 449; 3:22-cv-02746-JD at ECF 196; 3:20-cv-05671-JD at ECF 441.

number GOOG-PLAY-003332817.R),[2] Exhibit 11 (Document beginning with bates number GOOG-PLAY-010849896),[3] and Exhibit 15 (Document beginning with bates number GOOG-PLAY-004146689.R).[4] Several portions of the documents I reviewed refer to non-public information relating to Nintendo that is sensitive and highly confidential. The information would potentially cause substantial competitive harm to Nintendo if disclosed to the public.

6. Several portions of the documents I reviewed relate to competitively sensitive information about Nintendo's contracts and business relationship with Google. The pages labeled GOOG-PLAY-010849902, GOOG-PLAY-010849920, GOOG-PLAY-010849921 in Exhibit 11; and GOOG-PLAY-004146698.R, GOOG-PLAY-004146701.R, and GOOG-PLAY-004146739.R in Exhibit 15 include table headings and Nintendo logos that reflect whether Nintendo has executed contracts with Google that include certain substantive provisions. The pages GOOG-PLAY-010849931 in Exhibit 11; and GOOG-PLAY-004146713.R, GOOG-PLAY-004146730.R, and GOOG-PLAY-004146731.R in Exhibit 15 reference whether Nintendo has executed contracts with Google that include certain substantive provisions. The pages labeled GOOG-PLAY-010849923, GOOG-PLAY-010849930, and GOOG-PLAY-010849932 in Exhibit 11; and GOOG-PLAY-004146699.R, GOOG-PLAY-004146730.R, GOOG-PLAY-004146731.R in Exhibit 15 include financial and term information relating to a deal between Nintendo and Google. The pages labeled GOOG-PLAY-010849922 in Exhibit 11 and GOOG-PLAY-004146703.R and GOOG-PLAY-004146732.R in Exhibit 15 contain a chart with a row that refers to "Nintendo" and describes information about a contractual arrangement between Nintendo and Google.

7. Nintendo treats its contracts and the specific provisions within them as highly

---

[2] Case Nos. 3:21-md-02981-JD at ECF 608, Ex. 3; 3:22-cv-02746-JD at ECF 195, Ex. 3; 3:21-cv-05227-JD at ECF 448, Ex. 3; 3:20-cv-05761-JD at ECF 459, Ex. 3; 3:20-cv-05671-JD at ECF 440, Ex. 3.
[3] Case Nos. 3:21-md-02981-JD at ECF 608, Ex. 11; 3:22-cv-02746-JD at ECF 195, Ex. 11; 3:21-cv-05227-JD at ECF 448, Ex. 11; 3:20-cv-05761-JD at ECF 459, Ex. 11; 3:20-cv-05671-JD at ECF 440, Ex. 11.
[4] Case Nos. 3:21-md-02981-JD at ECF 608, Ex. 15; 3:22-cv-02746-JD at ECF 195, Ex. 15; 3:21-cv-05227-JD at ECF 448, Ex. 15; 3:20-cv-05761-JD at ECF 459, Ex. 15; 3:20-cv-05671-JD at ECF 440, Ex. 15.

confidential. Nintendo's agreements with Google reflect sensitive information about Nintendo's business strategies, including strategies for negotiation with partners and developing content and partnering with content platform operators such as Google. The provisions and details about their arrangement, terms, and negotiation are not available to the public. Disclosure of that information could lead to substantial competitive harm to Nintendo because competitors could use the provisions in Nintendo's contracts with Google to Nintendo's detriment. Competitors seeking to make inroads with Google could copy the contractual provisions that Nintendo negotiated with Google. For example, competitors could attempt to structure their deals to match the financial and term provisions of Nintendo's contract with Google. That would obviate any competitive advantage Nintendo obtained through its negotiations with Google. More broadly, competitors could adopt Nintendo's general approach to working with content platform operators and, by doing so, gain ground on Nintendo in competing to develop and distribute content.

8. Many of the documents I reviewed include highly confidential financial information. The pages labeled GOOG-PLAY-003332850.R in Exhibit 3; GOOG-PLAY-010849911, GOOG-PLAY-010849922, GOOG-PLAY-010849925, and GOOG-PLAY-010849936 in Exhibit 11; and GOOG-PLAY-004146703.R, GOOG-PLAY-004146707.R, GOOG-PLAY-004146732.R, and GOOG-PLAY-004146746.R in Exhibit 15 contain a chart and line referring to "Nintendo" that describe confidential financial details reflecting terms and performance of the business relationship between Nintendo and Google.

9. The growth, revenue, value, cost, spend, rankings, bookings, margins, market, share, and other performance information described in these documents is highly confidential and competitively sensitive information. This type of financial and marketing information is non-public. Nintendo keeps this information secret and confidential. Publicly disclosing growth, revenue, value, cost, spend, rankings, bookings, margins, market, and share information relating to Nintendo and its business dealings with Google would result in competitive harm to Nintendo. Competitors could leverage that information to gain a more thorough understanding of Nintendo's business and marketing strategies and priorities relating to content development for Google and in general. Competitors could use that information against Nintendo by taking steps

to counteract Nintendo's business strategies and priorities, such as Nintendo's approach to content development.  The highly confidential financial and marketing information would provide competitors with an advantage they would not have if the information remained non-public.

10. Some of the material I reviewed relates to Nintendo's relationship with Google or other business partners.  The pages labeled GOOG-PLAY-010849933 in Exhibit 11; GOOG-PLAY-004146701.R, GOOG-PLAY-004146702.R, GOOG-PLAY-004146707.R, and GOOG-PLAY-004146740.R in Exhibit 15 describe Nintendo's relationship and negotiation strategy with Google.  The pages labeled GOOG-PLAY-003332822.R in Exhibit 3; and GOOG-PLAY-010849922 in Exhibit 11 reflect how Nintendo and Google view each other as partners and their respective market positions.  The page labeled GOOG-PLAY-004146732.R in Exhibit 15 reflects sensitive details about Nintendo's relationship with a third-party business partner.

11. This non-public and highly confidential information relating to the relationship between Nintendo and its business partners is competitively sensitive.  Nintendo has developed a relationship with its business partners over many years.  If non-public and confidential information about the Nintendo's relationship with its business partners were disclosed publicly, a competitor could use that information to Nintendo's detriment by copying Nintendo's strategy for dealing with its business partners, including Nintendo's approach to interacting and negotiating with business partners and the unique combination of contractual arrangements entered into by the two companies.  That could lead to Nintendo receiving less attention from business partners while other competing content developers receive more, which would result in competitive harm to Nintendo.  Thus, revealing details about the Nintendo's relationship other business partners could potentially undermine Nintendo's competitiveness.

1 | I declare under the penalty of perjury of the laws of the United States of America that the
2 | foregoing is true and correct.
3 | Executed this 28th day of September 2023 in Sammamish, Washington.

*/s/ Kristopher Kiel*
Kristopher Kiel