| | |
|---|---|
| Brian C. Rocca, S.B. #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B. #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B. #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B. #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B. #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br><br>*Counsel for Defendants Google LLC, et al.* | Glenn D. Pomerantz, S.B. #112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, S.B. #281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney, S.B. #308080<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, S.B. #282090<br>kyle.mach@mto.com<br>Justin P. Raphael, S.B. #292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, S.B. #293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, S.B. #313656<br>dane.shikman@mto.com<br>Rebecca L. Sciarrino, S.B. # 336729<br>rebecca.sciarrino@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>Lauren Bell, *pro hac vice*<br>lauren.bell@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>Neal Kumar Katyal, *pro hac vice*<br>neal.katyal@hoganlovells.com<br>Jessica L. Ellsworth, *pro hac vice*<br>jessica.ellsworth@hoganlovells.com<br>**HOGAN LOVELLS US LLP**<br>555 Thirteenth Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation,* Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.,* Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO RULE 37(c)(1) TO EXCLUDE TRIAL TESTIMONY BY CARSON OLIVER**<br><br>**PUBLIC REDACTED VERSION**<br><br>Judge:     Hon. James Donato |

## I.     INTRODUCTION

Google identified Apple in its initial disclosures as a company with relevant information. That disclosure came as no surprise to Epic, who lost an antitrust trial against Apple where the Court found that Apple and Google compete in the relevant market. In this case, Plaintiffs ask the factfinder to reach the opposite conclusion. With this motion, they seek to prevent Google's obvious competitor from testifying about the realities of the market. Testimony from Carson Oliver, a Senior Director on the business team for the Apple App Store, is plainly relevant.

Google identified Mr. Oliver on its witness list by the parties' agreed-upon deadline, and the very next day after Apple made clear—after extended discussions—that it would not identify an Apple employee who would agree to testify at trial. That gave Plaintiffs eight weeks to depose Mr. Oliver. Plaintiffs argue that it was not sufficient for Google to disclose Apple at the corporate level and later identify Mr. Oliver as a witness. But Plaintiffs did the same thing: they listed companies in their initial disclosures and only later identified specific employees as trial witnesses. Google did not object because the parties had agreed to address this situation in a stipulation approved by the Court that new witnesses would be available for deposition before trial. ECF No. 171 ¶ 22.[1] Google is taking and scheduling depositions of witnesses who Plaintiffs never identified in their disclosures. Plaintiffs can do the same for the Apple witness.

This is not the first time that Epic has litigated this kind of motion. In the *Epic v. Apple* case, Apple filed a motion to exclude Epic's third-party trial witnesses. In that case, Epic argued exactly the opposite of what Plaintiffs argue now. Epic's initial disclosures in that case identified third-party *companies*, but did not identify individual employees of those companies. Epic disclosed the specific employees "seven weeks" before trial, shortly after negotiations with the companies ended. *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR ("Epic Prior Br."), ECF No. 431 at 11. Epic argued that seven weeks was "sufficient notice," *id.*, that there was "no gamesmanship," and that Apple's motion was "overreaching in an attempt to deprive the Court of important third-party proof at trial." *Id.* at 1. The Court agreed and denied the motion to exclude

---

[1] Unless stated otherwise, all docket references are to the MDL docket, No. 3:21-md-02981-JD.

1  Epic's trial witnesses. *See* No. 4:20-cv-05640-YGR, ECF No. 437.

2        The Court should reach the same result here. Plaintiffs have suffered no prejudice. They
3  will have had nearly eight weeks to depose Mr. Oliver since Google's disclosure. They possess
4  thousands of his documents. And Epic already deposed Mr. Oliver in the *Epic v. Apple*
5  litigation—a fact that is missing from Plaintiffs' motion.

6        Plaintiffs should not be able to keep Apple out of the relevant market by keeping testimony
7  from an Apple employee out of the courtroom. The Court should deny their motion.

8  **II.**    **ARGUMENT**

9        Google properly disclosed Mr. Oliver, so the five-factor test set forth in Rule 37 does not
10 apply here. In any event, each factor of that test warrants the admission of Mr. Oliver's testimony.

11     **A.**    **Google Properly Disclosed Mr. Oliver**

12       After declaring its intent to call an Apple witness in its previous disclosures, Google
13 disclosed Mr. Oliver consistent with the rules and the parties' agreements and practices in this
14 case. Google identified Mr. Oliver on its third witness list on September 12 pursuant to the
15 pretrial exchange dates negotiated by the parties. Declaration of Dane P. Shikman ("Shikman
16 Decl.") ¶ 3. In negotiating that exchange, the parties agreed that witnesses could be added until
17 the third and final exchange. *Id*. Until the day before that exchange, Google had been asking
18 Apple for months to identify a witness that would appear voluntarily for trial in this case. *Id*. ¶ 2.
19 When Apple ultimately declined to identify a voluntary witness, Google promptly added Mr.
20 Oliver to its third witness list and served Mr. Oliver with a trial subpoena. *Id*.

