| | |
|---|---|
| Brian C. Rocca, S.B. #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B. #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B. #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B. #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B. #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br><br>*Counsel for Defendants Google LLC, et al.* | Glenn D. Pomerantz, S.B. #112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, S.B. #281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney, S.B. #308080<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, S.B. #282090<br>kyle.mach@mto.com<br>Justin P. Raphael, S.B. #292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, S.B. #293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, S.B. #313656<br>dane.shikman@mto.com<br>Rebecca L. Sciarrino, S.B. # 336729<br>rebecca.sciarrino@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>Lauren Bell, *pro hac vice*<br>lauren.bell@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>Neal Kumar Katyal, *pro hac vice*<br>neal.katyal@hoganlovells.com<br>Jessica L. Ellsworth, *pro hac vice*<br>jessica.ellsworth@hoganlovells.com<br>**HOGAN LOVELLS US LLP**<br>555 Thirteenth Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation,* Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.,* Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF JONATHAN KRAVIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED REMEDY REGARDING CHATS**<br><br>Judge:   Hon. James Donato |

# DECLARATION OF JONATHAN KRAVIS

I, Jonathan Kravis, hereby declare:

1. I am admitted pro hac vice in this case. I am a partner at the law firm of Munger, Tolles & Olson LLP and counsel of record for Google in the above-captioned matters. I have personal knowledge of the facts set forth in this declaration, except where stated that the facts are based on my understanding or belief. If called as a witness, I could and would testify competently to the matters set forth herein.

2. Google received Plaintiffs' most recent exhibit list on September 29, 2023. The list includes 1953 total documents. Members of my team and I reviewed Plaintiffs' list to evaluate and assess documents related to the issues raised in Plaintiffs' Proposed Remedy Regarding Google's Destruction of Chat Evidence, MDL ECF No. 608.

3. Plaintiffs' exhibit list includes 188 agreements and amendments produced by Google and described as "Mobile Application Distribution Agreement[s]." Of these 188 agreements, 183 were executed prior to August 13, 2020 and 5 were executed after that date.

4. Using our document database, my team conducted a keyword search of all exhibits on Plaintiffs' list for references to "MADA" or "Mobile Application Distribution Agreement." This search identified 316 documents from Plaintiffs' list that hit on at least one of those terms. In other words, in addition to the 188 executed MADA agreements on Plaintiffs list, there are 128 additional documents that reference these agreements. A review of those documents shows that they date back to at least 2009, and contain at least 25 emails and at least 13 different slide decks or documents that substantively discuss the MADA, its terms, or Google's rationale for offering the agreement.

5. Google received Plaintiffs' most recent witness list on September 29, 2023. According to that list, Plaintiffs plan to designate deposition testimony on the MADA from a Motorola executive. They also plan to designate deposition testimony from Andy Rubin and Nick Sears, who co-founded Android and were involved in the development of Android's go-to-market strategy, including the MADA.

-1-

KRAVIS DECL. ISO DEFS' OPP. TO PLS' PROPOSED REMEDY RE CHATS
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD

6. Plaintiffs' exhibit list includes fifteen Revenue Sharing Agreements ("RSAs") with device manufacturers ("OEMs") that include a "Premier Tier." All of these agreements were executed prior to August 13, 2020.

7. Using our document database, we conducted a keyword search of all exhibits on Plaintiffs' list for references to "RSA3" or "RSA 3.0" or "Premier Tier." This search identified 46 documents on Plaintiffs' exhibit list (in addition to the 15 agreements referenced in paragraph 6) that hit on at least one of the search terms. A review of those documents shows that they contain at least 16 emails and at least 18 slide decks and documents that discuss the terms of the RSA 3.0 Program and/or Google's strategic rationale for RSA 3.0.

8. Using our document database, we conducted a keyword search of all exhibits on Plaintiffs' list for references to "Hug," "Games Velocity Program" or "GVP." This search identified 230 documents on Plaintiffs' list that hit on at least one of the search terms. A review of those documents reveals at least 43 slide decks and documents, and 42 emails, that discuss the Games Velocity Program, including its rationale, strategic goals, and costs.

9. Using our document database, we conducted a keyword search of all exhibits on Plaintiffs' list for references to "Runway" or "Magical Bridge." This search identified 80 documents that hit on at least one of those terms. A review of those documents show that at least 4 documents reference regulatory considerations in the context of Project Runway specifically.

10. Plaintiffs' brief cites 4 different chats involving the same Google employee who works on strategy. *See* Br. at 5 (citing Dkt 469 at 12, Dkt 468-6, Dkt. 468-7, Dkt. 468-8); *see also* Br. at 6 (citing 468-8); Br. at 15 (citing 468-6, 468-7). Plaintiffs' exhibit list includes 5 documents for which this employee is a sponsoring witness. All 5 documents relate to chats sent after August 13, 2020, and 4 are the documents cited by Plaintiffs in their brief.

11. Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the deposition transcript of Patrick Brady, who was deposed in this litigation on April 21, 2022.

12. Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the deposition transcript of Sameer Samat, who was deposed in this litigation on February 2, 2022.

13. Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the deposition transcript of James Kolotouros, who was deposed in this litigation on February 2, 2022.

14. Attached hereto as Exhibit 4 is a true and correct copy of excerpts from the deposition transcript of Christopher Li, who was deposed in this litigation on May 24, 2022.

15. Attached hereto as Exhibit 5 is a true and correct copy of excerpts from the expert report of Matthew Gentzkow, which was served on November 18, 2022.

16. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the deposition transcript of Douglas Bernheim, who was deposed in this litigation on April 6, 2023.

17. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the deposition transcript of Michael Marchak, who was deposed in this litigation on January 12, 2022.

18. Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the deposition transcript of Purnima Kochikar, who was deposed in this litigation on August 31, 2022.

19. Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the deposition transcript of Lawrence Koh, who was deposed in this litigation on December 9, 2021.

20. Attached hereto as Exhibit 10 is a true and correct copy of excerpts from the deposition transcript of Armin Zerza, who was deposed in this litigation on September 22, 2022.

21. Attached hereto as Exhibit 11 is a true and correct copy of excerpts from the expert report of Catherine Tucker, which was served on November 18, 2022.

22. Attached hereto as Exhibit 12 is a true and correct copy of excerpts from Defendants' Responses and Objections to Plaintiff Consumers' First Set of Requests for Admission, which was served on August 22, 2022.

23. Attached hereto as Exhibit 13 is a true and correct copy of excerpts from the deposition transcript of Don Harrison, who was deposed in this litigation on August 23, 2022.

24. Attached hereto as Exhibit 14 is a true and correct copy of excerpts from the deposition transcript of Sundar Pichai, who was deposed in this litigation on February 27, 2023.

25. Attached hereto as Exhibit 15 is a true and correct copy of the document produced by Google in this litigation bearing the Bates range GOOG-PLAY5-000474661 to GOOG-PLAY5-000474664.

26. Attached hereto as Exhibit 16 is a true and correct copy of excerpts from the hearing transcript of the Chats Evidentiary hearing held on January 31, 2023.

27. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the hearing transcript of the Pretrial Status Conference held on September 7, 2023.

28. Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the hearing transcript of the Chats Evidentiary hearing held on January 12, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of October, 2023, in Washington, D.C.

*/s/ Jonathan I. Kravis*
Jonathan I. Kravis

-4-

KRAVIS DECL. ISO DEFS' OPP. TO PLS' PROPOSED REMEDY RE CHATS
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD