| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, S.B. #313656<br>dane.shikman@mto.com<br>Rebecca L. Sciarrino, S.B. # 336729<br>rebecca.sciarrino@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS SUBMITTED IN CONNECTION WITH DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED SANCTION RE CHATS**<br><br>Judge: Hon. James Donato |

I, Christian Cramer, declare as follows:

1. I am currently a Finance Director for Defendant Google LLC (along with Google-affiliated entities, "Google"). I have been employed by Google since September 2007 and have held my current position since March 2017. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2. I submit this declaration in support of the Administrative Motion to Seal Materials Submitted in Connection With Defendants' Opposition to Plaintiffs' Proposed Sanction Re Chats ("Motion"), filed on October 5, 2023 in *In re Google Play Store Antitrust Litigation* (No. 21-md-02981-JD) (N.D. Cal) ("MDL"); s*ee also In re Google Play Consumer Antitrust Litigation* (No. 3:20-cv-05761-JD) (N.D. Cal); *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.); *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.); *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.).

3. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

**The Material to Be Sealed Is Highly Confidential Because It Reflects Non-Public Commercial Agreements and Contract Proposals, and Because It Reveals Google's Competitive Decision-Making and Business Strategy**

4. As demonstrated with factual particularity below, all the material for which Google requests sealing is maintained as highly confidential. To the best of my knowledge, none of this material has been publicly disclosed.

5. As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, inter alia, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv)

internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly disclosed, could potentially enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, violate Google's confidentiality obligations to third parties, or otherwise prejudice Google's business interests. In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information of this nature outside of the company, except to authorized third parties when so required or permitted by law or contract. To that end and in order to prevent inadvertent revelation of this information to the public, Google has several policies in place like prohibiting employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain internal systems, permitting access to document databases on a need-to-know basis, and requiring the use of an encrypted email system. I am also aware that, generally, Google employees are required to sign a confidentiality agreement requiring each employee to keep information confidential and shared only within the company.

6. Third parties—including Google's customers, suppliers, business partners, and others who interact or transact with Google in an array of contexts—entrust highly sensitive, non-public, and confidential information to Google every day. These third parties have an expectation that Google can and will protect the confidentiality of that information. In many cases, Google is contractually bound to keep that information confidential. In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information reflecting third parties' confidential information outside of the company, unless and only to the extent it has been authorized (or is lawfully permitted or required) to do so. Rather, as noted above, Google policies and protocols are designed to ensure the confidentiality of third-party material is strictly maintained.

**There is Good Cause and Compelling Reasons to Seal Google's Highly Confidential Material**

7. As demonstrated with factual particularity below, there is "good cause" to seal Google's confidential materials. But even if Google were required to demonstrate "compelling reasons" for sealing, the materials for which Google requests sealing would still satisfy that standard. The public disclosure of Google's internal, confidential material (including material that reflects third parties' confidential information) could, among other things, harm Google's business and customer relationships, undermine Google's ability to retain and attract customers and business partners who entrust Google with their confidential information, jeopardize Google's ability to conduct business with current and prospective business partners, enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, or otherwise prejudice Google's and/or third parties' business interests. These materials therefore derive economic value from not being generally known to Google's competitors, counterparties, or the public. The release of this information to the public will cause tangible commercial injury to Google and to those who provided their confidential information to Google with the expectation that confidences would be maintained.

8. I understand that this Motion requests that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

**Specific Information to Be Sealed**

**Defendants' Opposition to Plaintiffs' Proposed Sanction re Chats – Exhibit 3**

9. **Exhibit 3, Page 222, Line 13 (word before "correct"), Line 15 (between "And" and "wasn't"), and Line 25 (between "other than" and "right?").** This text contains confidential, non-public information regarding a specific non-party OEM, and implicates the

3

1  OEM's confidentiality interest, by revealing the identity of a Google business partner who is not
2  party to this litigation, and who has a reasonable expectation that Google will maintain the
3  confidentiality of contractual terms. Disclosure of this non-public information is likely to result
4  in competitive harm to Google, as it reveals strategic decision-making, which, for example,
5  could give a competitor or potential business partner unfair leverage in competing against or
6  negotiating with Google. Moreover, Google's competitors could use this non-party information
7  to unfairly target Google's developer partners.

8        10. **Exhibit 3, Page 234, Line 7 (last word of line), and Line 10 (first word of
9  line).** This text contains confidential, non-public information regarding a specific non-party
10 OEM, and implicates the OEM's confidentiality interest, by revealing the identity of a Google
11 business partner who is not party to this litigation, and who has a reasonable expectation that
12 Google will maintain the confidentiality of contractual terms. Disclosure of this non-public
13 information is likely to result in competitive harm to Google, as it reveals strategic decision-
14 making, which, for example, could give a competitor or potential business partner unfair
15 leverage in competing against or negotiating with Google. Moreover, Google's competitors
16 could use this non-party information to unfairly target Google's developer partners.

