# EXHIBIT 6

| | |
|---|---|
| Brian C. Rocca, S.B. #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B. #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B. #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B. #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B. #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br><br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>Benjamin G. Bradshaw, S.B. #189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br><br>*Attorneys for Defendants* | Glenn D. Pomerantz, S.B. #112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, S.B. #281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney, S.B. #308080<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, S.B. #282090<br>kyle.mach@mto.com<br>Justin P. Raphael, S.B. #292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, S.B. #293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, S.B. #313656<br>dane.shikman@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>Daniel M. Petrocelli, S.B. #97802<br>dpetrocelli@omm.com<br>Stephen J. McIntyre, S.B. #274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars<br>Los Angeles, California 90067<br>Telephone: (310) 553-6700 |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF CONSUMER' FIRST SET OF REQUESTS FOR ADMISSION** |

Case No. 3:21-md-02981-JD

DB2/ 43808968.2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' RESPONSES AND
OBJECTIONS TO PLAINTIFF
CONSUMER'S FIRST SET OF RFAS

admits that apps on devices running iOS or Android may access some, but not all, of the APIs within the Google Play Services SDK suite without Google Mobile Services having been preloaded on the device.

**REQUEST FOR ADMISSION NO. 9:**

Admit that in the United States, an App distributed through Google Play may only offer In-App Purchases through Google Play if it uses Google Play Billing and may only be updated through Google Play.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Google objects to this Request as impermissibly compound. Subject to and without waiving the foregoing objections, Google admits that an app distributed through Google Play in the United States may only be updated through Google Play. In all other respects, Google denies Request No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that when Consumers obtain Apps from Google Play they pay Google directly for any Apps or In-App Purchases.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Google objects to this Request as vague and ambiguous in its use of the terms "obtain" and "directly." Subject to and without waiving the foregoing objections, Consumers may purchase apps or in-app purchases through methods including direct carrier billing and gift cards, and on this basis, Google denies Request No. 10.

**REQUEST FOR ADMISSION NO. 11:**

Admit that this Litigation was a factor in Google's decision to reduce the revenue share from 30% to 15% on the first $1 million of developer earnings effective July 1, 2021.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:21-md-02981-JD

DB2/ 43808968.2

16

DEFENDANTS' RESPONSES AND
OBJECTIONS TO PLAINTIFF
CONSUMER'S FIRST SET OF RFAS

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Google admits that this Litigation was one factor considered in its decision to announce the service fee reduction on developers' first $1 million in annual revenues, along with other factors including Google's competition with Apple.

**REQUEST FOR ADMISSION NO. 12:**

Admit that this Litigation was a factor in Google's decision to reduce the revenue share from 30% to 15% on subscription developer earnings effective January 1, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Google denies that this Litigation was a factor considered in its decision to reduce its revenue share from subscription developers from 30% to 15%.

**REQUEST FOR ADMISSION NO. 13:**

Admit that during the time period January 1, 2008, through and including the present, Google paid some mobile carriers revenue share in part to encourage them to promote Google Play over their own App Stores.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Google objects to this Request as vague and ambiguous in its use of the phrases "revenue share," "some mobile carriers," and "to encourage them to promote Google Play over other App Stores." Google further objects to this Request as overbroad and unduly burdensome as to time. Subject to and without waiving the foregoing objections, Google admits that during the time period January 1, 2008 through the present, it has paid revenue share to certain mobile carriers. In all other respects, Google denies Request No. 13.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:21-md-02981-JD

DB2/ 43808968.2

17

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF CONSUMER'S FIRST SET OF RFAS