# EXHIBIT 2

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3              SAN FRANCISCO DIVISION
 4
                                    )
 5   IN RE GOOGLE PLAY STORE         )
     ANTITRUST LITIGATION            )
 6                                   )
     THIS DOCUMENT RELATES TO:       )  CASE NO.
 7                                   )  3:21-MD-02981-JD
     STATE OF UTAH, ET AL. V.        )
 8   GOOGLE, LLC, ET AL.,            )
     CASE NO. 3:21-CV-05227-JD       )
 9                                   )
     MATCH GROUP, LLC ET AL. V.      )
10   GOOGLE, LLC ET AL.,             )
     CASE NO. 3:22-CV-02746-JD       )
11                                   )
     EPIC GAMES, INC. V. GOOGLE,     )
12   LLC ET AL.,                     )
     CASE NO. 3:20-CV-05671-JD       )
13                                   )
     IN RE GOOGLE PLAY CONSUMER      )
14   ANTITRUST LITIGATION,           )
     CASE NO. 3:20-CV-05761-JD       )
15   _____)
16
17       ** PROVISIONALLY HIGHLY CONFIDENTIAL **
18
19              PROCEEDINGS OF
20   VIDEOTAPED DEPOSITION OF STEVEN SCHWARTZ, PH.D.
21           TUESDAY, MARCH 28, 2023
22
23
24   REPORTED BY:  REAGAN EVANS, RPR, RMR, CRR, CCRR,
25            CLR, CRC, CA CSR NO. 8176
```

Page 2

1  VIDEOTAPED DEPOSITION OF STEVEN SCHWARTZ, PH.D.,
2  TAKEN ON BEHALF OF DEFENDANTS AT 9:07 A.M., TUESDAY,
3  MARCH 28, 2023, AT NEWPORT BEACH, CALIFORNIA, BEFORE
4  REAGAN EVANS, CA CSR NO. 8176, RPR, RMR, CRR, CCRR,
5  CLR, CRC.
6
7  APPEARANCES OF COUNSEL
8
9  FOR GOOGLE LLC ET AL.
10     MUNGER, TOLLES & OLSON LLP
11     BY:  JUSTIN P. RAPHAEL, ESQ.
12     560 MISSION STREET
13     TWENTY-SEVENTH FLOOR
14     SAN FRANCISCO, CALIFORNIA 94105
15     (415) 512-4000
16     JUSTIN.RAPHAEL@MTO.COM
17
18
19
20
21
22
23
24
25

```
 1   APPEARANCES OF COUNSEL (CONTINUED)
 2
 3   FOR MATCH GROUP LLC; HUMOR RAINBOW, INC.; PLENTY OF
 4   FISH MEDIA ULC; AND PEOPLE MEDIA, INC:
 5       HUESTON HENNIGAN LLP
 6       BY:  MICHAEL M. PURPURA, ESQ.
 7       620 NEWPORT CENTER DRIVE
 8       SUITE 1300
 9       NEWPORT BEACH, CALIFORNIA 92660
10       (949) 229-8640
11       MPURPURA@HUESTON.COM
12           - AND -
13       BY:  TATE HARSHBARGER, ESQ.
14       523 WEST 6TH STREET
15       SUITE 400
16       LOS ANGELES, CALIFORNIA 90014
17       (213) 788-4340
18       THARSHBARGER@HUESTON.COM
19
20
21
22
23
24
25
```

HIGHLY CONFIDENTIAL

Page 4

```
 1   APPEARANCES OF COUNSEL (CONTINUED)
 2
 3   FOR PLAINTIFF STATES:
 4        OFFICE OF THE ATTORNEY GENERAL
 5        STATE OF UTAH
 6        BY:  BRENDAN BENEDICT, ESQ.
 7        160 EAST 300 SOUTH
 8        5TH FLOOR
 9        P.O. BOX 140872
10        SALT LAKE CITY, UT 84114-0872
11        BBENEDICT@AGUTAH.GOV
12
13        KRESSIN LAW GROUP
14        BY:  BRANDON KRESSIN, ESQ.
15        BY:  PATRICK GRECO, ESQ.
16             (APPEARING REMOTELY)
17        5609 GOLDEN BEAR DRIVE
18        OVERLAND PARK, KANSAS 66223
19        (913) 374-0750
20        BRANDON@KRESSINLG.COM
21        PATRICK@KRESSINLG.COM
22
23
24
25
```

```
 1   APPEARANCES OF COUNSEL (CONTINUED)
 2
 3   FOR INTERIM STEERING COMMITTEE MEMBERS FOR
 4   PLAINTIFFS AND THE PROPOSED CLASS IN IN RE
 5   GOOGLE PLAY CONSUMER ANTITRUST LITIGATION:
 6        KOREIN TILLERY, LLC
 7        BY:  DAVID WALCHAK, ESQ.
 8             (APPEARING REMOTELY)
 9        205 NORTH MICHIGAN AVENUE
10        SUITE 1950
11        CHICAGO, ILLINOIS 60601
12        (312) 641-9750
13        DWALCHAK@KOREINTILLERY.COM
14
15
16   ALSO PRESENT:
17        JEANETTE TECKMAN, MATCH GROUP (REMOTELY)
18        STEPHEN MYERS, MATCH GROUP (REMOTELY)
19        DAVID WALCK, VIDEOGRAPHER
20
21
22
23
24
25
```

Page 40

1  indicate whether any of that behavior would drive
2  switching between devices and operating systems.
3       Q    Okay.
4            So you think it's relevant to the economic
5  analysis in this case of -- to measure what would
6  happen in response to a change in quality of, for
7  example, the Google Play Store?
8            MR. PURPURA:  Objection.  Form.
9            THE WITNESS:  Among other things.
10 BY MR. RAPHAEL:
11      Q    Okay.
12           Now, to understand the economic issues in
13 this case, should the jury consider both the Epic v.
14 Apple decision as well as the statements by the
15 European regulators that you've cited in your
16 report?
17           MR. PURPURA:  Objection.  Form.
18           THE WITNESS:  I think the jury should rely
19 on whatever evidence is admitted by the judge during
20 the trial and give whatever weight the jury believes
21 is appropriate.
22 BY MR. RAPHAEL:
23      Q    Well, is there -- is it more relevant to
24 the economic opinions in this case what European
25 regulators have said than what a federal judge in

Page 41

1   Oakland has said?
2           MR. PURPURA:  Objection.  Form.
3           THE WITNESS:  I think that's a decision for
4   the jury to reach.  I think there is relevant
5   information for purposes of my analysis from a
6   variety of decisions.  And when that information is
7   relevant to my report, I've cited it.
8           As to what the jury does with that
9   information, should it be admitted at trial, that's
10  for the jury to determine.
11  BY MR. RAPHAEL:
12      Q   Okay.
13          So you're not saying that there's greater
14  economic significance to the decision of the
15  European Commission or a report of the Competition
16  in Markets Authority of the United Kingdom than a
17  federal court decision from a judge in Oakland?
18          MR. PURPURA: Objection.  Form.
19          THE WITNESS:  I'm not making a judgment on
20  what weight the jury should give to any of that
21  evidence as a threshold matter.
22  BY MR. RAPHAEL:
23      Q   That wasn't my question.
24          My question was whether it's your opinion
25  that there's greater economic significance to

HIGHLY CONFIDENTIAL

Page 42

1  decisions of the European Commission or reports of
2  regulators in the United Kingdom than a federal
3  court decision in Oakland.
4           MR. PURPURA:  Objection.
5           THE WITNESS:  I have not reached a judgment
6  on that one way or the other.
7  BY MR. RAPHAEL:
8     Q   Now, Dr. Schwartz, when an Android app
9  developer sells an in-app purchase or subscription
10 and pays a service fee to Google, what is that
11 service fee for?
12          MR. PURPURA:  Objection.
13          THE WITNESS:  Under the current rules, as I
14 understand them, a portion of that fee is for
15 payment processing services for the in-app purchases
16 that are provided by Google Play billing, and a
17 portion is ostensibly a payment for other services
18 provided by the Google Play Store to the developer.
19 BY MR. RAPHAEL:
20    Q   Okay.
21          So, for example, today the Match Plaintiffs
22 pay a service fee of 15 percent for any
23 subscriptions to their services that are purchased
24 inside Android Apps that have been downloaded from
25 Google Play where those purchases are made through

HIGHLY CONFIDENTIAL

Page 316

STATE OF CALIFORNIA    )
COUNTY OF LOS ANGELES  )    ss.

    I, Reagan Evans, RPR, RMR, CRR, CCRR, CLR, CRC, CSR No. 8176, in and for the State of California, do hereby certify:

    That prior to being examined, the witness named in the foregoing deposition was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

    That said remote deposition was taken down by me in shorthand at the time and place therein named and thereafter reduced to typewriting under my direction, and the same is a true, correct, and complete transcript of said proceedings;

    That if the foregoing pertains to the original transcript of a deposition in a federal case, before completion of the proceedings, review of the transcript {xx} was { } was not required.

    I further certify that I am not interested in the event of the action.

    Witness my hand this 28th day of March, 2023.

*Reagan Evans*

Certified Shorthand Reporter
for the State of California