| | |
|---|---|
| Brian C. Rocca, S.B. #221576 | Glenn D. Pomerantz, S.B. #112503 |
| brian.rocca@morganlewis.com | glenn.pomerantz@mto.com |
| Sujal J. Shah, S.B. #215230 | Kuruvilla Olasa, S.B. #281509 |
| sujal.shah@morganlewis.com | kuruvilla.olasa@mto.com |
| Michelle Park Chiu, S.B. #248421 | Nicholas R. Sidney, S.B. #308080 |
| michelle.chiu@morganlewis.com | nick.sidney@mto.com |
| Minna Lo Naranjo, S.B. #259005 | **MUNGER, TOLLES & OLSON LLP** |
| minna.naranjo@morganlewis.com | 350 South Grand Avenue, Fiftieth Floor |
| Rishi P. Satia, S.B. #301958 | Los Angeles, California 90071 |
| rishi.satia@morganlewis.com | Telephone: (213) 683-9100 |
| **MORGAN, LEWIS & BOCKIUS LLP** | |
| One Market, Spear Street Tower | Kyle W. Mach, S.B. #282090 |
| San Francisco, CA 94105 | kyle.mach@mto.com |
| Telephone: (415) 442-1000 | Justin P. Raphael, S.B. #292380 |
| | justin.raphael@mto.com |
| Richard S. Taffet, *pro hac vice* | Emily C. Curran-Huberty, S.B. #293065 |
| richard.taffet@morganlewis.com | emily.curran-huberty@mto.com |
| **MORGAN, LEWIS & BOCKIUS LLP** | Dane P. Shikman, S.B. #313656 |
| 101 Park Avenue | dane.shikman@mto.com |
| New York, NY 10178 | Rebecca L. Sciarrino, S.B. # 336729 |
| Telephone: (212) 309-6000 | rebecca.sciarrino@mto.com |
| | **MUNGER, TOLLES & OLSON LLP** |
| *Counsel for Defendants Google LLC, et al.* | 560 Mission Street, Twenty Seventh Floor |
| | San Francisco, California 94105 |
| | Telephone: (415) 512-4000 |
| | |
| | Jonathan I. Kravis, *pro hac vice* |
| | jonathan.kravis@mto.com |
| | Lauren Bell, *pro hac vice* |
| | lauren.bell@mto.com |
| | **MUNGER, TOLLES & OLSON LLP** |
| | 601 Massachusetts Avenue NW, Suite 500E |
| | Washington, D.C. 20001 |
| | Telephone: (202) 220-1100 |
| | |
| | Neal Kumar Katyal, *pro hac vice* |
| | neal.katyal@hoganlovells.com |
| | Jessica L. Ellsworth, *pro hac vice* |
| | jessica.ellsworth@hoganlovells.com |
| | **HOGAN LOVELLS US LLP** |
| | 555 Thirteenth Street, NW |
| | Washington, D.C. 20004 |
| | Telephone: (202) 637-5600 |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation,* Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.,* Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**SUPPLEMENTAL DECLARATION OF DANE P. SHIKMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO APPLE'S MOTION TO QUASH TRIAL SUBPOENA TO CARSON OLIVER**<br><br>Judge:   Hon. James Donato<br>Date:    October 12, 2023 at 10:00am |

**SUPPLEMENTAL DECLARATION OF DANE P. SHIKMAN**

I, Dane P. Shikman, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am an attorney at the law firm of Munger, Tolles & Olson LLP ("MTO") and counsel of record for Defendants ("Google") in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. I write to supplement my prior declaration, MDL Dkt. 632-1, with further detail regarding conversations between counsel for Google and counsel for Apple on the subject of producing an Apple employee witness to testify at trial.

3. As noted in my prior declaration, counsel for Google contacted Apple's outside counsel on June 9, 2023, to arrange for a telephone call, which we then scheduled for June 12. On that June 12 call, we communicated Google's intention to call an Apple witness at trial, and asked Apple's counsel whether Apple would identify a witness who would appear voluntarily at trial to testify about competition between the Apple App Store and the Google Play store. Apple's counsel responded that, while he believed his client would be hesitant to provide a witness voluntarily, he would have to confer with his client before providing a final answer. He explained that Google's request might require further conversations between in-house counsel at Google and Apple, and asked me to provide him with contact information for an in-house attorney at Google that he could pass on to his client for further discussion. I provided that information the next day, on June 13.

4. On July 6, Apple's outside counsel informed me that Apple had still not determined whether it would agree to identify a witness who would voluntarily appear at trial. He informed me that he would update me with additional information when he had it.

5. We continued to discuss this subject with Apple's outside counsel, including on telephone calls on July 20 and August 10. During these calls, counsel for Google communicated that Google's questioning would be limited to competition between the Google Play store and the Apple App Store. On August 10, Apple's outside counsel communicated again that Apple was

reluctant to identify a witness who would appear voluntarily at trial.  Apple's outside counsel provided the names of two in-house counsel at Apple, and suggested that Google's in-house counsel make contact in order to further the discussion.

      6.     I understand that on August 25 and September 1, Google's in-house counsel spoke with Apple's in-house counsel about Google's request for Apple to identify a witness who would appear voluntarily at trial.

      7.     I understand that on September 1, Google provided the names of four Apple employees that Google was considering, at that time, as potential trial witnesses based on Apple's document production.  Google had not yet identified Carson Oliver, so Carson Oliver was not one of those names.

      8.     I understand that on September 11, Google's in-house counsel spoke with in-house counsel at Apple, who said definitively that Apple would not identify any witness who would appear voluntarily at trial.

      9.     As noted in my prior declaration, MDL Dkt. 632-1, we disclosed Carson Oliver to Plaintiffs and Apple the next day.  Google served the trial subpoena through Apple's counsel on September 19.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed on this 11th day of October, 2023, at San Francisco, California.

                                                   *s/ Dane P. Shikman*
                                                   Dane P. Shikman