1  Jeffrey L. Kessler (*pro hac vice*)
   JKessler@winston.com
2  Sofia Arguello (*pro hac vice*)
   SArguello@winston.com
3  WINSTON & STRAWN LLP
   200 Park Avenue
4  New York, NY 10166-4193
   Telephone: (212) 294-6700
5  Facsimile: (212) 294-4700

6  Jeanifer E. Parsigian (SBN: 289001)
   JParsigian@winston.com
7  WINSTON & STRAWN LLP
   101 California Street, 34th Floor
8  San Francisco, CA 94111
   Telephone: (415) 591-1000
9  Facsimile: (415) 591-1400

10 *Attorneys for Non-Party*
   ACTIVISION BLIZZARD, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litig.,*<br>Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.,*<br>Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,*<br>Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF PAGE ROBINSON IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>The Honorable James Donato |

I, Page Robinson, declare as follows:

1. I am the Senior Director of Litigation and Intellectual Property for Activision Blizzard, Inc. ("Activision Blizzard"). I joined Activision Blizzard in 2022. I make this Declaration on my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. In my current role at Activision Blizzard, I am responsible for litigation and intellectual property matters, including overseeing all pending and threatened litigation, IP licensing, and related strategic decisions, and advising Activision Blizzard on such matters. Activision Blizzard keeps such information confidential to protect itself and its partners from potential harm.

3. I understand that, in the above-captioned actions, Defendants filed the Declaration of Jonathan Kravis in support of their Opposition to Plaintiffs' Proposed Remedy Regarding Chats, as well as certain exhibits to such Declaration ("Defendants' Filings"). *See* ECF No. 634 *et seq.*[1]

4. I understand that Defendants' Filings include Activision Blizzard information identified—by Activision or another party—as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the applicable protective order, and that, accordingly, Defendants have filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Sealing Motion"). *See* ECF No. 636 (citing ECF No. 248).[2] I write this Declaration in support of Defendants' Sealing Motion insofar as it relates to the Activision Blizzard information incorporated into Defendants' Filings and as described in greater detail below.

5. I understand that, where documents are "more than tangentially related to the merits of a case," this Court requires a party to establish "compelling reasons" for sealing. *See Connor v. Quora, Inc.*, No. 18-cv-07597, 2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020) (citations and internal

---

[1] The referenced ECF numbers correspond to Case No. 3:21-md-02981-JD.

[2] In submitting this Declaration, Activision Blizzard—a non-party to this case that therefore is not privy to discovery in the matter—is reliant on the parties' counsel to identify references to Activision Blizzard confidential information that warrants sealing. In submitting this Declaration, Activision Blizzard relied on correspondence from Google counsel. Activision Blizzard reserves the right to supplement this Declaration or submit a new declaration if it learns that other confidential information of Activision Blizzard was included in Defendants' Filings but omitted from Google counsel's correspondence.

1

DECLARATION OF PAGE ROBINSON
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD; 3:20-cv-05761-JD, 3:21-cv-05227-JD,
3:22-cv-02746-JD

1  quotation marks omitted).  In contrast, this Court requires a "lesser showing of 'good cause'" for
2  "[f]ilings that are only tangentially related to the merits." *See id.* (citation omitted).  I also understand
3  that where a non-party seeks to preserve the confidentiality of its information by filing a declaration
4  in support of a party's sealing motion, one of these standards will apply, depending on the relationship
5  of the party's underlying filing to the merits of the case.  *See* Civil L.R. 79-5(f)(3) (incorporating
6  requirements of 79-5(c)(1)).

7        6.      There can be no dispute that the lesser "good cause" standard applies here, where
8  Defendants' Filings involve a discovery dispute that is at best only tangentially related to the merits
9  of the case.  *See Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 5520771, at *6 (N.D. Cal.
10 Aug. 24, 2023) (applying the "good cause sealing standard" to "documents . . . related to discovery
11 disputes," and noting that "discovery-related motions are [generally] reviewed under the good cause
12 standard"); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016)
13 ("Applying the good cause standard . . . as an exception for discovery-related motions makes sense,
14 as the private interests of litigants are the only weights on the scale.") (citation and internal quotation
15 marks omitted).  In any event, even the stricter "compelling reasons" standard is met where the subject
16 of the sealing request is a "source[] of business information," the disclosure of which "might harm a
17 [non-party's] competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotation
18 marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

19       7.      Activision Blizzard is a global developer and publisher, whose business is to develop,
20 publish, and distribute high-quality interactive entertainment content and services and deliver
21 engaging entertainment experiences to users worldwide.  Maintaining the confidentiality of
22 Activision's Blizzard's business strategy and deal terms was—and continues to be—paramount to
23 Activision Blizzard's ability to compete and success.  Thus, Activision Blizzard has a legitimate
24 interest in preserving the confidentiality of its information.

25       8.      The Activision Blizzard information contained in Defendants' Filings includes highly
26 confidential business information of Activision Blizzard, the disclosure of which would result in
27 serious competitive harm.

28       9.      This information, in part, relates to specific terms of Activision Blizzard's partnership

with Google and contains highly confidential information relating to Activision Blizzard's business strategy. I understand that the existence of Activision Blizzard's underlying partnership with Google has been made public during the course of this litigation, but Defendants' Filings go beyond just the existence of the partnership, and include *specific details* about this partnership that are not—and should not be—public.

10.  The representations in Defendants' Filings thus contain highly confidential and competitively sensitive information relating to Activision Blizzard's business strategy and performance, which would result in serious competitive harm if disclosed. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "*compelling reasons*" for sealing "highly confidential information, including . . . business decision-making . . . belonging to [] a third-party non-party to th[e] action") (emphasis added); *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting sealing request for third-party documents where they "contain[ed] . . . competitive information that could cause damage to the third parties if made public").

11.  This information was appropriately designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the operative protective order in this case. *See* ECF No. 248.

12.  The disclosure of Activision Blizzard's highly confidential information contained in Defendants' Filings would significantly harm Activision Blizzard's business. For example, Activision Blizzard's competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—to which they otherwise would not have access—to inform their own business strategies. *See Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law, . . . [] reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."). Indeed, the specifics of Activision Blizzard's partnership with Google could be used as a bargaining chip by Activision Blizzard's competitors in their negotiations with Google or a similarly situated counterparty.

13.  Preventing these competitive harms requires sealing of the Activision Blizzard

information in Defendants' Filings. There is no less restrictive alternative, as sealing is the only means of preserving the sanctity of Activision Blizzard's highly confidential, non-public, and competitively sensitive information. Absent sealing, Activision Blizzard's competitors will undeservingly have access to this information.

14. The excerpts from Defendants' Filings that Activision Blizzard hereby seeks to seal, with the reasons for each request, are set forth below:

| Location of Reference in Defendants' Filings | Reason for Sealing |
| --- | --- |
| Ex. 8 to the Declaration of Jonathan Kravis (ECF No. 643-9) at:<br>• p. 128, lines 19–22<br>• p. 129, line 19<br>• p. 129, line 22 | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on October 12, 2023 in _____.

By: *Page Robinson*
Page Robinson
Activision Blizzard, Inc.