Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
Rebecca L. Sciarrino, S.B. # 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO SEAL MATERIALS SUBMITTED IN CONNECTION WITH PLAINTIFFS' REPLY ISO PLAINTIFFS' PROPOSED SANCTION RE CHATS**<br><br>Judge: Hon. James Donato |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to seal limited portions of Plaintiffs' Reply In Support of Plaintiffs' Proposed Sanction Re Chats ("Reply") and supporting documents.  Plaintiffs filed papers in support of their Reply (MDL Dkt. No. 672); and an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (MDL Dkt. No. 673) on October 12, 2023.  This Administrative Motion to File Under Seal is supported by the Declaration of Christian Cramer ("Cramer Decl.") and the Proposed Order submitted herewith.

## LEGAL STANDARD

The Ninth Circuit has held that "[t]wo standards generally govern motions to seal documents." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).  "First, a 'compelling reasons' standard applies to most judicial records." *Id.* at 677-68.  Under that standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Second, the Ninth Circuit has "carved out an exception" for sealed materials attached to motions and supporting materials that are only "tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016).  In those circumstances, "a less exacting 'good cause' standard" applies. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (quoting *Pintos*, 605 F.3d at 678).

"[T]he public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1179).  With non-dispositive documents, "the usual presumption of the public's right of access is rebutted[,]" as those materials "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted).  Thus, a party seeking to seal non-dispositive materials "need only satisfy the less exacting 'good cause'

1    standard" derived from Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety*, 809 F.3d at

2    1097; *see* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a

3    party or person . . . ."). The good cause standard requires the moving party to show, "for each

4    particular document it seeks to protect, . . . that specific prejudice or harm will result" if the court

5    does not issue a protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130

6    (9th Cir. 2003). "If a court finds particularized harm will result from disclosure of information to

7    the public, then it balances the public and private interests to decide whether a protective order is

8    necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.

9    2002).

10                                        **ARGUMENT**

11          The "less exacting" good cause standard applies here because Plaintiffs' briefing and

12   supporting papers relate to the non-dispositive issue of what remedy the Court should impose

13   relating to Google's document preservation obligations. This Court has, in fact, made explicit

14   that any remedy it adopts will be non-dispositive: while Plaintiffs will be permitted to present

15   evidence on chats at trial, "[t]his antitrust case will not be decided on the basis of lost Chat

16   communications." ECF No. 469 at 19. Therefore the "good cause" sealing standard applies here

17   and Google must only demonstrate the "specific prejudice or harm" that will result from the

18   public disclosure of the limited materials subject to this sealing motion. *Foltz*, 331 F.3d at 1130.

19          As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is

20   published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th

21   Cir. 2008). Even where a case has "generated an extraordinary amount of public interest," "it

22   does not necessarily follow that the public has a legally cognizable interest in every document

23   filed." *Apple, Inc., v. Samsung Elec. Co., Ltd.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013).

24   Nevertheless, recognizing that there is a presumption in favor of access to court papers, Google

25   focuses this narrow sealing request on specific, highly negotiated, and non-public deal terms of a

26   current and operative contract with a non-party, the terms of which are not challenged by

27   plaintiffs in this litigation. Courts in this Circuit have granted sealing motions where, like here,

28

the material to be disclosed includes "terms of confidential contracts,"[1] "contract negotiations,"[2] and "business information that might harm a litigant's competitive standing."[3]

Indeed, courts consistently hold these categories of information may be sealed, even under the more rigorous "compelling reasons" standard. *See, e.g.*, *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") (citation omitted); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (protecting competitive terms of a license agreement "which plainly falls within the definition of 'trade secrets'" because it provides "an opportunity to obtain an advantage over competitors who do not know or use it"); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (permitting sealing of a "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *Ovonic Battery v. Sanyo Elec. Co., Ltd.*, Case No. 14-cv-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) ("Our circuit allows parties to seal pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement even under the 'compelling reasons' standard because that business information could 'harm a litigant's competitive standing.'") (quoting *Electronic Arts*, 298 F. App'x at 569).

Plaintiffs are gratuitously using their Reply brief on the issue of the preservation of chats as a vehicle for publicly revealing the terms of Google's current agreement with a non-party to this litigation. Moreover, plaintiffs have not even challenged this agreement in this litigation. Indeed, the point Plaintiffs are purporting to make by citing and attaching this agreement to their Reply is that it was amended in July 2021 and that it is still current. *See* Reply at 10-11. But Plaintiffs could readily make that argument without publicly disclosing the highly-negotiated terms of this agreement, the disclosure of which will result in competitive harm to Google.

---

[1] *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).
[2] *Id.*
[3] *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013).

1    Moreover, the public does not benefit from access to this agreement because it is not being

2    challenged in this case.  *See Apple*, 727 F.3d at 1226 (overturning the district's denial of Apple's

3    motion to seal information that "is not necessary to the public's understanding of the case," and

4    where "the public therefore has minimal interest in [the] information").

5          As discussed in detail in the declaration herewith, public disclosure of this information

6    will cause severe and irreparable harm to not only Google's business relationships and its

7    competitive position, but also that of Google's business partner – who is not a party to this

8    lawsuit.  Specifically, Google requests to keep the following limited material under seal:

9         • **Specific Deal Terms of Contracts with Non-Parties That Have Marginal**

10        **Relevance.** Plaintiffs cite and quote commercially sensitive and non-public

11        negotiated terms of Google's current and operative Search related agreement with

12        non-party Apple (*see* Paragraphs 9 and 10 of the Cramer Decl.).  The plaintiffs in this

13        litigation have not challenged this agreement.  Recognizing the harm that public

14        disclosure of these sensitive and highly negotiated agreements would cause Google

15        and its business partners, a federal court hearing a trial concerning this agreement has

16        agreed to seal the court and redact portions of trial transcripts containing testimony on

17        terms of this agreement.[4]  *See US et al. v. Google LLC*, 1:20-cv-03010-APM (D.D.C.

18        Oct. 4, 2023), Trial Transcript at 4368:4-13 ("Google has asked that specific deal

19        terms be kept under seal. And what I mean by "specific deal terms," I mean the actual

20        terms of the [Apple] deal, that is, the deals that are not only of recent history but those

21        that are going forward. I have agreed to do that…because…if disclosed could create a

22        public disadvantage, competitive disadvantage for Google and any future negotiations

23        with potential partners."); *see also US et al. v. Google LLC*, 1:20-cv-03010-APM

24        (D.D.C. Sep. 21, 2023), Trial Transcript at 2177:10-2178:10 (ordering the court

25

26

27   [4] Additionally, on September 25, 2023, non-party Apple Inc. filed a statement in support of preventing the disclosure of these terms in open court in that case. *See US et al. v. Google LLC*, 1:20-cv-03010-APM (D.D.C. Sep. 25, 2023) (Dkt. No. 717).

28

1   sealed when the terms of these agreements are discussed by the parties and/or

2   witnesses).

3   The specific terms of the agreement at issue here do not further the public's

4   understanding of the issues in this case or in Plaintiffs' briefing regarding chats.  Rather, the

5   public disclosure of this agreement risks irreparable competitive harm to Google and gives

6   Google's competitors an unfair economic and business advantage by gaining access to non-

7   public, confidential, and highly negotiated deal terms.  Moreover, the inclusion of the highly

8   sensitive, confidential deal terms that Plaintiffs gratuitously seek to publicize (without any need

9   or basis), and that Google respectfully seeks to seal, have no bearing on the issues in this case.

10   **CONCLUSION**

11   Google respectfully requests that the Court seal the narrow material identified in the

12   accompanying Declaration of Christian Cramer.

13

14   Dated:  October 19, 2023                                    Respectfully submitted,

15                                                             By:    /s/ *Minna L. Naranjo*
                                                                        Minna L. Naranjo

16

17                                                             **MORGAN, LEWIS & BOCKIUS LLP**
                                                                 Minna Lo Naranjo
18                                                               Brian C. Rocca
                                                                 Sujal J. Shah
19                                                               Michelle Park Chiu
                                                                 Rishi P. Satia
20

21                                                             **MUNGER TOLLES & OLSON LLP**
                                                                 Glenn D. Pomerantz
22                                                               Kuruvilla Olasa
                                                                 Emily C. Curran-Huberty
23                                                               Dane Shikman
                                                                 Rebecca Sciarrino
24                                                               Jonathan I. Kravis
                                                                 Justin P. Raphael
25                                                               Kyle W. Mach
26

27                                                             *Counsel for Defendants*

28