21       Plaintiffs contend that Google's disclosure of Mr. Oliver was nevertheless untimely
22 because Google identified Apple—and not Mr. Oliver specifically—on its initial disclosures. This
23 argument is inconsistent with Plaintiffs' own practices, the parties' stipulation, and the arguments
24 Epic made to the court in *Epic v. Apple*.

25       All parties identified Apple and other companies in their initial disclosures, and later
26 identified associated individual employees as trial witnesses. *Id*. ¶¶ 6-7. Plaintiffs identified two
27 such witnesses—from Yoga Buddhi and Paddle—that they never named individually on their
28 initial disclosures. *Id*. ¶ 7. In Epic's words, Plaintiffs have "no basis to object to Rule 26

disclosures that took the same form as [their] own Rule 26 disclosures." Epic Prior Br. at 9.

Plaintiffs contend that their disclosures are different because Mr. Simon (from Yoga Buddhi) testified in *Epic v. Apple*, and Mr. Owens (from Paddle) provided witness statements in cases in Australia and the United Kingdom. Mot. at 5. But if a witness's testimony in another case creates fair notice, then Plaintiffs had notice of Mr. Oliver because Epic deposed him in the *Epic v. Apple* case and publicly designated his testimony for use at trial in that case. Shikman Decl. ¶¶ 9-10. Google never claimed any "surprise" about witnesses that Plaintiffs never named on their disclosures, Mot. at 5, because the parties agreed to address this situation by stipulating that "any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition." ECF No. 171 ¶ 22. Google is abiding by that agreement by deposing those third-party witnesses. Shikman Decl. ¶ 5.

"The 'threshold for determining whether there has been a disclosure violation is whether the opposing party had meaningful notice to prepare its case.'" Epic Prior Br. at 10 (quoting *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 617-18 (D. Nev. 2020)). In the *Apple* case, Epic argued that having "nearly seven weeks to depose [] three individuals" was "sufficient notice." *Id.* at 11. Google disclosed Mr. Oliver eight weeks before trial, giving Plaintiffs "sufficient notice" to depose him pursuant to the parties' agreement.

B. **There Is No Basis to Exclude Mr. Oliver's Testimony**

In any event, the five-factor test under Rule 37 does not warrant exclusion of Mr. Oliver's testimony. Rather, as Epic argued in the *Apple* case, "the appropriate remedy would be for [Epic] to be permitted to depose" Mr. Oliver, "not for [him] to be excluded." Epic Prior Br. at 21.

*First*, "there is no 'surprise' or prejudice against [Plaintiffs] to the bargain [they] struck." *Id.* at 14. As Epic noted in the *Apple* case, "each side disclosed the relevant compan[y] on a corporate level in their initial disclosures, the specific individual witness[ was] known to [Epic] and the Parties negotiated how to address this very situation." *Id.* As was the case in *Epic v. Apple*, the parties will have access "to **the very same documents**," so Epic "faces no risk that [Google] will surprise it by using a document it has not yet seen." *Id.* Epic in particular has little basis to claim surprise, as Mr. Oliver is one of a handful of Apple employees that Epic chose to

-3-

1  depose in advance of its trial against Apple. Shikman Decl. ¶¶ 9-10. Plaintiffs complain about the
2  timing of when Google disclosed the anticipated subject of Mr. Oliver's testimony, but Google did
3  so on the date agreed to by the parties. *Id.* ¶ 4. Prior to that deadline, Plaintiffs had not disclosed
4  the subject of their witnesses' testimony either. Mr. Oliver's testimony should not be excluded
5  because Google did not provide information ahead of the agreed-upon schedule.

6       *Second*, as Epic previously argued, Plaintiffs "can easily 'cure' any prejudice by deposing"
7  Mr. Oliver. Epic Prior Br. at 15. Epic seems to have changed its view about the case law on this
8  point. Epic and Match argue here that "courts 'generally' tend to exclude testimony by witnesses
9  who are not included on a party's Rule 26(a)(1) disclosures." Mot. at 3. But Epic argued in the
10 *Apple* case that exclusion "can be an 'unduly harsh sanction,'" Epic Prior Br. at 13, so "the
11 appropriate remedy" is "to depose the Third-Party Witnesses, not for them to be excluded," which
12 is "the remedy that courts routinely order even for *unexcused* belated witness disclosures." *Id.* at
13 21-22 (citing cases). The Court agreed. No. 4:20-cv-05640-YGR, ECF No. 437 at 3 (citing
14 cases). The fact that Epic "is seeking to exclude" Mr. Oliver "rather than seeking 'cure', is further
15 evidence that [Epic] wants to create prejudice not avoid it." Epic Prior Br. at 16 (citing *Jang Sool
16 Kwon v. Singapore Airlines*, 2003 WL 25686535, at *2 (N.D. Cal. Nov. 7, 2003)).

17      Plaintiffs argue that if Google had disclosed Mr. Oliver earlier, they "could have conducted
18 further discovery into Apple, and Mr. Oliver in particular, and may have been able to identify their
19 own witness(es), from Apple or elsewhere, to rebut Mr. Oliver's testimony." Mot. at 3. But
20 Plaintiffs do not explain what additional discovery they would have taken. In addition to the
21 voluminous discovery that Epic obtained from Apple in *Epic v. Apple*, the plaintiffs have obtained
22 approximately 13,000 documents from Mr. Oliver's files pursuant to a subpoena plaintiffs
23 themselves served on Apple in this case, and have had those documents for over a year. Shikman
24 Decl. ¶ 8. And having litigated and lost an entire parallel lawsuit against Apple, Epic was far
25 better placed than Google to identify Apple employees as trial witnesses.

26      *Third*, as Epic argued in the *Apple* case, "there is no risk of disrupting the trial schedule,
27 other than as a result of [Epic's] continuing delay and attempts to self-sabotage." Epic Prior Br. at
28 17. Plaintiffs argue that "there is no way to obtain discovery from Mr. Oliver without

significantly interfering with" their trial preparation. Mot. at 4. But Plaintiffs have many documents from Mr. Oliver and they do not argue that none of their lawyers can depose him before trial. They will have had nearly *eight weeks* to prepare for and take that deposition.

*Fourth*, evidence from Apple is clearly relevant. The Court in *Epic Games, Inc. v. Apple, Inc.* found that "Apple and Google compete with one another," 559 F. Supp. 3d 898, 992 n.454 (N.D. Cal. 2021), and Google "operates in the same market" as Apple. *Id.* at 997 n.484. Plaintiffs do not want an Apple employee to testify because they want the factfinder here to reach a different result. For example, Mr. Oliver's documents include ███████████████ ███████████████████████████████████████████████████████ ███████████████████████ Shikman Decl. ¶¶ 11-16 (citing documents). Thus, as Epic put it in the *Apple* case, it is Google that would suffer "severe and unwarranted prejudice if [it] were forbidden from calling" Mr. Oliver when it "followed the Parties' agreement to the letter and when its initial disclosures took precisely the same form as [Epic's]." Epic Prior Br. at 17.

*Fifth*, Google's disclosures were substantially justified. As Epic argued in the *Apple* case, "[a] party is substantially justified in failing to disclose an individual when such failure is due to circumstances beyond the party's control." Epic Prior Br. at 18 (citing authority). That is the case here. Over months leading up to the final witness list exchange, Google engaged extensively with Apple about whether it would agree to identify a witness who would voluntarily appear at trial. Shikman Decl. ¶ 2. Apple ultimately declined to do so. *Id.* When Apple made that decision, Google identified Mr. Oliver the very next day. *Id.* ¶ 3. Google should not be punished for engaging with a third party to minimize the burden on its employees and operations. As Epic also argued in the *Apple* case, Google was "further[] substantially justified in disclosing" Mr. Oliver "when it did because it did so pursuant to an agreement of the Parties in which they (i) explicitly acknowledged that [they] might call previously unidentified third-party witnesses at trial, and (ii) agreed upon a mechanism to prevent unfair surprise in that event." Epic Prior Br. at 20-21.

### III. CONCLUSION

The Court should deny Plaintiffs' motion.

DATED: October 4, 2023                    Respectfully submitted,

By:   */s/ Glenn D. Pomerantz*
　　　Glenn D. Pomerantz

*Glenn D. Pomerantz, S.B. #112503*
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
*Counsel for Defendants Google LLC, et al.*

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
Lauren Bell, pro hac vice
lauren.bell@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001


Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Neal Kumar Katyal, *pro hac vice*
neal.katyal@hoganlovells.com
Jessica L. Ellsworth, *pro hac vice*
jessica.ellsworth@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Counsel for Defendants Google LLC, et al.*