17       **Defendants' Opposition to Plaintiffs' Proposed Sanction re Chats – Exhibit 5**

18       11. **Exhibit 5, Page 225 (entire graph).** This text reflects and is calculated from
19 internal, non-public Google data and reflects the percentage of Android devices covered by
20 certain revenue share agreements entered into between Google and non-party OEMs. Google
21 spends significant resources compiling and maintaining this valuable data, which is non-public,
22 and if revealed to competitors and potential business counterparties, could be used to
23 disadvantage and cause Google competitive harm by giving competitors insight into confidential
24 Google information.

25       12. **Exhibit 5, Page 225, Footnote 5 (between "RSA 3.0 is" and "percent",
26 between "the share is" and "percent", between "compatible are" and "percent", and
27 between "and" and "percent").** This text reflects and is calculated from internal, non-public

28

1  Google data and reflects the percentage of Android devices covered by certain revenue share
2  agreements entered into between Google and non-party OEMs. Google spends significant
3  resources compiling and maintaining this valuable data, which is non-public, and if revealed to
4  competitors and potential business counterparties, could be used to disadvantage and cause
5  Google competitive harm by giving competitors insight into confidential Google information.

**Defendants' Opposition to Plaintiffs' Proposed Sanction re Chats – Exhibit 8**

13.  **Exhibit 8, Page 14, Lines 13-14 (entire lines).** This text contains the home address of a Google employee. Disclosure of this information is of limited value to the public—as their identities are not relevant to the disposition of this case. The public is still able to view the substantive portions of the document, while individuals' reputations and identities are protected. Thus, even with narrow redactions of these individuals' names, the public can readily understand the import of Exhibit XX and its interest in disclosure of Exhibit XX in its entirety is limited and outweighed by the compelling reasons for sealing.

14.  **Exhibit 8, Page 106, Lines 12-18 (from "there would be" until end of line).** This text contains confidential, non-public information regarding Google's agreement with a specific non-party developer. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. Additionally, the disclosure of a non-party developer's highly confidential information would significantly harm this non-party developer's business. For example, competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies.

15.  **Exhibit 8, Page 128, Line 19 (the word before "is one").** This text contains confidential, non-public information regarding a specific non-party developer, and implicates the

1  non-party's confidentiality interest, by revealing the identity of a Google business partner who is
2  not party to this litigation, and who has a reasonable expectation that Google will maintain the
3  confidentiality of contractual terms and its own confidential statements made during
4  negotiations. In particular, the text identifies specific representations made by that non-party
5  developer in the course of negotiations with Google. Disclosure of this non-public information is
6  likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for
7  example, could give a competitor or potential business partner unfair leverage in competing
8  against or negotiating with Google. Moreover, Google's competitors could use this non-party
9  information to unfairly target Google's developer partners.

10        16.     **Exhibit 8, Page 128, Lines 20-22 (entire lines).** This text contains confidential,
11  non-public information regarding a specific non-party developer, and implicates the non-party's
12  confidentiality interest, by revealing the identity of a Google business partner who is not party to
13  this litigation, and who has a reasonable expectation that Google will maintain the confidentiality
14  of contractual terms and its own confidential statements made during negotiations. In particular,
15  the text identifies specific representations made by that non-party developer in the course of
16  negotiations with Google, including references to confidential agreement terms. Disclosure of
17  this non-public information is likely to result in competitive harm to Google, as it reveals
18  strategic decision-making, which, for example, could give a competitor or potential business
19  partner unfair leverage in competing against or negotiating with Google. Moreover, Google's
20  competitors could use this non-party information to unfairly target Google's developer partners.

21        17.     **Exhibit 8, Page 128, Line 25 (first word of question).** This text contains
22  confidential, non-public information regarding a specific non-party developer, and implicates the
23  non-party's confidentiality interests, by revealing the identity of a Google business partner who
24  is not party to this litigation, and who has a reasonable expectation that Google will maintain the
25  confidentiality of contractual terms and its own confidential statements made during
26  negotiations. In particular, the text identifies specific representations made by that non-party
27  developer in the course of negotiations with Google, including references to confidential
28

agreement terms. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

18. **Exhibit 8, Page 129, Line 1 (first word of sentence), Line 5 (between "conversation" and "decision"), Line 11 (between "with" and "we needed"), Line 19 (first word), Line 21 (entire line), and Line 22 (between "other than" and "there are").** This text contains confidential, non-public information regarding specific non-party developers, and implicates the non-parties' confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and their own confidential statements made during negotiations. In particular, the text identifies specific representations made by these non-party developers in the course of negotiations with Google, including references to confidential agreement terms. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

19. **Exhibit 8, Page 129, Line 7 (between "else for" and "and they").** This text contains confidential, non-public information regarding Google's agreements with non-party developers, including specific confidential provisions of a commercial agreement. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners

7

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF GOOGLE'S ADMIN. MOT. TO FILE UNDER SEAL MATERIALS SUBMITTED
IN CONNECTION WITH DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED SANCTION RE CHATS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

and offer specific deal terms designed to undercut those offered by Google.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 5th day of October, 2023, in Mountain View, California.

DocuSigned by:

*Christian Cramer*

7E2F7561498147C...

Christian Cramer

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF GOOGLE'S ADMIN. MOT. TO FILE UNDER SEAL MATERIALS SUBMITTED IN CONNECTION WITH DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED SANCTION RE CHATS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD